

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TRADING TECHNOLOGIES INTERNATIONAL, INC., | ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) ) | No. 04 C 5312 |
| eSPEED, INC., | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Trading Technologies International, Inc., brought this patent infringement action against defendant eSpeed, Inc., claiming that defendant has infringed two of its patents, U.S. Patent Nos. 6,766,304 (the '304 patent) and 6,772,132 (the '132 patent), which both relate to computer software used for electronic trading in the futures market. Defendant filed a motion to compel, asking the court to order plaintiff to answer specific interrogatory questions and to provide certain documents. Plaintiff also filed a motion to compel, seeking responses to subpoenas issued to third parties and requesting working copies of defendant's allegedly infringing software. Those motions were filed several months ago and the parties agree that specific discovery issues are now ripe for decision. For the following reasons, both plaintiff's and defendant's motions are granted.

The motions to compel were filed during the period leading up to a preliminary injunction hearing, and during that time discovery was limited to the issues presented at that hearing (Preliminary Injunction Discovery Order, Sep. 20, 2004). The arguments presented in the motions to compel reflect the tailored scope of discovery, but, with the hearing behind

us, the current scope of discovery is not so narrow. Neither party has submitted additional briefing on other matters, and, therefore, we assume that their current positions are consistent with those asserted prior to the preliminary injunction ruling.

Under FED. R. CIV. P. 26(b)(1) "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Information need not be admissible at trial; it is sufficient if the discovery request "appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* Discovery encompasses matters that actually or potentially affect any issue in the litigation. *See* Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). If the discovery appears relevant, the party objecting to the discovery request bears the burden of showing why that request is improper. Rubing v. Islamic Republic of Iran, 349 F. Supp. 2d 1108, 1111 (N.D. Ill. 2004). There is a strong policy for a "broad type of discovery and duty of full disclosure" in patent cases, in order to educe the "maximum amount of evidence" (Natta v. Zletz, 405 F.2d 99, 100 (7th Cir. 1968)), but the right to discovery does have "ultimate and necessary boundaries." Hickman v. Taylor, 329 U.S. 495, 507 (1947). The court has broad discretion in matters relating to discovery, including whether to grant a motion to compel. Sattar v. Motorola, Inc., 138 F.3d 1164, 1171 (7th Cir. 1998); Gile v. United Airlines, Inc., 95 F.3d 492, 495-96 (7th Cir. 1996).

Defendant's Motion to Compel

Defendant first argues that plaintiff's response to Interrogatory No. 4 is inadequate and it seeks to compel a more complete answer to that question, which asked when and under what circumstances plaintiff conceived of and reduced its inventions to practice. Defendant

contends that this information[1] is relevant to its defenses, specifically those claiming that plaintiff's invention was obvious and anticipated in light of prior art. In its response to Interrogatory No. 4 plaintiff cites Rule 33(d), which allows a party to answer an interrogatory question by specifying and making available certain business records that are responsive to the question. Plaintiff further contends that it has provided a complete response[2] and also that defendant has deposed the three principal inventors, and has thus had ample opportunity to obtain the information it seeks. Defendant argues it cannot derive the information it seeks from the business records plaintiff has produced, and also that plaintiff's answer is incomplete because it does not foreclose the existence of other significant dates.

Defendant has raised a prior art and a public use defense, and dates when plaintiff conceived the invention and reduced it to practice are relevant to those defenses. In the preliminary injunction order, the court failed to find some likelihood that the invention was commercially exploited prior to the critical date of March 2, 1999. Further, defendant failed to provide prior art that contained both a static price column and a single-action order entry feature. Nevertheless, defendant may still raise prior art and public use defenses, and the preliminary injunction order did not shut the door to discovery on those issues. Plaintiff's answer to Interrogatory No. 4 does provide dates, but it does so at a level of generality that is insufficient in light of subsequent documents, such as the affidavits submitted by Jay Twery, which help create a more specific and detailed time line. In its answer, plaintiff responds that

---

[1] The information defendant seeks includes documents that reflect the development of the software, notes created during the development process, and software code that shows plaintiff actually developed its invention.

