IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRADING TECHNOLOGIES INTERNATIONAL, INC., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) No. 04 C 5312<br>) |
| eSPEED, INC., | )<br>) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

On August 12, 2004, plaintiff brought this action claiming that defendant's software infringed its patents. After intensive accelerated discovery, extensive briefing, and tutorials, this court ruled on the preliminary injunction on February 9, 2005. Two weeks later, on February 23, 2005, plaintiff filed <u>Trading Technologies International v. REFCO Group Ltd., LLC</u>, (REFCO), 05 C 1079, alleging infringement of the same patents by another company. The case was assigned to Judge Wayne Andersen. Plaintiff moves, pursuant to Local Rule 40.2, for reassignment of 05 C 1079 to this court. That motion is, for now, denied.

The cases involve the same property. They are both pending in the Northern District of Illinois. But, after that, things get rather muddy. The handling of both cases by the same judge may likely result in a substantial saving of judicial time and effort. The cases have common validity issues, and this court has to some extent already dealt with them, although how the defendants approach those issues may somewhat differ. Plaintiff points out that we have construed the claims, but that was not a <u>Markman</u> determination; rather, it was a preliminary determination incident to the preliminary injunction motion. Even so, this court

does have a head start on that issue, even though eSpeed, Inc. can still be heard and REFCO has yet to be heard at all. Perhaps we have a head start on the infringement issue, but we are unfamiliar with REFCO's product.

On the other hand, the most immediate dispute in 05 C 1079 involves defendants' counterclaims. REFCO (presently several REFCO entities are defendants, but we ignore that distinction because it is, for present purposes, irrelevant) is a licensee of plaintiff, and it is vigorously opposing plaintiff's termination of those licenses. It claims that plaintiff is in breach of contract and attempting to obtain monopoly control for this kind of software by hitching continuation of the licenses to acceptance of plaintiff's proposal of a five cents override on every transaction, permanently, whether or not the trader uses any of plaintiff's technology. It is a rather novel proposal – if a trader has to pay an override regardless, he has every incentive to use plaintiff's software rather than pay plaintiff and also someone else to use that person's software. Plaintiff contends the termination is because REFCO is infringing its patent (including, possibly, by some use of eSpeed software), and therefore construction of the claims is implicated. We doubt that; we have no reason to believe that REFCO contends that plaintiff does not have a good faith belief that REFCO is infringing its patents. The license dispute is not something that is present in 04 C 5312, and we doubt that its resolution by Judge Andersen will substantially increase judicial time and effort.

The major impediment to a finding of relatedness is that 05 C 1079 is just getting started. Apparently settlement efforts delayed prosecution until April 25, 2005, just a few days ago. The dimensions of that lawsuit remain unclear. In the meantime, 04 C 5312 has been hotly contested since last August. At a status on June 7, 2005, it may be possible to close discovery, and the parties have talked about a fall trial. Perhaps the timing will change so that

reassignment makes sense. We are also mindful that still more lawsuits are undoubtedly waiting in the wings. It may be that it may make more sense to let 04 C 5312 proceed to conclusion and have it as the bellwether case. But it is just too early to tell. In those circumstances, we are reluctant to find relatedness immediately on the motion of a party who has had some favorable rulings in the earlier case. There is lurking here a possible forum-shopping aspect to the whole thing.

JAMES B. MORAN
Senior Judge, U. S. District Court

May 5, 2005.