# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| Trading Technologies International, Inc., <br> Plaintiff, <br> vs. <br> eSpeed, Inc., eSpeed International, Ltd., <br> Ecco LLC, and Ecco Ware Ltd., <br> Defendants. | ) ) ) ) ) ) ) ) | No. 04 C 5312 <br> Judge Moran |
| Trading Technologies International, Inc., <br> Plaintiff, <br> vs. <br> GL Consultants, Inc. and GL Trade SA, <br> Defendants. | ) ) ) ) ) ) ) | No. 05 C 4120 <br> Judge Gottschall |
| Trading Technologies International, Inc., <br> Plaintiff, <br> vs. <br> FuturePath Trading, LLC, <br> Defendant. | ) ) ) ) ) ) ) | No. 05 C 5164 <br> Judge Shadur <br><br> All Cases Assigned to Judge <br> Moran For Common Issues |

## MEMORANDUM OPINION AND ORDER

GL Trade Americas, Inc., and Future Path Trading, LLC (GLFP), move to compel discovery from plaintiff. Before we deal with the specific issues, a few observations about discovery generally, and discovery in this case, may be helpful.

The discovery process in federal court is, ultimately, a balancing act. The likelihood that relevant evidence will be discovered has to be balanced against the expense and effort occasioned by the discovery. It is not about finding the last of all relevant materials, regardless of expense and effort. Discovery is a means for determining the truth, not an end in itself. Indeed, in criminal cases where liberty, not just money, is at stake, discovery is much circumscribed. Further, the discovery process depends upon the good faith of the parties and their counsel. Sometimes, fortunately not very often, a party will deliberately fail to disclose materials that contradict or undermine that party's position. More often, reasonably complete

discovery requires some prodding – the party is loath to expend the effort or seeks to use delays as a bargaining chip in getting discovery from others, or is anxious about what full discovery might disclose. Generally, however, we are convinced that litigants, represented by ethical counsel, recognize their obligations and act accordingly. Therefore, courts customarily rely upon the representations of counsel that the party has complied. That does not mean that such a report is always wholly accurate. Particularly when discovery has been very extensive it is not uncommon for a stray document or data item to turn up from an unexpected location at a later time, and then be turned over.

Discovery has been and will be extensive in these cases. It is virtually complete in one and has a considerable way to go in others, although written discovery should be winding down. But for disputes about the scope of protective orders, discovery has proceeded for the most part for most of the parties without significant controversy. Of the alleged infringers, only GLFP has questioned TT's good faith in complying with discovery requests, is insistent that much more discovery should be forthcoming, and, indeed, seeks information not sought by others.

That having been said, we turn to the deficiencies claimed by GLFP. The first three relate to the prosecution of plaintiff's patents. That subject is relevant to the Markman hearing scheduled for August 16, 2006. But TT has represented that it has produced all the communications with the U.S. Patent and Trademark Office, of which it is aware; the Foley, Lardner firm has done the same, and plaintiff has, indeed, directly contacted the Patent Office to assure, insofar as possible, that the prosecution history is complete. And that is enough. We are also satisfied with plaintiff's response to the other two claimed deficiencies relating to patent prosecution. The motion to compel is denied as to those three claimed deficiencies.

The other nine claimed deficiencies appear to have little or no relevance to the Markman hearing, with one possible exception.[1]

Despite the voluminous briefing on the subjects, we are unclear about what, if anything, remains in dispute. But that can wait. We suggest that TT, Foley & Lardner and GLFP, before the next status, submit <u>brief</u> summaries of what they each believe remains in dispute, and we can work it through at the conclusion of the status. We see no reason for any additional protracted briefing or written determinations by the court – and some very good reasons why that should not happen.

                                                                     JAMES B. MORAN
                                                          Senior Judge, U. S. District Court

July 18, 2006.

---

[1] GLFP has pending in the District of Columbia a motion to compel enforcement of a subpoena issued to Foley & Lardner LLP. That motion is not, technically, before this court, although we have expressed the view that in the converse situation, enforcement here regarding a case elsewhere, our practice is to ask the court where the case is pending to provide recommendations, which we invariably follow. We agree with TT that Federal Circuit law controls, since the issues bear an essential relationship to patent law, as distinguished from general contract law. <u>In re Spalding Sports v. Worldwide, Inc.</u>, 203 F.3d 800, 803 (Fed.Cir. 2000). We note that Foley & Lardner has represented that it has provided all communications with the U.S. Patent and Trademark Office, and that material from TT not privileged presumably has been produced by TT. We have no doubt that legal advice recorded on a document in the files is not discoverable, even though it may have been communicated orally or in some other document. On the other hand, privilege attaches to communications, not facts, and if, for example, the client refers to other patents as possible prior art, the existence of that prior art must be disclosed as part of general discovery. <u>See</u> <u>Vallone v. CNA Financial Corp.</u>, 2002 WL 1726524 (N.D.Ill. 2002). Thus, while we do not now rule on the motion, we doubt that its outcome will affect the Markman determination in any respect.