

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Trading Technologies International, Inc., )
)
        Plaintiff, )
)
vs. )
) No. 04 C 5312
)
eSpeed, Inc., eSpeed International, Ltd., )
Ecco LLC, and Ecco Ware Ltd., )
)
        Defendants. )

## MEMORANDUM OPINION AND ORDER

The briefing related to plaintiff's motion to compel has been rather extensive and over an extended period of time. Still, when one reviews what is in dispute, one is left with the impression that this is, largely, tail-end discovery, without a great deal left to do. Nevertheless, we consider each of the areas in dispute.

The first area relates to privilege. eSpeed apparently believes plaintiff is claiming defendant waived privileges. Not so. Plaintiff claims that it is entitled to non-privileged material. In the absence of a privilege log we are not quite sure what defendant is withholding. From the tenor of the argument we are relatively confident that plaintiff has the stronger position. If there are documents relating to redesign that were distributed to others, as well as the attorney, they seldom acquire a privilege. To be sure, a specific request for legal advice and any responses by an attorney customarily are privileged, but that does not extend to documents where an attorney is just one of the persons in the information loop. Finally, eSpeed is obligated to produce the "less significant" Cantor FITs documents and it has agreed to produce the file histories relating to the redesigned versions.

The second area relates to damages. Documents previously withheld because of a pending bifurcation motion should now be produced. eSpeed represents that responsive

documents in some instances have been produced and in others do not exist. Plaintiff's reply indicates that eSpeed is, perhaps disingenuously, reading plaintiff's requests too narrowly and, therefore, finding that no responsive documents exist. If eSpeed has documentation related to plaintiff's damages discovery requests – for example, trading volume and transactional data using the eSpeed and Ecco software, regardless of the specific screen used to enter the trade – such data must be produced. This applies equally to the invoices, license and use agreements, and financial documents regarding the eSpeed and Ecco software. If, however, defendant has produced everything responsive to the damages discovery requests, representation of such is sufficient. The real area of dispute appears to relate to eSpeed's reliance on Rule 33(d). As best we can determine, eSpeed's defense is an offense – plaintiff has failed to specify its damages theory. We are unsure about the latter; it is our understanding plaintiff seeks reasonable royalty recovery – and defendant is entitled to be told. In any event, however, eSpeed is required to specify the documents upon which it relies, to the extent it has not already done so.

The last area relates to Rule 30(b)(6) depositions. eSpeed represents that it is prepared to produce such a witness "in response to TT's August 5, 2005, 30(b)(6) notice regarding damages." Perhaps that ends the matter, although the dispute last spring seemed to focus on testimony respecting the GL Trade Pad. We are unsure where that has been left and, accordingly, do not comment on it.

JAMES B. MORAN
Senior Judge, U. S. District Court

Dec 19 , 2006.