IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Trading Technologies International, Inc., )
                                                )
                Plaintiff,          )
                                                )
          vs.                          )      No. 04 C 5312
                                                )
eSpeed, Inc., eSpeed International, Ltd., )
Ecco LLC, and Ecco Ware Ltd.,         )
                                                )
                        Defendants.  )

## MEMORANDUM OPINION AND ORDER

Plaintiff Trading Technologies seeks to compel the production of documents and answers to interrogatories regarding eSpeed patent licenses. Plaintiff's request results from eSpeed's objections to TT's eighth set of document requests and fifth set of interrogatories. eSpeed objects to plaintiff's requests, asserting that such discovery is irrelevant.[1] We find plaintiff's argument persuasive and grant plaintiff's motion to compel.

Federal Rule of Civil Procedure 26(b)(1) permits discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party.... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." As we have previously noted in this case, there is a strong policy for a "broad type of discovery and duty of full disclosure" in patent cases (Natta v. Zletz, 405 F.2d 99, 100 (7th Cir.1968)), but the right to discovery does have "ultimate and

---

[1] Plaintiff briefly argues that by earlier asserting an objection to these requests based on defendants' pending motion to bifurcate, eSpeed conceded the relevance of plaintiff's requests. We disagree. While eSpeed did object based on its bifurcation motion, it also objected to the discovery on the grounds that it was not reasonably calculated to lead to the discovery of admissible evidence. That is enough to preserve defendants' relevance objection.

necessary boundaries." Hickman v. Taylor, 329 U.S. 495, 507 (1947). Over the course of the several years this case has been before this court, we have noted that discovery will be extensive and that, generally, the parties should liberally produce discovery.

In the current dispute plaintiff argues that it is entitled to discover documents and information related to eSpeed's Wagner and Lawrence patent licenses because such information is relevant to determining damages. Plaintiff correctly points to Georgia-Pacific Corp. v. U.S. Plywood Corp., 318 F.Supp. 1116 (S.D.N.Y.1970), modified, Georgia-Pacific Corp. v. U.S. Plywood-Champion Papers, Inc., 446 F.2d 295 (2d Cir.1971), which set forth fifteen factors to consider in determining the amount of a reasonable royalty for patent damages. The Georgia-Pacific factors have since been approvingly cited by the Federal Circuit. See, e.g., SmithKline Diagnostics, Inc. v. Helena Laboratories Corp., 926 F.2d 1161, 1168 (Fed.Cir.1991). Plaintiff argues that discovery of eSpeed's patent licenses is relevant to three of those factors: Number 2: "The rates paid by the licensee for the use of other patents comparable to the patent in suit;" Number 12: "The portion of the profit or of the selling price that may be customary in the particular business or in comparable businesses to allow for the use of the invention or analogous inventions;" and Number 15: "The amount that a licensor (such as the patentee) and a licensee (such as the infringer) would have agreed upon (at the time the infringement began) if both had been reasonably and voluntarily trying to reach an agreement; that is, the amount which a prudent licensee – who desired, as a business proposition, to obtain a license to manufacture and sell a particular article embodying the patented invention – would have been willing to pay as a royalty and yet be able to make a reasonable profit and which amount would have been acceptable by a prudent patentee who was willing to grant a license." Georgia-Pacific, 318 F.Supp. at 1119-20.

We agree. While <u>Georgia-Pacific</u> does indicate that the patents to which we may look to determine a reasonable royalty rate must be "comparable," courts have often interpreted this factor broadly. See <u>Mobil Oil Corp. v. Amoco Chems. Corp.</u>, 915 F.Supp. 1333, 1354 (D.Del.1994); <u>Procter & Gamble Co. v. Paragon Trade Brands, Inc.</u>, 989 F.Supp. 547, 607-08 (D.Del.1997). While eSpeed's patents do not relate to graphical user interfaces or order entry for electronic trading, they do relate to the futures trading industry, and therefore, may be of assistance in determining a reasonable royalty rate. See 7 CHISUM ON PATENTS § 20.03[3][b][ii] (courts will look to the licensing customs in the industry to determine reasonable royalty rates); <u>Panduit Corp. v. Stahlin Bros. Fibre Works, Inc.</u>, 575 F.2d 1152, 1164 (6th Cir. 1978) (customary profit allowed licensees in the electrical duct industry would be necessary to the determination of a reasonable royalty).

If, as defendants contend, the patents at issue are not comparable and will not give any indication of what the patents-in-suit would be worth, they will not carry weight in the final determination. See <u>Georgia-Pacific</u>, 318 F.Supp. at 1138 ("Because there is no sound basis for a meaningful comparison, the amounts of the royalties payable under the foreign licenses do not carry any significant weight with respect to the issue of a reasonable royalty between USP and GP"). But defendants are getting ahead of themselves. We are currently dealing with discovery, not the admission or weight of any evidence, and plaintiff has failed to point us to any court that has limited such discovery.[2]

---

[2] Defendants cited <u>Integra Lifescience I, Ltd. v. Merck KgaA</u>, 331 F.3d 860 (Fed.Cir.2003), *vacated on other grounds*, <u>Merck KgaA v. Integra Lifesciences, I, Ltd.</u>, 545 U.S. 193 (2005), <u>Utah Med. Prods. Inc. v. Graphic Controls Corp.</u>, 350 F.3d 1376 (Fed.Cir.2003), <u>Bose Corp. v. JBL, Inc.</u>, 112 F.Supp.2d 138 (D.Mass.2000) to support their contention that the patents at issue are not comparable to the patents-in-suit and therefore, are inappropriate for discovery. Not one of those cases involved a discovery dispute; rather, the courts determined that patent licenses were not comparable at a later stage in the game.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to compel is granted. Defendants are required to produce documents responsive to TT's eighth set of requests for documents and to respond to TT's fifth set of interrogatories.

                                                JAMES B. MORAN
                                        Senior Judge, U. S. District Court

March 1, 2007.