# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

Trading Technologies International, Inc., )
)
            Plaintiff, )
)
    vs. ) No. 04 C 5312
)
eSpeed, Inc., eSpeed International, Ltd., )
Ecco LLC, and Ecco Ware Ltd., )
)
            Defendants. )

## MEMORANDUM OPINION AND ORDER

Trading Technologies brings this motion for a protective order to prevent eSpeed from deposing Robert Klinger. Plaintiff argues that such a deposition would be duplicative, irrelevant, and costly. Defendants maintain that they have long awaited this deposition and that Klinger is in possession of information relevant to defendants' inequitable conduct claim. Defendants theorize that plaintiff, in prosecuting the patents in suit, failed to disclose material evidence to the Patent and Trademark Office ("PTO"). Klinger, defendants purport, was the person in charge of responding to the PTO's Office Action of June 8, 2001, which is at the heart of defendants' inequitable conduct claim.

First, we note that the parties trade barbs with regard to the number of depositions so far taken in this case. We decline to get involved in that fight. Suffice it to say, both parties have asked for and received extensive discovery, including an almost limitless number of depositions, in this case.

Second, in its reply, plaintiff, citing to a number of depositions, argues that the relevant facts regarding eSpeed's inequitable conduct claim have already been established. Plaintiff

further argues that such testimony "unequivocally establishes that eSpeed's inequitable conduct claim is baseless." (TT's reply, at 4). We decline to rule on the merits of defendants' inequitable conduct claim, especially since eSpeed has not had the opportunity to respond to the evidence and claims made in plaintiff's reply brief.

Plaintiff's best argument is that Klinger's deposition is duplicative inasmuch as defendants have already deposed or will depose two lead outside patent prosecutors of the patents in suit, an in-house prosecutor, and the patent examiner. Plaintiff's position is bolstered by the fact that the PTO Office Action on which defendants rely was addressed to an attorney defendants have previously deposed.

Even so, plaintiff has not succeeded in convincing this court that a protective order is warranted. As previously stated in this case, discovery is a balancing act. Trading Technologies Int'l, Inc. v. eSpeed, Inc., 2006 WL 2506293 (N.D.Ill.2006) ("The likelihood that relevant evidence will be discovered has to be balanced against the expense and effort occasioned by the discovery"). Defendants assert that Klinger was the one person involved in drafting the response to the PTO's Office Action. And plaintiffs have failed to contest that neither Klinger nor Klinger's attorney (not the same as TT's attorney) objects to the deposition. Plaintiff can send an attorney to the deposition in Texas, or one may attend telephonically. We do not see how that minor inconvenience outweighs the potential probative value of Klinger's deposition. Although plaintiff complains that Klinger's deposition is time consuming in the face of the impending close of discovery, we note that it was plaintiff's suggestion to hold off on Klinger's deposition until after the Markman hearing (defs' response, exh. 2). Plaintiff cannot now rely on the proximity to close of discovery to prevent the

depostion.¹ Therefore, we deny plaintiff's motion for a protective order.

                                                       _____
                                                            JAMES B. MORAN
                                                            Senior Judge, U. S. District Court

_____March 1_____, 2007.

---

¹Further, we note that TT claims that, while it initially agreed to the Klinger deposition, it has withdrawn its agreement partly in response to the five depositions regarding the GL prior art that have recently been scheduled. (TT's brief, at 2, n1). We recently extended close of discovery, at least with regard to GL prior art, to April 23, 2007. Such an extension should afford plaintiff sufficient time to allow for Klinger's deposition.