

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Trading Technologies International, Inc., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 04 C 5312 |
| ) | |
| eSpeed, Inc., eSpeed International, Ltd., ) | |
| Ecco LLC, and Ecco Ware Ltd., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Trading Technologies ("TT"), in its suit against eSpeed, Inc., eSpeed International, Inc., EccoWare LLC and Ecco LLC (collectively "eSpeed"), seeks to compel documents related to the redesign of eSpeed's allegedly infringing products. Specifically, TT requests the production of 68 documents included on eSpeed's privilege log, designated as protected "communication with counsel re eSpeed products." TT also seeks to compel the testimony of Joseph Noviello and James Davies, 30(b)(6) witnesses for eSpeed and Ecco, for continued depositions regarding the redesign of eSpeed's allegedly infringing products. TT has already completed depositions of Mr. Noviello and Mr. Davies, but it contends that the testimony was stunted with regard to the redesign as the two men claimed attorney-client privilege and refused to answer relevant questions.

This is not the first time these parties have engaged in this dispute. On December 19, 2006, we issued a ruling with respect to plaintiff's motion to compel documents related to redesign. Although we could not come to a definite ruling without eSpeed's privilege log, we noted that "[i]f there are documents relating to redesign that were distributed to others, as well

as the attorney, they seldom acquire a privilege. To be sure, a specific request for legal advice and any responses by an attorney customarily are privileged, but that does not extend to documents where an attorney is just one of the persons in the information loop." (Trading Technologies Int'l, Inc. v. eSpeed, Inc., Docket No. 444). With that understanding, some of eSpeed's allegedly privileged documents may not, in fact, be privileged. For example, one of the documents on the privilege log was sent from an eSpeed employee to two Ecco employees and an eSpeed employee, and copied six others, including one in-house counsel (plf's motion, exh. A, at 16). Another was sent from one Ecco employee to another, without any communication with an attorney (*id.*, at 17). And another was sent to all of eSpeed's Chicago sales staff, copying six others, including two in-house counsel (*id.*, at 42).

We cannot say, however, that a few suspicious documents included on the eSpeed privilege log is reason enough to grant TT's broad request. The attorney-client privilege is "'one of the oldest recognized privileges for confidential communications' known to the common law." United States v. BDO Seidman, 337 F.3d 802, 810 (7th Cir.2003) (citing Swidler & Berlin v. United States, 524 U.S. 399, 403 (1998)). Although courts construe the privilege only where necessary to achieve its purpose (*id.*, at 811), because it "promotes full and frank communication between those in need of legal assistance and their advocates, courts have long recognized the vital role the privilege plays in the administration of justice." American Nat. Bank and Trust Co. of Chicago v. Equitable Life Assur. Soc. of U.S., 406 F.3d 867, 878 (7th Cir.2005). And although the attorney-client privilege does not attach for the proffer of business advice (Rehling v. City of Chicago, 207 F.3d 1009, 1019 (7th Cir.2000)), we recognize that the lines may be difficult to draw. *See* American Nat. Bank and Trust Co., 406 F.3d at 879 ("Equitable sought to protect documents for which a good-faith argument in support of

privilege could be made, and it did so while treading in an area of privilege law that is generally recognized to be 'especially difficult,' namely, distinguishing in-house counsels' legal advice from their business advice").

While we have given prior guidance on this issue, we do not think eSpeed has acted in bad faith with regard to its privilege log. Therefore, we follow the guidance of the Seventh Circuit and order eSpeed to produce the 68 disputed documents for an *in camera* review. *See, e.g., id.*, at 880 (citing In re BankAmerican Corp. Secs. Litig., 270 F.3d 639, 644 (8th Cir.2001)). With respect to the continued depositions, we hold off until we have had the opportunity to review the challenged documents. At that point we will have a better understanding of eSpeed's contentions of privilege and will be in a better position to fashion a remedy regarding the 30(b)(6) witnesses.

## CONCLUSION

For the reasons stated above, we grant, in part, TT's motion to compel. eSpeed is directed to produce the 68 disputed documents for an *in camera* review. The court's decision regarding the documents will be accompanied by a decision with regard to continued depositions of the 30(b)(6) witnesses.

JAMES B. MORAN
Senior Judge, U. S. District Court

March 14, 2007.