# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| TRADING TECHNOLOGIES INTERNATIONAL, INC., | ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) ) | No. 04 C 5312 |
| eSPEED, INC., eSPEED INTERNATIONAL, LTD, and ECCO WARE, LTD., | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

On January 12, 2007, plaintiff Trading Technologies International Inc. ("TT") served non-party Chicago Mercantile Exchange ("CME") with a *subpoena duces tecum* requesting a broad range of documents and things referring or relating to prior art to the patents-in-suit in TT's patent infringement suits against a number of defendants. TT also sought to discover communications between CME and any parties or third parties regarding TT's patents-in-suit, including any agreements between CME and parties or non-parties. The subpoena also generally sought information regarding the impact on electronic trading volume of any electronic trading tool capable of presenting information in relation to a static price axis and information regarding the relationship between volume of contracts traded and features or functionality of any front-end trading screen. On March 27, 2007, TT filed a motion to compel CME to comply with the subpoena. Thereafter, CME delivered a number of productions to TT, including thousands of pages of documents. We now address TT's remaining requests for discovery from CME.

First, TT requests production of all alleged prior art related to TT's patents. Although

CME questions the relevancy of any potential prior art in its library that has not been alleged by any current defendants, it represents that it has produced to TT all of the documents in its possession regarding potential prior art. CME's representation is sufficient to satisfy TT's requests.

Second, TT requests all communications with other parties relating to TT, TT's patents, and prior art. Included in such request is TT's demand for any unidentified joint defense agreements of which CME is a member. In a separate motion, TT sought to compel defendants' communications, including any joint defense agreement and the identities of any non-party participants in the agreement. In an order dated May 1, 2007, we ordered defendants to produce a list to TT of all participating members in their joint defense agreement. Beyond such a list, we rejected TT's effort to discover any further information or communications validly protected under the defendants' joint defense agreement. Based on that order, TT should have discovered CME's participation in any joint defense agreement with defendants. No further disclosures are required.

Similarly, TT seeks all communications, including a joint defense agreement, that CME may have engaged in with non-party entities relating to TT, TT's patents, and prior art. TT argues that CME and other members of its joint defense agreement cannot claim privilege regarding its communications. We disagree. The common interest doctrine is an extension of the attorney-client privilege designed to "facilitate communication among joint parties regarding matters that are important to protect their interests in litigation." Russell v. General Electric Co., 149 F.R.D. 578, 580 (N.D.Ill.1993) (citing U.S. v. McPartlin, 595 F.2d 132, 1336 (7th Cir.1979)). Attorney-client privilege can attach to communications in anticipation of or in order to avoid litigation. In re Regents of the University of California, 101 F.3d 1386, 1390-

91 (Fed.Cir.1996); Edward Lowe Industries, Inc. v. Oil-Dri Corp. of America, 1995 WL 410979, *3 (N.D.Ill.1995). Thus, where "pre-litigation advice and assistance serve a shared legal interest" (Regents, 101 F.3d at 1391), such communication may be protected by attorney-client and joint defense privileges. Although under Illinois law information shared under a common interest privilege must relate to legal, rather than business, interests (Dexia Credit Local v. Rogan, 231 F.R.D. 287, 293 (N.D.Ill.2005)), CME's filings under seal ensure us that any communications it may have had with other non-parties was sufficiently legal.

Even if communications among a non-party joint defense group would not be protected under the common interest privilege, due to the participation of the Futures Industry Association ("FIA") or any other entity, TT's requests for communications between the non-parties is irrelevant to the litigation pending in this court. Federal Rule of Civil Procedure 26(b)(1) defines relevant discovery as information "reasonably calculated to lead to the discovery of admissible evidence." While relevance is broadly construed, as we have noted previously in this case, "the right to discovery does have 'ultimate and necessary boundaries.'" Trading Technologies Int'l, Inc. v. eSpeed, Inc., 2007 WL 704525, *1 (N.D.Ill.2007) (citing Hickman v. Taylor, 329 U.S. 495, 507 (1947)). TT has run up against such a boundary. As CME has already produced everything in its possession with regard to prior art, we do not see how communications with other non-parties is relevant to TT's litigation against eSpeed or the other defendants. Therefore, we deny plaintiff's motion to compel.

                                                  JAMES B. MORAN  
                                                  Senior Judge, U. S. District Court

May 17, 2007.