

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TRADING TECHNOLOGIES )
INTERNATIONAL, INC., )
)
        Plaintiff, )
)
    vs. )   No. 04 C 5312
)
eSPEED, INC., eSPEED INTERNATIONAL, )
LTD, and ECCO WARE, LTD., )
)
        Defendants. )

## MEMORANDUM OPINION AND ORDER

Trading Technologies International, Inc. ("TT") brought a motion to compel defendants eSpeed, Inc., eSpeed International, Ltd, Ecco LLC, and EccoWare, Ltd. (collectively "eSpeed"), to provide a witness to testify. For the reasons stated below, we deny TT's motion to compel.

TT submitted its Fourth Amended Notice of Deposition of Defendants Pursuant to Rule 30(b)(6) on March 27, 2007, requesting a corporate witness to testify on 24 stated topics. The seventh topic requested testimony on "[a]ll customers or potential customers to whom any of the Defendants has sold and/or provided and/or demonstrated the accused trading products, and an identification and discussion of any other business relationships with these customers or potential customers." On May 22, 2007, eSpeed identified Paul Saltzman to testify with regard to topic no. 7, among other topics. The deposition occurred sometime during the week of June 4, 2007. According to TT, Mr. Saltzman was "unable to provide information regarding the demonstration and use of the accused products to customers" (TT's brief, at 2).

Thereafter, on June 29, 2007, TT submitted another Rule 30(b)(6) Notice. Two topics for examination were stated:

> 1. All circumstances where Defendants have used, tested, or operated any of the accused products, including demonstrating the products to customers or potential customers, for assessing performance or operation, and/or for quality control or quality assurance purposes including beta testing, including but not limited to an explanation of each feature demonstrated, what settings were used and or demonstrated, and how orders were entered or cancelled in each such use, test, or operation.
>
> 2. All knowledge of the Defendants regarding use of the accused products by customers, including but not limited to knowledge of which screens, features and/or settings are used by each customer, under what circumstances customers use such screens, features and/or settings, and customer feedback received from customers regarding such screens, features, and/or settings.

TT asserts that because Mr. Saltzman was unable to sufficiently speak to topic no. 7 in the original deposition notice, the latter notice was simply clarification of what would satisfy the requirements of topic 7. Defendants argue that TT's second deposition notice is untimely and significantly exceeds the scope of its original notice. Therefore, defendants argue, plaintiff is not entitled to an additional 30(b)(6) witness, requested after close of discovery.

The parties argue over both the language of the original deposition request and the justification for taking depositions beyond the close of discovery. Both parties in this case have been pushing discovery up to and through the close of discovery, which has been extended time and time again, and finally set for May 15, 2007. Enough is enough. TT's initial 30(b)(6) request asked for the names of customers, not a description of the demonstrations themselves. It is not unreasonable that one corporate representative would be aware of the customer list without having been present or aware of what occurred during the actual demonstrations. It was TT's responsibility to take the information garnered from Mr. Saltzman and approach the customers themselves. In fact, TT has, in other motions, relied heavily on testimony by GL

customers; we cannot believe that TT could not have gathered similar evidence from eSpeed customers. Therefore, we deny TT's motion to compel.

JAMES B. MORAN
Senior Judge, U. S. District Court

Aug 17, 2007.