

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TRADING TECHNOLOGIES )
INTERNATIONAL, INC., )
 )
        Plaintiff, )
 )
vs. ) No. 04 C 5312
 )
eSPEED, INC., eSPEED INTERNATIONAL, )
LTD, and ECCO WARE, LTD., )
 )
        Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff Trading Technologies International, Inc. ("TT") brought this suit against defendants eSpeed, Inc., eSpeed International, Ltd., Ecco LLC, and EccoWare, Ltd. (collectively "eSpeed"), alleging infringement of U. S. Patent Nos. 6,766,304 ('304) and 6,882,132 ('132). Both patents, similar in scope and language, relate to computer software used for electronic trading in the futures market. Defendants assert that the patents-in-suit are unenforceable by reason of inequitable conduct. TT now seeks to bifurcate the allegations of inequitable conduct from the upcoming trial. For the reasons stated herein, we grant in part TT's motion to bifurcate.

Federal Rule of Civil Procedure 42(b) authorizes us to bifurcate a trial "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy." As a matter of discretion of this court, we may bifurcate a trial provided that such a ruling "1) serves the interests of judicial economy or is done to prevent prejudice to a party; 2) does not unfairly prejudice the non-moving party; and 3) does not violate the Seventh

Amendment." Krocka v. City of Chicago, 203 F.3d 507, 516 (7th Cir.2000). Bifurcation in patent cases, as in all cases, is the exception, not the rule. Real v. Bunn-O-Matic Corp., 195 F.R.D. 618, 620 (N.D.Ill.2000). As the party moving for bifurcation, TT bears the burden of demonstrating that concerns of judicial economy and prejudice weigh in favor of bifurcation. *Id.*, at 620.

One applying for a patent has a duty to prosecute his patent in the United Stated Patent and Trademark Office ("PTO"), with candor, good faith, and honesty. Honeywell Int'l Inc. v. Universal Avionics Systems Corp., 488 F.3d 982, 999 (Fed.Cir.2007). *See also* 37 C.F.R. § 1.56. "A breach of this duty – including affirmative misrepresentations of material facts, failure to disclose material information, or submission of false material information – coupled with an intent to deceive, constitutes inequitable conduct." Honeywell Int'l, 488 F.3d at 999. *See also* McKesson Information Solutions, Inc. v. Bridge Medical, Inc., 487 F.3d 897, 913 (Fed.Cir.2007) ("A patent may be rendered unenforceable for inequitable conduct if an applicant, with intent to mislead or deceive the examiner, fails to disclose material information or submits materially false information to the PTO during prosecution") (internal citations omitted). Assertion of inequitable conduct is derived from the equitable doctrine of unclean hands, and therefore, does not give rise to the right to trial by jury. *See* Gardco Manufacturing, Inc. v. Herst Lighting Co., 820 F.2d 1209, 1212 (Fed.Cir.1987). *See also* Paragon Podiatry Lab., Inc. v. KLM Labs., Inc., 984 F.2d 1182, 1190 (Fed.Cir.1993) (the defense of inequitable conduct "being entirely equitable in nature, is not an issue for a jury to decide").[1]

---

[1] The Federal Circuit has determined that bifurcation of inequitable conduct, even if tried first, does not violate any rights guaranteed by the Seventh Amendment. *See* Gardco, 820 F.2d 1209.

Plaintiff argues that because inequitable conduct is an equitable question to be decided by the court, and introduction of evidence of fraud on the part of the patentee may very well influence the jury on issues of validity, bifurcation is particularly appropriate. Thus, plaintiff asks us to bifurcate the trial and hold a separate bench trial on the issue of inequitable conduct following conclusion of the jury trial. In the alternative, plaintiff requests us to set a trial schedule where the court hears testimony regarding inequitable conduct on selected days after the jury has been dismissed. eSpeed rejects both suggestions, arguing that the evidence of TT's inequitable conduct should be presented to the jury for an advisory verdict under Rule 39(c).[2]

The Federal Circuit has clearly stated that under Rule 42(b) we have broad discretion to separate issues and claims for trial, and may therefore "order a trial on unenforceability separate from an infringement trial that may involve an invalidity defense." Gardco, 802 F.2d at 1212. Such is exactly what TT requests here. eSpeed relies on Hebert v. Lisle Corp., 99 F.3d 1109 (Fed.Cir.1996), to assert that the Federal Circuit has endorsed the process of trying inequitable conduct whereby the district court allows the issue to be presented to the jury for an advisory verdict. The Hebert court stated:

> There are a variety of ways in which the district court may choose to handle the issue of inequitable conduct during a jury trial, as the Federal Circuit has recognized. Some courts have reserved the entire issue of inequitable conduct unto themselves; some have submitted special interrogatories to the jury on the facts of materiality and intent; and some have instructed the jury to find and weigh the facts of materiality and intent and decide the ultimate question of inequitable conduct, as in the case at bar.... Absent a clear showing of prejudice, or failure to achieve a fair trial, the district court's choice of procedure will not be disturbed.

---

[2] Federal Rule of Civil Procedure 39(c) reads: "In all actions not triable of right by a jury the court upon motion or of its own initiative may try any issue with an advisory jury or, except in actions against the United States when a statute of the United States provides for trial without a jury, the court, with the consent of both parties, may order a trial with a jury whose verdict has the same effect as if trial by jury had been a matter of right."

