

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TRADING TECHNOLOGIES )
INTERNATIONAL, INC., )
 )
        Plaintiff, )
 )
vs. ) No. 04 C 5312
 )
eSPEED, INC., eSPEED INTERNATIONAL, )
LTD, and ECCO WARE, LTD., )
 )
        Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff Trading Technologies International, Inc. ("TT") brought an action against defendants eSpeed, Inc., ITSEcco Holdings Limited, and Ecco LLC (collectively "eSpeed") for patent infringement, including allegations of willful infringement. Eighteen months ago, eSpeed moved for bifurcation of the patent infringement trial into two parts: (1) liability, including non-infringement, invalidity and unenforceability; and (2) willfulness and damages. We denied that motion. Since that determination we have issued a Markman[1] ruling, granted eSpeed's motion for summary judgment of non-infringement on a majority of the accused products, granted in part TT's motion for summary judgment regarding prior use, and denied cross-motions for summary judgment of invalidity based on prior art. eSpeed now renews its motion for bifurcation, arguing that the determinations of this court in the last year-and-a-half now support bifurcation. We disagree and deny eSpeed's renewed motion for bifurcation.

---

[1] Markman v. Westview Instruments, Inc., 52 F.3d 967 (Fed.Cir.1995), aff'd 517 U.S. 370 (1996).

## DISCUSSION

In our previous decision on eSpeed's motion for bifurcation, we addressed eSpeed's arguments that bifurcation would promote judicial economy, and that prejudice would result from the so-called "Quantum dilemma." Trading Technologies Int'l, Inc. v. eSpeed, Inc., 431 F.Supp.2d 834 (N.D.Ill.2006) ("Bifurcation I"). We assume familiarity with that decision and decline to repeat our earlier analysis. We address below defendants' additional arguments.

First, eSpeed contends that in light of our interim rulings bifurcation will now promote judicial economy. It is true that defendants have met with some success in recent motions, coming out ahead in the Markman determination (a dramatic shift from our preliminary claim construction) and succeeding in convincing us that the majority of their accused products do not infringe as a matter of law. Defendants' invalidity motions have not been as successful. We have only recently dealt with such motions, many of them cross-motions, deciding partially in TT's favor with regard to prior public use and denying cross-motions regarding prior art. At this stage then, we have seriously limited the potential infringement case to be presented at trial, while the invalidity dispute remains a determination for the jurors.

Taking stock of the case as it now stands, we find that the factors set forth in Real v. Bunn-O-Matic Corp., 195 F.R.D. 618 (N.D.Ill.2000), either weigh in support of denying bifurcation or remain neutral. Due to the ruling of non-infringement, TT's damages case at trial will be limited to potential infringement – willful or not – of the remaining accused eSpeed product. Therefore, the volume of damages documentation and evidence should be substantially reduced. The infringement issues have been significantly simplified. The number of infringing products has been reduced, and the outstanding claims, counterclaims and parties remain the same. And finally, because we have made no determination of

likelihood of success on TT's remaining infringement case, the probability of success does not weigh in either party's favor.[2] eSpeed has failed to carry its burden regarding judicial economy.

Defendants' second argument, that the parties have not yet completed damages discovery, is insufficient to grant its motion for bifurcation. This case is three years old and trial has been reset on several occasions, including once since eSpeed's renewed motion for bifurcation was filed. In the interim, TT has produced a Rule 30(b)(6) witness for deposition and a number of damages documents. We reject defendants' argument that it has not had sufficient time to gather damages discovery.

Finally, defendants attempt to resuscitate their argument of prejudice based on the Quantum dilemma. Pointing to TT's expert witness report, eSpeed asserts that TT intends to argue for an adverse inference of willfulness based on eSpeed's assertion of the attorney-client privilege. As we have previously discussed, the Federal Circuit has recognized a prejudice that may result from a defendant having to choose between asserting an advice-of-counsel defense to a willfulness claim, and maintaining attorney-client privilege. *See* Bifurcation I, at 837-38 (discussing Quantum and related cases). We also noted, however, that the Federal Circuit's decision in Knorr-Bremse Systems Fuer Nutzfahrzeuge GmbH v. Dana Corp., 383 F.3d 1337 (Fed.Cir.2004) eliminated the adverse inference or presumption that an opinion was unfavorable where the defendant failed to obtain or disclose an exculpatory opinion of counsel. Recognizing that elimination of the adverse inference did not completely eradicate the

---

[2] Defendants argue that they have a strong non-infringement argument under our claim construction, as their initial product has an automatic recentering feature. As defendants have failed to submit a pretrial motion for summary judgment on their initial product and TT has had no real opportunity to respond, we decline to address the merits of eSpeed's non-infringement case in the course of deciding this motion for bifurcation.

potential prejudice to a defendant, we noted that "counsel always faces difficult tactical decisions in planning an attack or defense." <u>Bifurcation I</u>, at 839. Nothing has changed in the interim. Jurors will neither see Mr. Nixon's report nor hear arguments asserting an adverse inference. And while analysis of the "totality of the circumstances" remains the guiding test (*see* <u>Knorr-Bremse</u>, 383 F.3d 1337), any attempt to circumvent Federal Circuit law can be corrected with limiting instructions. Defendants' arguments in support of bifurcation are insufficient to carry their burden. *See* <u>Real</u>, 195 F.R.D. at 620.

## CONCLUSION

For the reasons stated herein, we deny eSpeed's motion for bifurcation.

　　　　　　　　　　　　　　　　　　　　　　　　　_James B. Moran_
　　　　　　　　　　　　　　　　　　　　　　　　　JAMES B. MORAN
　　　　　　　　　　　　　　　　　　　　　　　　　Senior Judge, U. S. District Court

_Aug. 30_, 2007.