IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TRADING TECHNOLOGIES )
INTERNATIONAL, INC., )
)
    Plaintiff, )
)
vs. ) No. 04 C 5312
)
eSPEED, INC., eSPEED, INTERNATIONAL,)
LTD., and ECCO WARE, LTD., )
)
    Defendants. )

## MEMORANDUM OPINION AND ORDER

Defendants eSpeed, Inc., eSpeed International Ltd., Ecco LLC, and Ecco Ware, Ltd. (collectively "eSpeed") have filed a motion to compel production of damages discovery from plaintiff Trading Technologies International, Inc. ("TT"). The motion stems from a series of document requests filed as part of a combined Rule 30(b)(6) deposition notice and Rule 34 document request on March 16, 2007. Although TT produced some documents in response to the Rule 34 document request, eSpeed contends that TT still failed to produce documents responsive to many of eSpeed's specific requests. Specifically, eSpeed is seeking the following documents related to damages: (1) monthly licensing metric reports for TT's products since June 2005, (2) monthly product profitability statements, (3) documents from which direct costs of sale can be ascertained, (4) documents from which revenue per user can be ascertained, (5) documents showing TT's incremental margins on sale, (6) documents reflecting TT's sales budget (including costs of sales personnel), and (7) documents relating to the sale and pricing of TT's FIX Adapter product.

TT's response to eSpeed's motion indicates that eSpeed is seeking information that TT has already produced or that does not exist in the format eSpeed desires. TT suggests that

documents responsive to categories 1, 4, 6, and 7, to the extent that they exist, have already been produced. With respect to categories 2 and 5, TT states that it does not create or maintain product profitability statements or determine margins on sales, and therefore, cannot produce documents in that format. TT has, however, already produced detailed monthly profit and loss statements and monthly revenue per product. Finally, with respect to category 3, TT asserts that it has already produced detailed monthly sales budget and spending data from which an assessment of sales costs may be undertaken. Therefore, TT contends, eSpeed's motion must be denied.

TT's response brief indicates that eSpeed filed its motion to compel in advance of waiting for TT's document production and TT has, in fact, produced additional documents responsive to eSpeed's requests. As eSpeed has decided against filing a reply, we have no way of knowing whether TT's recently produced documents satisfy eSpeed. We have previously stated that counsel are officers of the court and we must rely on their representations. TT has represented that it has fully produced documents responsive to eSpeed's request to the extent such documents are in TT's possession. To the extent that such documents are not within TT's possession or in the format desired by eSpeed, TT has produced relevant documents and pointed eSpeed to the exact page numbers of the relevant production. We can require no more. If TT has remaining documentation responsive to eSpeed's request, TT must immediately produce them to eSpeed.

Because TT has already produced responsive documentation, eSpeed's motion to compel is denied.

JAMES B. MORAN
Senior Judge, U. S. District Court

Aug. 27, 2007.