# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| TRADING TECHNOLOGIES INTERNATIONAL, INC., | ) ) ) |
| Plaintiff, | ) ) |
| vs. | )  No. 04 C 5312 ) |
| eSPEED, INC., eSPEED, INTERNATIONAL, LTD., and ECCO WARE, LTD., | ) ) ) |
| Defendants. | ) ) |

## <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff Trading Technologies International, Inc. ("TT"), and defendants eSpeed, Inc., eSpeed International, Inc., EccoWare LLC, and Ecco LLC (collectively "eSpeed"), are once again engaged in a discovery dispute. TT implores this court to grant a protective order regarding depositions of Marc Lorin and Doug Moneison, and a new expert report by Jim Vaughan[1], arguing that the requests for depositions and the filing of the additional report come too close to trial and thus are prejudicial to plaintiff. Finally, TT asks us to preclude eSpeed from relying on the alleged prior art known as "Trade Pad" because related defendant GL Trade ("GL") has withheld highly relevant evidence. The briefs are both accusatory and defensive, with each side pointing to the allegedly dilatory discovery practices of the other side and scrambling to explain its own tardiness.

We begin with the depositions. Lorin is currently an employee of Calyon Futures and used to trade at Carr Futures. According to eSpeed, TT spoke with Lorin in its prior effort

---

[1] TT's opening brief cites eSpeed's new expert as Steve Young, but, in rebuttal to eSpeed's opposition, identifies the expert as Jim Vaughan. As eSpeed also refers to the expert as Jim Vaughan, we assume that TT's initial citation was in error.

to locate GL users from 1998 to 1999 to determine whether Trade Pad was offered for sale at that time. TT is no longer interested in Lorin's testimony and suggests that eSpeed is improperly attempting to gather evidence of another sale of the alleged prior art known as Trade Pad. Any pursuit by eSpeed of new theories of invalidity, TT suggests, would "materially prejudice TT's ability to take rebuttal testimony and prepare for the upcoming trial" (TT's motion, at 3). eSpeed's opposition brief does not indicate that it is pursuing a new avenue of invalidity, but rather that it wants to speak to Lorin to discover whether "Lorin personally saw Trade Pad during the relevant time" (eSpeed response, at 2). eSpeed suggests that Lorin has not opposed the deposition and that it should take no more than two hours. We offer a compromise – eSpeed may depose Lorin at his convenience for no more than two hours. Lorin's deposition testimony, if supportive of eSpeed's claim that GL Win with Trade Pad existed in the relevant time period, may be introduced only to support that contention, and for no other purpose.[2]

eSpeed also seeks to depose Doug Moneison. Citing TT's use of Moneison's declaration in support of its opposition to eSpeed's motion for summary judgment of invalidity based on prior art, eSpeed seeks time to speak with Moneison. TT, in its reply, stated that it will not call Moneison as a witness or rely directly on his declaration at trial. Therefore, we see no reason why eSpeed must depose Moneison, and grant TT's request for a protective order as to his deposition.

Next we turn to TT's request that we strike eSpeed's new expert report filed on August

---

[2]TT dropped a footnote in its reply brief arguing that for the reasons it argued against the deposition of Lorin, eSpeed should not be permitted to present Steve Good as a witness at trial. Because the argument in the footnote was conflated with the argument regarding Lorin, and because eSpeed was not given an opportunity to respond, we reject TT's request.

16, 2007. Vaughan is a forensic expert and is seeking to testify as to his analysis of hard drives produced by the Chicago Mercantile Exchange ("CME"). eSpeed recognizes that the report was submitted after the deadline, but declares that the report assesses critical CME hard drives that TT has long known about, and addresses and rebuts statements made by TT's expert David Klausner. Because we have long been aware of the potential use of the CME hard drives at the trial, we will allow eSpeed to file this additional report.

Finally, we address TT's reinstated petition that this court preclude eSpeed from relying on Trade Pad as potentially invalidating prior art because GL has allegedly withheld highly relevant evidence. Specifically, TT asserts that through an internet search it uncovered relevant documents on www.gltrade.net. Although plaintiff was denied access to the site before being able to thoroughly review its entire contents, plaintiff argues that it located a number of relevant documents not yet produced by GL. The documents, TT asserts, relate to GL's products known as Quicktrade, Tradepad, and Mosaic. GL filed a response to such accusations, indicating that it has produced the very evidence TT claims it withheld and that much of the allegedly withheld evidence is irrelevant to Trade Pad and eSpeed's prior art claims. While we recognize that there might be some relevancy, albeit minimal, of documents that do not refer to Trade Pad or a vertical static price ladder, GL is not under an obligation to produce all material it has on every one of its products, including those developed significantly after the critical date of TT's patents. We reject TT's suggestion that eSpeed be precluded from introducing its Trade Pad prior art defense at trial. We do rule, however, that GL do another search of its website using the keywords "TradePad," "Trade Pad," "TradingPad," and "Trading Pad," and immediately produce to both TT and eSpeed any documents not previously produced containing those terms.

## CONCLUSION

For the reasons stated above, TT's motion to enforce schedule and preclude taking of untimely discovery is denied, with the exception of the deposition of Doug Moneison, which is hereby precluded.

James B. Moran
**JAMES B. MORAN**
**Senior Judge, U. S. District Court**

Aug 29 , 2007.