IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TRADING TECHNOLOGIES )
INTERNATIONAL, INC., )
 )
      Plaintiff, )
 )
vs. ) No. 04 C 5312
 )
eSPEED, INC., eSPEED, INTERNATIONAL, )
LTD., and ECCO WARE, LTD., )
 )
      Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff Trading Technologies International, Inc. ("TT") seeks to compel third party Rosenthal Collins Group ("RCG") to produce documents and respond to a subpoena issued in TT's suit against eSpeed, Inc., eSpeed International, Inc., EccoWare LLC, and Ecco LLC (collectively "eSpeed"). Specifically, TT seeks a short deposition and production of documents relating to trading volume records based on RCG's use of Ecco software and regarding the features of the Ecco and eSpeed software used by RCG. RCG, plaintiff in a related declaratory judgment patent infringement action, asserts that the discovery request is harassing and the documents requested are not kept by RCG in the format desired by TT.

Although RCG is a third party in this case, TT asserts that RCG is the only party in possession of the trading volume data showing RCG's use of the accused Ecco software. RCG, however, asserts that it does not maintain records regarding which of its 70 million contracts were transacted through a specific front-end, namely, Ecco. Because such trading data is relevant to the eSpeed case, we grant TT's motion to compel. We order RCG to produce the trading volume data in whatever level of detail may exist, culled from the RCG users that were licensed to use the Ecco software. We similarly order RCG to produce documents relating to

the features of the remaining accused Ecco and eSpeed software used by RCG.[1]

TT also requests a deposition of an RCG witness. We grant TT's motion to compel, to conduct a short deposition of a witness designated by RCG. Recognizing the proximity to trial in the eSpeed case, it is our hope that RCG's immediate document production will eliminate the need for a further deposition. We leave it to TT, however, to make that determination. If TT so desires, it may conduct a two-hour deposition of the designated RCG witness.

JAMES B. MORAN
Senior Judge, U. S. District Court

Aug. 30, 2007.

---

[1] As RCG noted, this court severely limited TT's infringement contentions with respect to the accused eSpeed products in our finding of non-infringement. Therefore, this order relates solely to the remaining eSpeed and Ecco products; RCG need not produce documents or testimony relating to the eSpeed products we have already deemed non-infringing. If RCG cannot parse out the difference, however, it should produce all documents related to all of the accused eSpeed products. It will then be TT's responsibility to parse out and prove its legal damages should it be victorious in establishing liability.