IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TRADING TECHNOLOGIES )
INTERNATIONAL, INC., )
 )
      Plaintiff, )
 )
vs. ) No. 04 C 5312
 )
eSPEED, INC., eSPEED, INTERNATIONAL,)
LTD., and ECCO WARE, LTD., )
 )
      Defendants. )

## MEMORANDUM OPINION AND ORDER

TT brings this motion *in limine* to preclude eSpeed from contradicting the court's "single action" construction, requesting that we preclude expert testimony, arguing that the term "single action" can cover (I) any number of user actions so long as they are performed in a "short period of time"; (ii) the order entry process of the alleged Tokyo Stock Exchange ("TSE") prior art; and (iii) a screen which requires that a user click on a screen and move a cursor to click on a button in a pop-up window to send an order. Essentially, TT argues that a product requiring (1) clicking or double clicking on an order entry screen; (2) typing a quantity in an order ticket that pops up; and (3) clicking on a send button within the order ticket to send the order cannot come within our construction of "single action order entry region." Therefore, TT contends, eSpeed should not be able to introduce its argument at trial.

eSpeed fails to respond to the substance of TT's motion. Rather, eSpeed focuses on the *process* underlying a patent infringement suit. That process, eSpeed points out, involves two separate and distinct steps: (1) claim construction (i.e., what do the claims mean?); and (2) applying the construed claims to the prior art. eSpeed is perfectly right – there are two elements of a patent case, construing the patent and determining whether infringement occurred. Markman v. Westview Instruments, Inc., 517 U.S. 370, 384 (1996). In fact, the

Supreme Court supports eSpeed's argument that the first inquiry is a question of law to be determined by the court and the second inquiry is a question of fact to be submitted to a jury. *Id.* In fact, the Federal Circuit has guided us to "provide the jury in a patent case with instructions adequate to ensure that the jury fully understands the court's claim construction rulings and what the patentee covered by the claims." Sulzer Textil A.G. v. Picanol N.V., 358 F.3d 1356, 1366 (Fed.Cir.2004).

Although eSpeed correctly states the process of a patent infringement trial, we think this presents a special circumstance. In our claim construction ruling, we construed "single action of a user input device" to be "an action by a user within a short period of time that may comprise one or more clicks of a mouse button or other input device." Trading Technologies Int'l, Inc. v. eSpeed, Inc., 2006 WL 3147697, *8 (N.D.Ill.2006) ("Claim Construction"). We went on to explain: "As we have continually noted, however, plaintiff's patents generally were written from the perspective of the user. Therefore, this claim refers to the user's single action, not the action(s) the computer performs to execute the user's command." *Id.* We made it very clear that, from the perspective of the user, a single action had to be just that – a single action. We think it is very clear that a double click, followed by entry of a quantity, followed by an "enter" (as described by eSpeed's attorney Mr. Perkins) is not a single action under our construction.

While such is generally a decision left to the jury, we pause to recognize the complexity of this case and the difficulty the jurors will encounter in attempting to keep track of all of the different features and arguments. The parties have no lack of theories, especially when it comes to invalidity and prior art. Therefore, as we are convinced that it would be impossible for a reasonable jury to find that the three steps described by eSpeed's attorney could fit into

our definition of single action, we grant TT's motion to exclude evidence that it does.[1] Rather than throw a non-starter at the jury or deal with this issue during post-trial motion practice, we exclude the evidence from the start. Although our decision is nearly akin to a partial summary judgment ruling, we are convinced that it is correct, it will save precious judicial resources, and simplify the case for the jury. See Colassi v. Cybex Int'l., Inc., 2007 WL 490969, *3 (Fed.Cir.2007) (unpublished Federal Circuit opinion finding that district court did not abuse its discretion in granting plaintiff's motion *in limine* to preclude competitor from arguing non-infringement under the reverse doctrine of equivalents even though it was a "de facto summary judgment"). TT's motion is granted in part.

JAMES B. MORAN
Senior Judge, U. S. District Court

Sept. 12, 2007.

---

[1] We limit our ruling to exclusion of evidence of a prior art "single action" feature that requires a double click, entry of a quantity, and an enter by the user. Because of the unusual nature of our determination, we reject TT's request that we go any further. Specifically, we reject TT's request that we exclude expert testimony that "single action" can cover a screen which requires that a user click on a screen and move a cursor to click on a button in a pop-up window to send an order. TT can argue its case to the jury and we will, per the guidance of the Federal Circuit, submit detailed claim construction instructions to the jury.