IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TRADING TECHNOLOGIES )
INTERNATIONAL, INC., )
 )
      Plaintiff, )
 )
vs. ) No. 04 C 5312
 )
eSPEED, INC., eSPEED, INTERNATIONAL, )
LTD., and ECCO WARE, LTD., )
 )
      Defendants. )

## MEMORANDUM OPINION AND ORDER

On July 12, 2007, in the patent infringement dispute between Trading Technologies International, Inc. ("TT") and eSpeed, Inc., eSpeed International, Ltd, Ecco LLC, and EccoWare Ltd. (collectively "eSpeed"), we denied cross-motions regarding the priority date of the patents-in-suit. Trading Technologies Int'l, Inc. v. eSpeed, —F.Supp.2d—, 2007 WL 2588846 (N.D.Ill.2007) ("Priority Date").[1] Now, in light of a recent deposition, TT has filed a supplemental motion for summary judgment. For the reasons stated below, we deny TT's supplemental motion for summary judgment.

## DISCUSSION

The parties dispute the priority date of the patents-in-suit. TT contends that both patents-in-suit can claim priority to a provisional application filed on March 2, 2000. eSpeed, arguing that the provisional application fails to satisfy the necessary requirements of 35 U.S.C. § 112, claims that the patents-in-suit may only claim priority to their parent application filed on June 9, 2000. In light of our ruling that there was no invalidating prior public use prior to March 2, 1999, and TT's stipulation that there was invalidating prior public use between March 2, 1999 and June 9, 1999, the priority date determination has gained significance.

---

[1] We presume familiarity with our initial decision on the priority date issue.

We begin with the supplemental testimony upon which TT relies. During his deposition, eSpeed expert Robert Dezmelyk testified that "software engineering is predictable as a whole, and as a subset of it user interface design in general is predictable" (TT motion, Ex. A, at 60). In defining "predictable," Dezmelyk explained that "the word 'predictable' to me means that you can reasonably be certain of an outcome based on information before you perform say the experiment or the test or take the step" (id., at 61). He continued,"The design of a user interface, the instantiation of the user interface and the behavior of that user interface is predictable to practitioners" (id., at 62).

TT argues that once eSpeed's expert concedes that the art of user input devices is a predictable art, TT is entitled to summary judgment under the law of Bilstad v. Wakalopulos, 386 F.3d 1116 (Fed.Cir.2004). In Bilstad, the Federal Circuit held that "disclosure of a species may be sufficient written description support for a later claimed genus including that species." 386 F.3d at 1124. The Federal Circuit, however, did recognize two exceptions to the genus/species rule. The first, identified in In re Curtis, 354 F.3d 1347 (Fed.Cir.2004), limits the Bilstad rule where there is "'unpredictability in performance of certain species or sub-combinations other than those specifically enumerated.'" Bilstad, 386 F.3d at 1125 (citing Curtis, 354 F.3d at 1355). The Bilstad court explained that "unpredictability in the particular field may warrant closer scrutiny of whether disclosure of a species is sufficient to describe a genus." Id. The second exception, articulated in Tronzo v. Biomet, 156 F.3d 1154 (Fed.Cir.1998), also limits the Bilstad rule. Where a patent applicant specifically distinguished its invention, disclosed in a parent application, from the prior art by citing to a specific element of the invention, a later filed application is not entitled to the priority date of the parent application when the later-filed application claims an invention with an element broader than that disclosed in the parent application. In our previous ruling we found no Tronzo exception.

Because we previously found that the <u>Bilstad</u> genus/species rule applied to the case at hand, and that there was no <u>Tronzo</u> exception, TT argues that a finding of no <u>Curtis</u> exception requires a finding that the priority date was March 2, 2000. TT contends that the newly-filed deposition testimony from Dezmelyk establishes that the art in question (user input devices) is a predictable art. That, TT argues, is sufficient to eliminate a <u>Curtis</u> exception, and therefore, establish the priority date as a matter of law. eSpeed disputes TT's reading of our <u>Priority Date</u> order, <u>Bilstad</u>, and the predictability of the art. First, eSpeed disputes TT's characterization that the factual dispute identified by this court – whether one reasonably skilled in the art, reading the provisional application that explicitly calls for a "single click" user entry, would have known that the patentee had possession of a broader "single action of a user input device," as defined by this court – turns on the predictability of the art. Second, eSpeed contends that TT misreads <u>Bilstad</u>: "<u>Bilstad</u> does not hold, as TT argues, that a species is sufficient to disclose a genus unless the art is unpredictable. Rather, it holds that *if* disclosure of a species is sufficient to disclose a broader genus to persons of skill in the art, it *still* may not be a sufficient written description under § 112 if 'the person skilled in the art would not readily discern that other members of the genus would perform similarly to the disclosed members'" (eSpeed response, at 3)(citing <u>Bilstad</u>, 386 F.3d at 1125)(emphasis in original). Finally, eSpeed suggests that TT cannot deny that the art was unpredictable for purposes of obviousness, and yet consider it predictable for purposes of surviving the <u>Curtis</u> exception.

