UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Trading Technologies International, Inc., | ) |
| | ) Civil Action No. 04 C 5312 |
| Plaintiff, | ) |
| | ) Judge: James B. Moran |
| v. | ) |
| | ) Magistrate: Sidney I. Schenkier |
| eSpeed, Inc., eSpeed International, Inc. EccoWare LLC, and Ecco LLC | ) |
| | ) |
| Defendants. | ) |

**TRADING TECHNOLOGIES INTERNATIONAL, INC.'S
MOTION FOR JUDGMENT AS A MATTER OF LAW**

Plaintiff, Trading Technologies International, Inc. ("TT") moves for a Judgment as a Matter of Law ("JMOL") pursuant to FRCP 50(a). TT has presented sufficient evidence to support a judgment as a matter of law on the following issues:

1. Judgment as a matter of law that the defendants have infringed the '304 and the '132 patents.

TT has proven by a preponderance of the evidence that eSpeed has infringed the asserted claims as construed by the Court. *Cross Medical Products, Inc. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1310 (Fed. Cir. 2005). By making, using, selling eSpeed's Futures View, eSpeed's AutoSpeed Basis, and Ecco's Price Ladder, and by instructing others how to use these products in an infringing matter, eSpeed has infringed and induced infringement of the asserted claims. eSpeed has admitted that when used in the normal manner, the Ecco Price Ladder and AutoSpeed Basis products directly infringe at least one of the claims of each of the patents-in-suit. 9/17/07 Tr. at 12-17. TT has proven that eSpeed directly infringed the claims of the patents-in-suit by installing, demonstrating, selling the infringing products. Lewis Testimony, 9/12/07 Tr. at 18-20, 24-27; Grey Testimony, 9/18/07 Tr. at 15-16, 29-32, Troy Testimony, 9/17/07 Tr. at 116-118; Eccleston Testimony, 9/19/07 Tr. at 57; Gill Testimony, 9/21/07 Tr. at

1

16. TT also has shown that these products were used, by both eSpeed and its customers, in an infringing manner. Grey Testimony, 9/18/07 Tr. at 19-22, 32-36; Lewis Testimony, 9/12/07 Tr. at 27, 35-36, Troy Testimony, 9/17/07 Tr. at 130; Shannon Testimony, 9/19/07 Tr. at 99-100.

TT has proven by a preponderance of the evidence that eSpeed has induced others to infringe and that eSpeed knew or should have known their actions would induce infringement. *DSU Medical Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1305 (Fed. Cir. 2006). With respect to the Futures View product with an automatic recentering mode, eSpeed has induced infringement by instructing its customers how to turn off the automatic recentering feature and issuing manuals to its customers including instructions on how to turn off the automatic recentering feature. *See* PTX 75, PTX 76; *see also* Lewis, 9/12/07 Tr. at 24-25, Grey 9/18/07 Tr. at 20-22; Noviello, 9/26/07 Tr. at 25, 31, 40-43. With respect to the Price Ladder and AutoSpeed Basis products, TT has proven that defendants induced infringement by selling these products, providing manuals instructing customers how to use these products in an infringing manner, and demonstrating to customers how to use these products in an infringing manner. Eccleston Testimony, 9/19/07 Tr. at 57; PTX 10, PTX 11; Shannon Testimony, 9/19/07 Tr. at 99-100. eSpeed has failed to present any evidence to rebut this proof of induced infringement.

      2.      Judgment as a matter of law that Defendants' infringement was willful;

TT has proven that the eSpeed sold their infringing software despite of the fact that there was an objectively high likelihood that its actions constituted infringement of the patents-in-suit and that eSpeed knew or at least should have known of this risk. *In re Seagate*, --- F.3d ---, 2007 WL 2358677, *5 (Fed. Cir. 2007). The evidence proves that eSpeed was aware of the patent applications while pending and the patents once issued. Troy Testimony, 9/17/07 Tr. at 115, 120-122; Cowan Testimony, 9/18/07 Tr. at 125-129. TT has also proved that Ecco was aware of the patent applications while pending and in fact downloaded them from the PTO website, and was aware of the patents once issued. Cowan Testimony, 9/18/07 Tr. at 125-129; Eccleston Testimony, 9/19/07 Tr. at 51-53, 55-56, 60-64; Davies Testimony, 9/21/07 Tr. at 9-13.

