IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TRADING TECHNOLOGIES )
INTERNATIONAL, INC., )
 )
      Plaintiff, )
 )
    vs. ) No. 04 C 5312
 )
eSPEED, INC., eSPEED, INTERNATIONAL,)
LTD., and ECCO WARE, LTD., )
 )
      Defendants. )

## MEMORANDUM OPINION AND ORDER

Defendants move for judgment as a matter of law that plaintiff's patents-in-suit are indefinite and thus invalid. Defendants argue that the claim term "single action of a user input device" is indefinite because it fails to alert one of ordinary skill in the art as to the bounds of the claimed invention. For the following reasons, we deny defendants' motion.

After the <u>Markman</u> hearing, this court defined the disputed claim term as "an action by a user within a short period of time that may comprise one or more clicks of a mouse button or other input device." That definition was based mainly on the language located in the patent description, which states:

> Further, the specification refers to a single click of a mouse as a means for user input and interaction with the terminal display as an example of a single action of the user. While this describes a preferred mode of interaction, the scope of the present invention is not limited to the use of a mouse as the input device or to click of a mouse button as the user's single action. Rather, any action by a user within a short period of time, whether comprising one or more clicks of a mouse button or other input device, is considered a single action of the user for the purposes of the present invention.

During trial, plaintiff presented this court with a motion *in limine* seeking to preclude expert testimony that it argued contradicted this court's construction of "single action." We granted the motion in part, holding that it was very clear that defendants' purported evidence

of the Tokyo Stock Exchange (TSE) system, in which an order is entered by means of a double click, followed by the entry of a quantity, followed by an "enter," did not constitute a "single action" as we construed the term. Trading Techs. Int'l v. eSpeed, Inc., No. 04 C 5312, 2007 U.S. Dist. LEXIS 68115 (N.D. Ill. Sept. 12, 2007). The jury did not render a verdict on indefiniteness.

Defendants argue that the claim term is indefinite as construed because it fails to alert one of ordinary skill in the art as to what is claimed by the invention. Specifically, defendants argue that the phrases "one or more clicks" and "short period of time" are indefinite because nothing in the specification or description provides guidance as to the boundaries of these terms. Plaintiff's arguments are that (1) because the court was able to construe the term, "single action," it cannot be indefinite under controlling Federal Circuit precedent; (2) defendants' arguments improperly focus on certain words used to construe the term, instead of the claim language itself, and fail to note the requirement that a single action must be determined from the perspective of the user; (3) this court's determination that the TSE order entry system did not constitute a single action demonstrates that the claim term is not indefinite.

The Federal Circuit has stated that a patent claim is sufficiently definite if "one skilled in the art would understand the bounds of the claim when read in light of the specification." Exxon Research & Eng'g Co. v. United States, 265 F.3d 1371, 1375 (Fed. Cir. 2001); Datamize, LLC v. Plumtree Software, Inc., 417 F.3d 1342, 1347 (Fed. Cir. 2005). "The statutory requirement of particularity and distinctness in claims is met only when [the claims] clearly distinguish what is claimed from what went before in the art and clearly circumscribe what is foreclosed from future enterprise." United Carbon Co. v. Binney & Smith Co., 317 U.S. 228

(1942); *see also* SmithKline Beecham Corp. v. Apotex Corp., 403 F.3d 1331, 1340 (Fed. Cir. 2005).

However, absolute clarity is not required, and only claims "not amenable to construction" or "insolubly ambiguous" are indefinite. *See* Datamize, LLC, 417 F.3d at 1347; Energizer Holdings v. ITC, 435 F.3d 1366, 1371 (Fed. Cir. 2006); Honeywell Int'l, Inc. v. Int'l Trade Comm'n, 341 F.3d 1332, 1338 (Fed. Cir. 2003); Exxon, 265 F.3d at 1375. Further, patents enjoy a statutory presumption of validity and a challenger must demonstrate invalidity by clear and convincing evidence. *See* 35 U.S.C. § 282; Budde v. Harley Davidson, Inc., 250 F.3d 1369, 1376 (Fed. Cir. 2001). "By finding claims indefinite only if reasonable efforts at claim construction prove futile, we accord respect to the statutory presumption of validity." Exxon, 265 F.3d at 1375.

We agree with plaintiff that the claim term is sufficiently definite. First, the fact that the term is amenable to construction – that it can be construed to alleviate ambiguity – renders it definite. Exxon, 265 F.3d at 1375. We found the term to be amenable to construction because it was essentially construed by the patent description itself. Additionally, the phrases, "one or more clicks" and "short period of time," do not render the term indefinite. These phrases are not part of the claim language, and thus, to the extent defendants argue that the claim term is indefinite based on those phrases, their argument is improper. *See* Minnesota Mining & Mfg. Co. v. Johnson & Johnson Orthopaedics, Inc., 976 F.2d 1559, 1567 (Fed. Cir. 1992)(improper to use language of court's construction to render claim indefinite). Regardless, "one or more clicks" merely describes how the single action may be performed, and "short period of time" is not unduly ambiguous when taken in the context of the market for the patent – commodity trading.

Furthermore, both phrases are necessarily less than precise because a single action is determined from the perspective of the user. *See* Orthokinetics, Inc. v. Safety Travel Charis, Inc., 806 F.2d 1565, 1576 (Fed. Cir. 1986). As defendants themselves point out, users vary in their skill, their speed, their background and their customization of the software. Therefore, what constitutes a single action from the perspective of a very experienced trader, or one who has customized his software to certain specifications, may be different than a single action from the perspective of a new trader or one unsure of the shortcuts and customization possibilities available. For example, a user who changes the default setting so that his mouse only recognizes double-clicks as two mouse clicks that occur within .3 seconds of each other, would consider two clicks that took 1 second as two separate actions, whereas a person who has a setting recognizing two clicks of the mouse within 1 second as a double-click, would consider that to be a single action. Both fall within the scope of the patents-in-suit because both users perceive that they are engaging in a single action – a double-click. Since the benchmark for determining indefiniteness is one of ordinary skill in the art, in other words, the "average" user, any attempt to further pin down the boundaries of this claim term would import limitations into the claims that do not exist. It is enough that one of ordinary skill in the art would understand that, in the hypothetical above, whether the double-click took .3 seconds or 1 second, the fact that it was a double-click from the perspective of the user makes it a single action.

In addition, we find that the claim term, as construed, does alert one of ordinary skill in the art as to the boundaries of the claimed invention. This court was easily able to determine that the TSE system's method of order entry did not fall within the boundaries of the patents-in-suit because the combined actions of double-clicking, entering quantity, and pressing

"enter," even though it literally constitutes "one or more clicks" of a mouse button, *et cetera*, did not constitute a single action from the perspective of a user. Our very ability to determine that the TSE does not fall within the claim's ambit is evidence that the claim term is sufficiently definite. Therefore, defendants have failed to meet their burden of proving by clear and convincing evidence that the claim term "single action" is indefinite.

## CONCLUSION

For the foregoing reasons, defendants' motion is denied.

*James B. Moran*
JAMES B. MORAN
Senior Judge, U.S. District Court

Jan. 2, 2008.