

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRADING TECHNOLOGIES INTERNATIONAL, INC., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>eSPEED, INC., eSPEED, INTERNATIONAL,)<br>LTD., and ECCO WARE, LTD., )<br>)<br>Defendants. ) | No. 04 C 5312 |

## MEMORANDUM OPINION AND ORDER

After trial, the jury rendered a verdict that defendants willfully infringed plaintiff's patents. Defendants move for a judgment as a matter of law that their conduct was not willful and plaintiff moves for enhancement of damages based on the jury's willfulness verdict. For the following reasons we grant defendants' motion and deny plaintiff's motion.

Rule 50 of the Federal Rules of Civil Procedure states:

If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may resolve the issue against the party and grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

In In re Seagate Technologies, LLC, 497 F.3d 1360 (Fed. Cir. 2007), the court set out a new standard for determining when infringement qualifies as willful:

[T]o establish willful infringement, a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent. The state of mind of the accused infringer is not relevant to this objective inquiry. If this threshold objective standard is satisfied, the patentee must also demonstrate that this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer.

*Id.* at 1371. At trial, this court instructed the jury on this standard. We agree with plaintiff that the court's decision in Seagate did not alter the requirement that the totality of the circumstances must be taken into account when determining whether infringement was willful. However, upon review of the record we find no support for the jury's verdict of willfulness.

First, we find that plaintiff did not meet its burden of demonstrating that defendants acted despite an objectively high likelihood of infringement. When defendants first launched Futures View, plaintiff's patent had not yet issued. While defendants knew of plaintiff's patent application, this knowledge alone is not enough to demonstrate willfulness. State Industries, Inc. v. A.O. Smith Corp., 751 F.2d 1226, 1236 (Fed. Cir. 1985); Conopco, Inc. V. May department Stores Co., 46 F.3d 1556, 1562 (Fed. Cir. 1994); Am. Original Corp. v. Jenkins Food Corp., 774 F.2d 459, 465 (Fed. Cir. 1985). As the court noted in State Industries, "Filing an application is no guarantee any patent will issue and a very substantial percentage of applications never result in patents." 751 F.2d at 1236. Thus, the focus of a willfulness determination is generally on post-patent, rather than pre-patent conduct.

Here, plaintiff failed to provide any evidence of post-patent conduct indicative of willfulness. Plaintiff offered to the jury two of defendants' internal e-mails as evidence of willfulness, but those e-mails occurred prior to the issuance of the patent. Second, there was no evidence that defendants continued to sell their infringing product after the patent issued. In American Medical Systems, Inc. v. Medical Engineering Corp., the court affirmed, in part, the district court's willfulness determination because the defendant continued to sell its infringing product during the redesign period. 6 F.3d 1523, 1531 (Fed. Cir. 1993). Here, in contrast, once defendants became aware of the patent there were no further sales, and they immediately began a redesign, resulting in a product that was on the market within five months of the patent's issuance, and which this court found did not infringe the patent.

Plaintiff argues that during that period defendants should have pulled their infringing product from the customers who had already purchased it, or disabled the infringing screen. However, plaintiff offered no evidence that defendants could have done so. Thus, even if the likelihood of infringement could be considered objectively high, plaintiff adduced no evidence that defendants acted despite that likelihood.

Plaintiff also argues that defendants' failure to assert a non-infringement defense, and their lack of a reasonable invalidity defense at the time of infringement, warrant a finding that defendants acted despite an objective likelihood of infringement. We disagree. As one court notes:

> [w]hile a jury might find as a matter of fact that the absence of a reasonable belief of non-infringement or the invalidity on the patent in suit might on some records lead to a conclusion of disregard of an objectively high likelihood of infringement, that conclusion is hardly compelled. The two standards are not identical even if there might be some theoretical overlap.

Broadcom Corp. v Qualcomm Inc., No. 05-467-JVS, 2007 U.S. Dist. LEXIS 86627 (C.D. Cal. Nov. 21, 2007). In this situation we find that plaintiff's argument better rests with the consideration of defendants' subjective intent (that defendants knew or should have known of the objectively high likelihood of infringement). As noted above, we do not reach such a consideration since plaintiff has failed to meet Seagate's threshold requirement. However, since the Federal Circuit provided little guidance to courts as to how to meld the new standard with a consideration of the totality of the circumstances, we address plaintiff's contention.