[2] In its response to Interrogatory No. 4 plaintiff stated that the subject matter of some of the claims were conceived in September 1998, that an experimental model was developed in March 1999, and commercial versions of the product were released in August 2000.

"at least some" of the claims were conceived in September 1998, and that "at least one" constructive reduction to practice was the filing of a patent application, but that wording begs the question: what about other dates? And, if plaintiff invokes the Rule 33(d) option, then according to that rule it must "specify the records from which the answer may be derived or ascertained," and if no records exist, then plaintiff's invocation of the rule is improper.

Plaintiff is ordered to supplement its answer to Interrogatory No. 4 with documents that sufficiently show when and under what circumstances it conceived its invention and reduced it to practice.

In Interrogatory No. 5 defendant asks plaintiff for information about plaintiff's diligence in reducing its invention to practice, and contends that this information is relevant to the issues of irreparable harm and the validity of plaintiff's patents. In its reply motion defendant adds that this information is relevant to its prior art and public use defenses. Defendant argues that plaintiff's response is insufficient because it consists of boilerplate objections and unsupported reliance on Rule 33(d), as defendant has not, according to plaintiff, produced any documents from which its diligence in reducing the inventions to practice can be ascertained. In response, plaintiff asserts that it has provided a complete answer and also posits that the information is not relevant because defendant does not bring a prior art defense. The latter point may have been correct when the motions to compel were filed, but it cannot be maintained now. Plaintiff has not provided a complete answer to Interrogatory No. 5. It stated that information could be derived from "various other documentation," which is vague and insufficient, particularly for the purposes of Rule 33(d).

Interrogatory No. 5 undeniably overlaps with No. 4, and plaintiff must supplement its response to No. 5 to the extent that it must add to its answer to No. 4. We do note that the

information that defendant seeks is not relevant to irreparable harm, an issue that was central to the preliminary injunction. Instead, that information may help establish when plaintiff reduced the invention to practice, which is relevant to the public use defense, and what information plaintiff relied on as it reduced that invention to practice, which is relevant to the prior art defense.

Defendant also moves to compel production of documents, specifically plaintiff's pending patent applications and documents relating to plaintiff's acquisition of a foreign patent. Plaintiff stated that it would produce all responsive non-privileged documents relating to those issues, but it has apparently failed to do so. For the reasons set forth below, plaintiff is ordered to produce the requested documents.

Plaintiff contends that production of its patent applications would disclose confidential information and that defendant's request is merely a fishing expedition. Documents relating to patent applications, including pending and abandoned applications, are relevant because they may shed light on proper claim interpretation of the patents in suit. Microsoft Corp. v. Multi-Tech Sys., Inc., 357 F.3d 1340, 1349-50 (Fed. Cir. 2004); Tristrata Tech., Inc. v. Neoteric Cosmetics, Inc., 35 F. Supp. 2d 370, 372 (D. Del. 1998). The parties are competitors in the marketplace, a factor favoring secrecy (Central Sprinkler Co. v. Grinnell Corp., 897 F. Supp. 225, 227 (E.D. Pa. 1995)), but the interest in properly construing the claims outweighs the interest in secrecy. Other than mentioning its interest in secrecy, plaintiff fails to specify the nature of the burden it would shoulder in producing these documents. The court emphasizes its confidence in the protective order, and its continued force in safeguarding the confidential information involved in this litigation. *See* Tristrata Tech., 35 F. Supp. 2d at 372; Cordis Corp. v. SciMed Life Sys., 982 F. Supp. 1358, 1364-65 (D. Minn. 1997). The protective order

does not allow defendant to obtain any discovery it wants, as plaintiff complains it does; instead, it protects the confidentiality of information that defendant is entitled to receive, and thus addresses plaintiff's interest in secrecy.