99 F.3d at 1114. Unlike defendants, we do not read that passage to endorse any particular means of dealing with the process of trying inequitable conduct. In fact, quite the opposite, we read Hebert to reaffirm the district court's discretion and allow the lower court to bifurcate the issues as it sees fit.

Both parties have submitted district court case law supporting their positions. eSpeed points to Frenius Medical Care Holdings, Inc. v. Baxter Int'l, Inc., 2006 WL 1646108 (N.D.Cal.2006), which relies on Hebert to deny defendant's motion for bifurcation in preference of presenting the issues to the jury for an advisory opinion. In Frenius, the district court was swayed by plaintiff's assertions that denying bifurcation would promote judicial economy because (1) it would eliminate disputes as to whether certain evidence should be heard by the jury; (2) the advice of the jury would be beneficial to the court in deciding inequitable conduct; and (3) substantial overlap of the evidence pertinent to inequitable conduct and invalidity weighed in favor of one trial. Frenius can be distinguished, however, because defendant's assertion of prejudice was severely undermined since the alleged fraud pertained to a non-party, not to plaintiff. Such is not the case here.

Defendants cite to similar decisions by district court judges that submitted the issue of inequitable conduct to a jury for an advisory opinion. *See* Cargill, Inc. v. Sears Petroleum & Transport Corp., 388 F.Supp.2d 37, 62 (N.D.N.Y.2005) (jury, in an advisory capacity, addressed the threshold inequitable conduct questions of materiality and intent to deceive); Echometer Co. v. Lufkin Industries, Inc., 2004 WL 575954, *1-2 (N.D.Tex.2004) (district court gave "substantial weight" to the jury's advisory verdict on inequitable conduct); Transclean Corp. v. Bridgewood Services, Inc., 101 F.Supp.2d 788, 792 (D.Minn.2000) (limiting the jury's advisory fact-finding by specific interrogatories and jury instructions); Modine Mfg. Co. v.

Allen Group, Inc., 1989 WL 205782, *7 (N.D.Cal.1989) (submitted the inequitable conduct question to the jury). We uncovered several similar procedural decisions in our research. *See* Medtronic Xomed, Inc. v. Gyrus ENT LLC, 440 F.Supp.2d 1333, 1336 (M.D.Fla.2006) ("a separate bench trial of this single issue either before or after the jury trial would not be the most efficient use of judicial resources, and could require re-calling witnesses who will or had testified at the jury trial"); 3M Innovative Properties Co. v. Dupont Dow Elastomers LLC, 361 F.Supp.2d 958, 981 (D.Minn.2005); Mag Instrument, Inc. v. J. Baxter Brinkmann Int'l. Corp., 123 F.R.D. 543 (N.D.Tex.1988) (evidence of public use defense was too intertwined with inequitable conduct defense evidence to allow for separate trials).

Many district courts have, on the other hand, opted for bifurcation of the issue of inequitable conduct. *See* Medpointe Healthcare Inc. v. Hi-Tech Pharmacal Co., Inc., 2007 WL 188285, *6 (D.N.J.2007); DaimlerChrysler AG v. Feuling Advanced Technologies, Inc., 276 F.Supp.2d 1054, 1056 (S.D.Cal.2003); Applera Corp. v. Micromass UK Ltd., 204 F.Supp.2d 724, 729 (D.Del.2002); Elkhart Brass Mfg. Co., Inc. v. Task Force Tips, Inc., 867 F.Supp. 782, 787-88 (N.D.Ind.1994); Golden Valley Microwave Foods, Inc. v. Weaver Popcorn Co., Inc., 837 F.Supp. 1444, 1447 (N.D.Ind.1992); Nintendo of America Inc. v. Magnavox Co., 707 F.Supp. 717, 720 (S.D.N.Y.1989). TT relies heavily on THK America, Inc. v. NSK, Ltd., 1996 WL 33398071 (N.D.Ill.1996) to argue its point. In THK, Judge Norgle recommended that evidence and arguments on the issue of inequitable conduct should be heard each day as they arise, after the jury has been dismissed for the day. In making his recommendation, Judge Norgle considered that inequitable conduct is an issue for the court's determination, that patent cases are inherently complicated and confusing for a jury, and that evidence of inequitable conduct, essentially fraud, may very well prejudice the patentee in its case to the jury.

It is the patent, not the patentee, on trial before the jury. *See* THK,1996 WL 33398071, at *1. Here, the primary issue is one of validity. And while eSpeed's argument that its prior public use argument is too intertwined with its inequitable conduct defense to separate the two may have some merit, we disagree that it leads only to one result. We think a better option is the one proposed by THK, to the extent that testimony, evidence and argument is relevant only to fraud it should be heard outside of the jury's presence. The Federal Circuit does not foreclose such a structure, and in fact, Hebert reaffirms our discretion to organize a patent law trial to best serve fairness and judicial economy. 99 F.3d at 1114. The parties in this case have been gathering evidence and preparing arguments for three years. Experts have been hired and joint defense agreements have been established. The trial is currently scheduled for three weeks. We therefore reject eSpeed's suggestion of asking the jury to consider and advise on additional issues outside the scope of its duty.

## CONCLUSION

For the reasons stated herein, we grant in part TT's motion for bifurcation of inequitable conduct. To the extent possible, evidence and arguments related to inequitable conduct will be heard during the period of the trial, after the jury has been dismissed for the day.

_____
JAMES B. MORAN
Senior Judge, U. S. District Court

Aug 30 , 2007.