We begin with our earlier analysis. TT is correct that, while we were not perhaps sufficiently explicit, we determined that the issue at hand fell into the genus/species rule, and the factual dispute centered on the predictability of the art. In identifying the factual dispute as to whether one reasonably skilled in the art would have recognized that designation of "single click" indicated possession of the broader "single action of a user input device," we

relied on the portion of the <u>Bilstad</u> opinion assessing the exception set forth in <u>Curtis</u>. <u>Priority Date</u>, 2007 WL 2588846, at *6 (citing the following language from <u>Bilstad</u>: "If the difference between members of the group is such that the person skilled in the art would not readily discern that other members of the genus would perform similarly to the disclosed members, *i.e.*, if the art is unpredictable, then disclosure of more species is necessary to adequately show possession of the entire genus").

eSpeed is generally correct that not every species is sufficient to disclose a genus as long as the art is predictable. *See* <u>LizardTech, Inc. v. Earth Resource Mapping, Inc.</u>, 424 F.3d 1336, 1346 (Fed.Cir.2005) ("a patentee cannot always satisfy the requirements of section 112, in supporting expansive claim language, merely by clearly describing one embodiment of the thing claimed"). For example, in our <u>Priority Date</u> ruling, we discussed <u>Augustine Medical</u>, wherein the Federal Circuit determined that the parent application's failure to disclose a lower body blanket was fatal to its claim of priority where the parent only discussed care sites of the head and neck region. We distinguished <u>Augustine Medical</u> by noting that "[w]hile the blanket described in <u>Augustine Medical</u>'s parent application suggested only one use for the blanket, the single action entry claimed in plaintiff's patents performs the same use and the same function as the species defined in the provisional." <u>Priority Date</u>, at *5. Thus, we have already found the applicability of <u>Bilstad</u>'s species/genus rule to the case at hand. eSpeed raises no argument and no precedent that convinces us that we were wrong.[2]

So we are left with a final inquiry: Does the deposition testimony cited by TT establish, as a matter of law, that the art at issue is so predictable that one reasonably skilled in the art, reading the provisional application that explicitly calls for a "single click" user entry, would have known that the patentee had possession of a broader "single action of a user input

---

[2] In fact, eSpeed's opposition brief fails to cite one case supporting its reading of <u>Bilstad</u>.

device"? TT suggests that Dezmelyk's concession that both software and graphical user interfaces tend to be predictable, answers our question in the affirmative. We disagree. Just because an art tends to be predictable does not necessarily mean that one skilled in the art would have understood the patentee to be in possession of the broader claim element. In Bilstad, the Federal Circuit noted that the mechanical world is a fairly predictable field. 386 F.3d at 1126. In fact, the Bilstad court stated: "In the mechanical world – a fairly predictable field – it is wholly conceivable that manipulation in a small number of directions may convey to one skilled in the art that Bilstad indeed described manipulation in a 'plurality' of directions." Id. The Bilstad court continued, however, by noting that "the record contains no analysis of what one skilled in the art would have understood from the Bilstad disclosure or the degree of predictability of technical variations in this field of art." Id. In this case, our record does contain analysis of what one skilled in the art would have understood from the provisional application. As we have already noted, however, we are left with a battle of the experts. And that creates a material issue of fact for the jury to decide. Dezmelyk's testimony does not concede TT's point as to whether one reasonably skilled in the art would have known that the patentee had possession of the broader "single action of a user input device."

As we find that a factual dispute remains, we need not get to eSpeed's (rather tenuous) argument that TT's expert's suggestion that the art was not obvious precludes its argument that the art itself is a predictable art.

## CONCLUSION

For the reasons stated above, we deny TT's supplemental motion for summary judgment.

JAMES B. MORAN
Senior Judge, U. S. District Court

Sept. 25, 2007.