TT has also demonstrated other factors considered in the totality of the circumstances analysis, including egregious copying, motivation for harm, and remedial action, which dictate a finding of willful infringement. Rough Transcript of Proceedings, 9/12/07 AM, 10:15-40:20, 9/17/07 PM, 108:03-130:12, 9/17/07 PM 131:18-151:4, 9/19/07 PM 11:10-17:7. *See also* PTX 20,

26-27, 38, 75-76, 86, 97-99, 110, 123, 215, 256-261, 279, 292, 294, 531-532, 691, 903-905, 993-997, 1356-58, 1360-61, 1365-66, 1457.  TT has proven by clear and convincing evidence that these factors weigh in favor of a finding of willfulness. The evidence also shows that infringing use continued, despite knowledge of the patents, until at least December of 1999, when redesign was allegedly complete.  Noviello Testimony, 9/26/07 Tr. at 32-33.  eSpeed has offered no evidence sufficient to rebut the evidence presented by TT.

    3.      Judgment as a matter of law that Plaintiffs are entitled to a reasonable royalty.

Pursuant to 35 U.S.C. § 287, TT is entitled to at no less than a reasonable royalty for infringement or inducement by eSpeed.  TT has proven by a preponderance of the evidence that it is entitled to a reasonable royalty for eSpeed's infringement to date of the patents-in-suit in the amount of $3,593,611 to $4,602,243, resulting from a per transaction fee basis.  Rough Transcript of Proceedings, 9/18/07 PM, 34:14-18, 40:22-41:1; PTX 229-230, 399, 1012, 1913.

    4.      Judgment as a matter of law that TT has demonstrated marking of the patented article under 35 U.S.C. § 287.

To obtain remedies for infringement under 35 U.S.C. §271(g) for infringements taking place before the infringer had actual notice of the patent, a patentee must mark his products with the patent number.  TT has proven by a preponderance of the evidence that, beginning August 3, 2004, it marked all products covered by the patents-in-suit, required all licensees to mark, and took reasonable steps to ensure that its licensees marked. Rough Transcript of Proceedings, 9/12/07 PM, Ryan Testimony, 92:3-96:12; 9/19/07 PM, 64:18-82:9; PTX 1987, 1989, 2030, 2034-36, 2039.  eSpeed has offered no rebuttal evidence.

Defendants have failed to present sufficient evidentiary support that TT's '304 and '132 patents are invalid.  TT respectfully requests the Court grant JMOL with respect to the following issues:

    5.      Judgment as a matter of law that Defendants have failed to demonstrate that TradePad, Midas Kapiti, TSE, or TIFFE qualify as prior art.[1]

---

[1] TT also maintains its reliance on the motions *in limine* it filed during at trial:

eSpeed has not proven by clear and convincing evidence that any of the items it asserts against the validity of the patents-in-suit actually qualify as prior art. Items that are merely sold, used or known in foreign countries do not qualify as prior art. 35 U.S.C. § 102; *Bruckelmyer v. Ground Heaters, Inc.*, 453, F.3d 1352, 1354 (Fed. Cir. 2006); *Lamp-Weston, Inc. v. McCain Foods*, 78 F.3d 540, 548-560 (Fed. Cir. 1996). A patent or printed publication that is only available in foreign countries may qualify as prior art. *Id.* However, all other references must have been on sale or used in the United States to qualify as prior art. 35 U.S.C. § 102. To qualify as a printed publication, a reference must be reasonably accessible to the interested public. *In re Klopfenstein*, 380 F.3d 1345, 1349 (Fed. Cir. 2004); *In re Hall*, 781 F.2d 897, 898-99 (Fed. Cir. 1986); *Reno v. ACLU*, 521 U.S. 844, 853 (1997) (regarding Internet publications).