Plaintiff makes much of the fact that during the early portion of this litigation defendants did not assert a non-infringement defense regarding the Futures View product. But that product, while mentioned in plaintiff's complaint, was not the focus of this litigation until this court granted defendants summary judgment on the redesigned products – Dual Dynamic, eSpeedometer and Modified eSpeedometer. Though in its preliminary injunction order this

court stated that defendants appeared not to assert non-infringement of their original product, we note that the preliminary injunction inquiry did not focus on that product since it was no longer on the market. Additionally, defendants' answer to plaintiff's complaint denied that any products infringed. Furthermore, validity of plaintiff's patents has been hotly contested in this litigation. We find on this record that defendants sufficiently asserted defenses to infringement and those defenses were neither unreasonable nor frivolous.

Plaintiff argues that the jury correctly found willfulness based upon defendants' pre-patent conduct. We agree with plaintiff that in some circumstances pre-patent conduct is relevant to a determination of willfulness (Minnesota Mining and Mfg. Co. v. Johnson & Johnson Orthopaedics, Inc., 976 F.2d 1559 (Fed. Cir. 1992)), significantly when that pre-patent conduct consists of egregious copying. Kaufman Co., Inc. v. Lantech, Inc., 807 F.2d 970 (Fed. Cir. 1986); Milgo Electronic Corp. v. United Business Communications, Inc., 623 F.2d 645 (10th Cir. 1980); Rhodia Chimie v. PPG Industries, Inc., 218 F.R.D. 416 (D. Del. 2003); Emory University v. Glaxo Wellcome Inc., No. 96-1868, 1997 U.S. Dist. LEXIS 24044 (N. D. Ga. Dec. 16, 1997). But again, as noted above, we find that such evidence is only relevant once Seagate's threshold of "objective likelihood of infringement" is met, since such likelihood can only arise once a patent issues. Nevertheless, we address plaintiff's argument.

We permitted plaintiff to submit such evidence to the jury upon plaintiff's showing that defendants' copying was egregious. (9/7/07 Order). However, plaintiff failed to provide the jury with sufficient evidence of egregious copying. On this issue plaintiff submitted two e-mails and one hearsay statement to the jury. The e-mails did not reveal copying of plaintiff's program *per se* (*i.e.*, copying of source code, *et cetera*), but rather revealed attempts to mimic the functionality of plaintiff's product because customers preferred it. Plaintiff also offered the hearsay statement of one of defendants' customers, who noted that defendants, like all of

the other independent software vendors, were attempting to create programs similar to plaintiff's in order to stay competitive. This evidence does not rise to the level of egregious copying seen in cases like Kaufman, Rhodia Chime and Milgo. Rather, "[t]his is classic commercial gamesmanship under the patent system . . . not the kind of behavior courts have categorized in the past as willful infringement." State Industries, 751 F.2d at 1236.

Finally, plaintiff argues that eSpeed's placement of $4 million into an escrow account during the purchase of Ecco (which occurred during the infringing period) constitutes evidence that defendants knew the product infringed. We decline to so find. Risk is something to be accounted for in business deals. At the time that eSpeed purchased Ecco, plaintiff had already filed this infringement suit against eSpeed. To the extent that there existed the risk of infringement in Ecco's product, we do not see how eSpeed's action could constitute an admission of infringement – it was merely a shrewd business practice.

Based on the record, we hold that no reasonable jury could find that defendants willfully infringed plaintiff's patent, and thus defendants are entitled to judgment as a matter of law. We reverse the jury's verdict on this issue. Since plaintiff's motion for enhanced damages is premised upon defendants' willful infringement, we further deny plaintiff's motion without analysis.

## CONCLUSION

For the foregoing reasons, we grant defendants' motion for judgment as a matter of law and deny plaintiff's motion for enhanced damages.

JAMES B. MORAN
Senior Judge, U. S. District Court

Jan. 3 , 2008.