The scope of defendant's request may be tailored so as to further protect plaintiff's interests in confidentiality. Plaintiff need only produce the portions of pending patent applications that relate to or refer to the '304 and '132 patents, and the claims made in those patents, particularly those that defendant argues are disclosed in prior art. Defendant's request for all patent applications "relating to electronic trading devices or methodologies" is too broad, as it may net applications that do not reference any aspect of either the '304 or '132 patents. Plaintiff is therefore ordered to produce the relevant portions of its patent applications that refer to the patents-in-suit.

Defendant next argues that documents relating to plaintiff's acquisition of foreign patent application WO 01/16852 is relevant to its prior art defense. At his deposition, Harris Brumfield, plaintiff's CEO, testified that he first saw WO 01/16852 during the prosecution of the patents-in-suit, and shortly thereafter he purchased it on behalf of plaintiff. According to plaintiff, WO 01/16852 may be prior art and relevant, but documents related to the acquisition are irrelevant. Documents related to the purchase of WO 01/16852 may explain plaintiff's reasons for acquiring the patent – motives that may be relevant to defendant's prior art defense. Here, defendant is seeking to flesh out a pattern of facts related to its defense, and discovery is proper. <u>Micro Motion, Inc. v. Kane Steel Co.</u>, 894 F.2d 1318, 1326 (Fed. Cir. 1990). If WO 01/16852 can be depicted as prior art, then plaintiff is ordered to produce documents related to its acquisition.

## Plaintiff's Motion to Compel

In its motion to compel, plaintiff seeks working samples of defendant's software, and also responses to subpoenas issued to Steve Brucato and his company, Catus Technologies (Catus). For the following reasons, plaintiff's motion is granted.

Plaintiff requested working samples of defendant's futures trading product and another product called the AutoSpeed Basis Spreader, but, instead of providing those samples, defendant made the software available at its attorneys' offices. Plaintiff did go to those offices to observe the software programs in action, but it was apparently monitored by a member of defendant's attorneys' firm. Defendant does not provide any reason why it would be unduly burdensome to provide a copy of the software, and it instead argues that it does not have to provide the software to plaintiff because plaintiff has not given it a working copy of its software. But Rule 26 does not condition the production of information on *quid pro quo* exchanges. Also, while defendant may feel that plaintiff spent sufficient time with the software, plaintiff argues that it requires additional time free from supervision, which it is entitled to receive. The protective order will ensure that the software is seen only by plaintiff's attorneys, and defendant may take additional precautions, such as password protection, if it so chooses.

Plaintiff is also entitled to receive full and complete responses to the subpoenas it issued to Brucato and Catus. Before forming Catus, Brucato was plaintiff's chief technology officer and vice-president of engineering, and in that capacity he acquired knowledge of plaintiff's commercial product, the MD_Trader. Defendant hired Catus as a consultant, and plaintiff believes that this was done so defendant could ascertain details about plaintiff's technology and products. According to a written agreement between Catus and defendant, Catus was to

"produce gateway interface services" to the Chicago futures electronic trading systems, and also "produce a gap analysis document outlining functional differences between the eSpeed trading GUI and those provided by other ISVs for the Futures markets." Defendant contends that neither Brucato nor Catus are required to respond to the subpoenas because they did not compare defendant's software with that of any other vendor and thus possess no knowledge as to any issue relevant to the litigation. Plaintiff need not take defendant at its word, particularly when the agreement charged Catus with analyzing the GUIs used by other vendors in the futures markets. This, then, is not an instance where the party seeking discovery is guided by only speculation and surmise. Micro Motion, 894 F.2d at 1326 ("discovery may be denied where, in the court's judgment, the inquiry lies in a speculative area."). Brucato and Catus are therefore ordered to respond to the subpoenas issued by plaintiff as to all matters relevant to this litigation.

## CONCLUSION

For the foregoing reasons, both plaintiff's and defendant's motions to compel are granted.

JAMES B. MORAN
Senior Judge, U. S. District Court

April 28, 2005.