A prior use must be more than one year before the priority date of the patents-in-suit, and must be public. *SmithKline Beecham Corp. v. Apotex Corp.*, 365 F.3d 1306, 1316-1317 (Fed.Cir. 2004). If the invention was used for an experimental purpose, it is not prior art. *Id.*

In order to be prior art under the "on sale" bar, the invention must be 1) the subject of a commercial offer for sale, and 2) ready for patenting. *Pfaff v. Wells Electronics, Inc.*, 525 U.S. 55, 67 (1998). A contract or offer for sale must be a contract or offer for sale under the rule of the Uniform Commercial Code. *Minnesota Min.. & Mfg. Co.v. Chemque, Inc¸* 303 F.3d 1294, 1307 (Fed. Cir. 2002). A sales contract or purchase agreement may demonstrate the "on sale" status of prior art, so long as the contract included the patented invention. *Datamize, LLC v. Plumtree Software, Inc.¸* 417 F.3d 1342, 1348 (Fed. Cir. 2005).

eSpeed has failed to prove that GL's TradePad was ever sold or used in the U.S. prior to the critical date, or that the Japanese manuals qualify as printed publications available prior to the critical date.

---

- Motion *in limine* to Limit Deposition Testimony Relating to Tokyo Stock Exchange (TSE) (Docket No. 863)
- Motion *in limine* to preclude eSpeed from offering evidence of alleged Japanese Prior Art (Docket No. 879)
- Motion *in limine* to preclude Defendant eSpeed from Introducing Christina Dosbon's Testimony in Her Capacity as the CME's 30 (b)(6) Witness (Docket No. 857)
- Motion *in limine* to Preclude Files Found on Chicago Mercantile Exchange Hard Drives (Docket No. 862)
- Motion *in limine* to Preclude (1) GL's Internal Source Code Archives, (2) the TradePad Demonstrations Created from the Archives and (4) the Testimony of Mr. Webster. (Docket No. 866)
- Motion *in limine* to Preclude Defendant eSpeed form Relying on Binaries and Executables Produced by GL Trade on September 6, 2007 (Docket No. 940)
- Motion *in limine* to Preclude 1) Testimony of Steve Good and 2) All Use of GL Belated Production (Docket No. 967)

eSpeed has offered no convincing evidence that TradePad was ever the subject of a commercial offer for sale in the U.S. to the CME. There was no contract between GL and CIS that specifically included TradePad. Order of 9/19/07, Docket No. 994, pp. 4-5; Rough Transcript of Proceedings, 9/28/07 AM, 81:12-82:6. eSpeed has unsuccessfully attempted to corroborate Glista's testimony with a nonexistent version of TradePad. Rough Transcript of Proceedings, 10/01/07 AM, 82:23-87:7. Therefore, eSpeed has not offered evidence that proves that TradePad was included in the version of GLWin that was the subject of the contract. Any subsequent deliveries of TradePad to the CME are not commercial offers for sale, as this Court has stated in its September 19, 2007 response to GL and FuturePath's Motion for Clarification. Docket No. 994, pp. 6-7.

Similarly, eSpeed has not offered evidence sufficient to show that TradePad was ever the subject of a commercial offer for sale in the U.S. to Cargill Investor Services. The only evidence offered is the testimony of Mike Glista, an interested witness, and is insufficient as a matter of law without corroboration. Order of 8/21/07 ("Invalidity Order"), Docket No. 845, p. 20.

eSpeed has not proven by clear and convincing evidence that the manuals for the TSE system, the TIFFE system, or Midas Kapiti were publicly available. These manuals were not reasonably accessible to members of the public. For example, the TSE manual was given to no more than 200 users, all of whom were under restrictions on further dissemination. Rough Transcript of Proceedings, 10/26/07 AM, 79:24-81:18; PTX 1978. There is no evidence of publication of the TIFFE manual.

Mr. Kida testified that the Midas Kapiti manuals were subject to confidentiality restrictions and that the information was subject to confidentiality restrictions and not allowed to be distributed to the public. Rough Transcript of Proceedings, 10/01/07 AM, 11:10-21, 31:1-32:3. This is confirmed in the Midas Kapiti contract. PTX 2148; Rough Transcript of Proceedings, 10/01/07 AM, 34:23-35:20. eSpeed has offered no evidence that the manuals for the Midas Kapiti, TSE, or TIFFE systems were publications for the purposes of § 102(b).

Therefore, eSpeed has not offered any evidence sufficient to satisfy its burden of proof that TradePad or the Japanese manuals qualify as prior art under 35 U.S.C. § 102.

      6.      Judgment as a matter of law that Defendants have failed to prove invalidity of the '304 and '132 under 35 U.S.C. §102.

As an initial matter, as noted above, eSpeed has failed to prove that the references it cited constitute prior art. Thus, as a matter of law, they cannot invalidate any claims of the patents under Section 102. eSpeed has failed to offer any evidence of prior art more relevant to the patents-in-suit that that already considered by the Examiner, including WO 99/23099, U.S. Pat. No. 6,408,282, and the user documentation for TT's X_Trader product featuring single-click order entry. Rough Transcript of Proceedings, 9/27/07 AM, 47:25-52:9. Therefore, eSpeed failed to satisfy the heightened standard of proving that the patents-in-suit are invalidated by references containing features already considered by the Examiner.

Further, eSpeed has not proven by clear and convincing evidence that TradePad or any of the Japanese manuals contain each and every limitation of the claim in that single item of prior art. eSpeed's anticipation expert admits that not all claims of the patents-in-suit could be anticipated, even giving eSpeed the benefit of the doubt as to whether the references are prior art, and assuming the best possible disclosure for those references. Rough Transcript of Proceedings, 9/27/07 AM, 41:17-44:4, 65:16-66:2, 84:2-88:5.

TT has presented evidence that these references lack features of the independent claims of the patents-in-suit, including single-action order entry, overlapping order entry regions, single-action order cancellation, display of working orders, and the ability to set a plurality of parameters. Rough Transcript of Proceedings, 10/02/07 AM, 13:8-53:24.

eSpeed has not met its burden of proof that the patents-in-suit are invalid under 35 U.S.C. § 102.

7. Judgment as a matter of law that that Defendants have failed to prove invalidity of the '304 and '132 under 35 U.S.C. §103;

eSpeed has not satisfied its burden of proving by clear and convincing evidence that the claimed invention would have been obvious to a person of ordinary skill in the art at the time the invention was made, and has offered no substantive evidence in this regard. Again, eSpeed has failed to offer any evidence of prior art more relevant to the patents-in-suit that that already considered by the Examiner, including WO 99/23099, U.S. Pat. No. 6,408,282, and the user documentation for TT's X_Trader product featuring single-click order entry. Rough Transcript of Proceedings, 9/27/07 AM, 47:25-52:9. Although single-click order entry and static price levels existed separately, before the critical date, the combination of the two was not obvious. During the

prosecution of the patents-in-suit, the Examiner explicitly stated that the ***combination*** of single-click order entry and static price levels was not obvious. PTX 3, eS0000065385. Further, TT has presented evidence of secondary considerations of non-obviousness, such as commercial success, initial skepticism, industry praise, and copying that further support a finding that the patents-in-suit are not obvious. Rough Transcript of Proceedings, 9/12/07 AM, 10:15-40:20, 9/17/07 PM, 108:03-130:12, 9/17/07 PM 131:18-151:4, 9/19/07 PM 11:10-17:7. *See also* PTX 20, 26-27, 38, 75-76, 86, 97-99, 110, 123, 215, 256-261, 279, 292, 294, 531-532, 691, 903-905, 993-997, 1356-58, 1360-61, 1365-66, 1457.

eSpeed has not satisfied its burden to show that the patents-in-suit are obvious, and TT has demonstrated that the patents-in-suit are not obvious.

8. Judgment as a matter of law that that Defendants have failed to prove invalidity of the '304 and '132 for failure to satisfy the definiteness requirement of 35 U.S.C. §112 (2)

A patent claim, when read along with the rest of the patent, must reasonably inform those skilled in the art what the patent claims cover. During the prosecution of the patents-in-suit, the Patent Examiner considered this issue and expressly found that the term "single action" was term was definite in light of the disclosure of the specification. Rough Transcript of Proceedings, 9/19/07 PM, 123:19-124:21.

If a claim is susceptible of construction, as a matter of law it is not indefinite. *Honeywell Int'l, Inc. v. ITC,* 341 F.3d 1332, 1338-39 (Fed. Cir. 2003); *Novo Indus., L.P. v. Micro Molds Corp., 350 F.3d 1348, 1353 (Fed. Cir. 2003)*; *Exxon Res. & Eng'g Co. v. U.S., 265 F.3d 1371, 1375 (Fed. Cir. 2001)*. As this Court has itself noted, it has already construed the claims, and therefore, the claims cannot be indefinite. Transcript of Proceedings, 9/25/07 PM, 137:7-138:19.

eSpeed has not satisfied its burden of proving by clear and convincing evidence that the term "single action" is indefinite.

An oral statement regarding the above will be provided if the Court desires. Further support for TT's JMOL will be provided as a memorandum of law in support thereof.

Respectfully submitted,

Date: October 4, 2007  By: _s/ Paul A. Kafadar_____
Paul H. Berghoff (ID No. 6180462)
Leif R. Sigmond (ID No. 6204980)
Matthew J. Sampson (ID No. 6207606)
S. Richard Carden (I.D. No. 6269504)
Jennifer M. Kurcz (ID No. 6279893)
Michelle L. McMullen-Tack (ID No. 6286852)
**McDonnell Boehnen Hulbert & Berghoff LLP**
300 South Wacker Drive
Chicago, Illinois 60606
Tel.: (312) 913-0001
Fax: (312) 913-0002

Steven F. Borsand (ID No. 6206597)
**Trading Technologies International, Inc.**
222 South Riverside
Suite 1100
Chicago, IL 60606
Tel: (312) 476-1000
Fax: (312) 476-1182

**Attorneys for Plaintiff,
TRADING TECHNOLOGIES
INTERNATIONAL, INC.**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing TRADING TECHNOLOGIES INTERNATIONAL INC.'S MOTION FOR JUDGMENT AS A MATTER OF LAW was served on October 4, 2007, as follows:

*Via Email and U.S. First Class Mail:*

| | |
|---|---|
| *Counsel for eSpeed, et al.:*<br>Raymond Perkins<br>(rperkins@winston.com)<br>Winston & Strawn LLP<br>35 W. Wacker Drive<br>Chicago, IL 60601<br>Main Tel: 312-558-5600<br>Fax: 312-558-5700<br><br>*Counsel for Rosenthal Collins Group:*<br>Geoffrey A. Baker<br>(gabaker@dowellbaker.com)<br>Dowell Baker, P.C.<br>229 Randolph St.<br>Oak Park, IL 60302<br>Tel: 708-660-1413<br>Fax: 312-873-4466<br><br>Jeffrey Schulman<br>(jschulman@wolinlaw.com)<br>Wolin & Rosen, Ltd.<br>55 West Monroe Street, Suite 3600<br>Chicago, IL 60603<br>Tel: 312-458-1244<br>Fax: 312-424-0660 | *Counsel for CQG, Inc. and CQGT, LLC:*<br>Kara E. F. Cenar<br>(kcenar@bellboyd.com)<br>Bell, Boyd & Lloyd, LLC<br>70 W. Madison Street, Suite 3100<br>Chicago, IL 60602-4207<br>Main Tel: 312-372-1121<br>Fax: 312-827-8000<br><br>Nina Wang<br>(Nwang@faegre.com)<br>Neal Cohen<br>(ncohen@faegre.com)<br>Jared Briant<br>(jbriant@faegre.com)<br>Faegre & Benson, LLP<br>1900 Fifteenth Street<br>Boulder, CO 80302<br>Tel: 303-447-7700<br>Fax: 303-447-7800 |

*Via Email and Federal Express:*

| |
|---|
| *Counsel for GL Consultants, Inc., GL Trade SA, and FuturePath Trading LLC:*<br>Lora A. Moffatt<br>(lmoffatt@salans.com)<br>Salans<br>Rockefeller Center<br>620 Fifth Ave<br>New York, NY 10020-2457<br>Main Tel: 212-632-8436<br>Main Fax: 212-307-3320 |

*Via Email:*

| |
|---|
| *Counsel for GL Consultants, Inc., GL Trade SA, and FuturePath Trading LLC:*<br>Brian Norkett (b_norkett@hotmail.com)     Natalie Clayton (natalie.clayton@alston.com)<br>Alison Naidech (anaidech@salans.com)     Walter Scott (wscott@alston.com)<br>Phillippe Bennett (pbennett@alston.com) |

                                                                       s/        Paul A Kafadar