IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRADING TECHNOLOGIES INTERNATIONAL, INC., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) No. 04 C 5312<br>) |
| eSPEED, INC., eSPEED, INTERNATIONAL, LTD., and ECCO WARE, LTD., | )<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Defendants (collectively, "eSpeed") move for a remittitur of damages, or in the alternative for a new trial, under Federal Rule of Civil Procedure 59. Plaintiff ("TT") asks this court to award it prejudgment interest.

For the following reasons, we deny eSpeed's motion upon the condition that TT accept a remittitur of eSpeed's portion of damages, and we grant TT's motion for prejudgment interest.

Remittitur

This case was tried in two parts before the same jury: a liability phase and a damages phase. The jury returned a verdict in favor of plaintiff, and awarded it a total of $3.5 million in compensatory damages: $2 million from Ecco and $1.5 million from eSpeed. eSpeed now seeks a remittitur of both its and Ecco's damages, or in the alternative, a new trial on damages.

In considering a motion to amend the judgment, or in the alternative, to grant a new trial on the amount of damages, a court must review the record to determine whether the jury's verdict contravenes the "clear or great weight of the evidence." Oiness v. Walgreen Co., 88 F.3d 1025, 1028 (Fed. Cir. 1996) quoting Unisplay, S.A. v. American Elec. Sign Co., 69 F.3d

512, 517 (Fed. Cir. 1995). Trial judges may vacate a jury's verdict if they determine that the award was "monstrously excessive," or that the award has no rational connection to the evidence. Holmes v. Elgin, J. & E. Ry., 18 F.3d 1393, 1395 (7th Cir. 1994).

By statute, a patentee whose patent has been infringed is entitled to damages "adequate to compensate for the infringement but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with the interest and costs as fixed by the court." 35 U.S.C. § 284. Thus, the owner of the patent receives the greater of compensatory damages and a reasonable royalty. In re Mahurkar Double Lumen Hemodialysis Catheter Patent Litig., 831 F. Supp. 1354, 1383 (N.D. Ill. 1993). If a plaintiff chooses to seek actual damages in the form of lost profits, it must demonstrate a causal relation between the infringement and its lost profits. In other words, a reasonable probability that "but for" the infringing activity, the patentee would have made the infringer's sales. Shockley v. Arcan, Inc., 248 F.3d 1349, 1362 (Fed. Cir. 2001); SmithKline Diagnostics, Inc. v. Helena Lab. Corp., 926 F.2d 1161, 1164 (Fed. Cir. 1991). If, on the other hand, a plaintiff seeks a reasonable royalty, it must present evidence of the factors set out in Georgia-Pacific Corp. v. United States Plywood Corp., 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970). Parental Guide of Tex., Inc. v. Thomson, Inc., 446 F.3d 1265, 1270 (Fed. Cir. 2006). In either case, it is plaintiff's burden to prove damages by a preponderance of the evidence. Oiness, 88 F.3d at 1029; SmithKline, 926 F.2d at 1164. TT chose to seek damages in the form of a reasonable royalty.

We agree with eSpeed that its portion of the damages award is not supported by substantial evidence.[1] At trial, TT offered evidence, through the testimony of a damages

---

[1] We disagree with eSpeed's argument that both its and Ecco's damages must be remitted because there was not substantial evidence to support the jury's finding of a per transaction royalty rate or a rate with no monthly cap. We hold that TT put forth substantial evidence of such a rate through testimony and introduction of settlement agreements and contracts with other entities, thus supporting the jury's verdict.

expert, among others, that a reasonable royalty would be between 15 and 25 cents a trade, multiplied by the number of trades effected by eSpeed and Ecco during the damages period. The total number of trades was between 17,968,054 and 23,011,216. At 20 cents a trade – the rate TT's expert used as a reasonable royalty – the total damages would have been between $3,593,611 and $4,602,243. The jury appeared to agree with the lower of these two numbers when it awarded TT damages in the amount of $3.5 million.

However, the jury's apportionment damages between Ecco and eSpeed is not supported by substantial evidence. While it is true that "the factual determination of a reasonable royalty[] need not be supported, and indeed, frequently is not supported by the specific figures advanced by either party," it does not follow that a jury may award damages far in excess of what the evidence permits. SmithKline, 926 F.2d at 1167-68; Mahurkar v. C.R. Bard, Inc., 79 F.3d 1572, 1579-80 (Fed. Cir. 1996);. While TT's expert was unsure exactly how many trades were made by Ecco during the damages period (because accurate records were not available and estimates had to be made), TT did present the exact number of trades executed by eSpeed during that period: 2,157,872.[2] Since this number was based on actual transaction records, this is the maximum number of trades the jury could have used to calculate eSpeed's portion of damages. Even taking the highest royalty rate offered into evidence, that of 25 cents per trade, eSpeed's total possible damages amount to $539,468. The jury's damage award against eSpeed was almost three times this amount. Unisplay, 69 F.3d at 519 (a jury's damages award "must be within the range encompassed by the record as a whole").

TT suggests that the jury merely made a mistake in apportioning damages, and that since

---

[2] Contrary to TT's assertion, the jury was provided with the breakdown of trades between eSpeed and Ecco, if not with the breakdown of actual damages (see trial tr., 9/18/07, p.1014). TT provided slide PTX 1401 to its damages expert, which breaks out number of trades. TT's expert then testified to this break-down, discussing the various damage scenarios. Id.

the entire damage award is substantially supported by the evidence, and is to be paid by eSpeed, no amendment of damages is needed. However, as was borne out during the trial, even though Ecco is now owned by eSpeed, Ecco's damages are to be paid from an escrow account set up during the purchase negotiations, not by eSpeed. Thus, the simple fact that the total damages award is reasonable does not justify an apportionment of damages unsupported by substantial evidence. *See* Davis v. Consolidated Rail Corp., 788 F.2d 1260, 1267 (7th Cir. 1986); Strickland v. Travelers Ins. Co., 142 F.3d 353, 359 (6th Cir. 1998); Informatica Corp. v. Business Objects Data Integration, Inc., No. 02-3378, 2007 WL 2344962, *2-3 (N.D. Cal. Aug. 16, 2007). Furthermore, this is not the ordinary case, where apportionment of damages is based on a percentage of defendant's fault, and thus a modification affects the jury's liability determination. *See* Davis, 788 F.2d at 1267. Here, irrespective of Ecco's conduct, eSpeed's damages are based solely on the number of trades it executed during the damages period. A reduction in eSpeed's damages to comport with the evidence has no bearing on the jury's finding eSpeed liable for infringement.

TT argues that the jury's award is supported by substantial evidence because the statute makes clear that a reasonable royalty is merely "a floor below which the courts are not authorized to go," and juries are entitled to award plaintiffs more than a reasonable royalty in order to compensate them for infringement. Del Mar Avionics, Inc. v. Quinton Instrument Co., 836 F.2d 1320, 1326 (Fed. Cir. 1987); Maxwell v. J. Baker, Inc., 86 F.3d 1098, 1109-10 (Fed. Cir. 1996). eSpeed does not disagree with this point of law, but argues, and we agree, that regardless of the measure of damages a plaintiff seeks to compensate for infringement, those damages must be supported by the record. Maxwell, 86 F.3d at 1110; Unisplay, 69 F.3d at 517 ("Any rate determined by the trier of fact must be supported by relevant evidence in the record"). While it is true that TT may have been able to recover additional damages over

and above a reasonable royalty, in order to fully compensate it for infringement, it did not offer evidence of any other measure of damages. TT's entire damages case focused on a reasonable royalty – that is the only theory it presented to the jury, the only theory testified to by its damages expert, and the only theory the jury was instructed on. TT has pointed to nothing in the record that states otherwise. Without evidence that damages should be awarded above and beyond a reasonable royalty, the jury erred when it arbitrarily increased eSpeed's portion of damages by almost three times the amount of the maximum reasonable royalty in evidence. Maxwell, 86 F.3d at 1110; Oiness, 88 F.3d at 1030; Mahurkar, 79 F.3d at 1579-80; Unisplay, 69 F.3d at 517.

In light of the Seventh Amendment, a court may only reduce a damages award "to the highest amount that the jury could properly have awarded." Unisplay, 69 F.3d at 519; Dimick v. Schiedt, 293 U.S. 474, 486 (1935); Jabat, Inc. v. Smith, 201 F.3d 852, 858 (7th Cir. 2000)(implicitly approving district court's use of the "maximum recovery" rule). Therefore, we find that the proper measure of eSpeed's damages is $539,468. Understanding that we do not have the power to permit an additur of Ecco's damages in the same amount, since damages in this case are not undisputed, the total amount of damages will therefore be remitted to $2,539,468.00. *See* Davis v. United States, 716 F.2d 418, 430 (7th Cir. 1983)(additur to reapportion fault only appropriate when amount of damages not in dispute); Clay v. Gordon, No. 98-6408, 2000 U.S. App. LEXIS 2097 (6th Cir. Feb. 10, 2000)(same).

Obviously this remittitur is conditioned upon TT's acceptance. TT may instead opt to retry the issue of damages. We are acutely aware of the parties' desire to conclude this case and move on to the appeals stage. However, we cannot, when to do so would contravene the principles of law and equity. Because the jury's damages verdict had no rational connection to the evidence, we amend it as it relates to eSpeed's damages and conditionally deny eSpeed's

No. 04 C 5312                                                                                          Page 6

motion for a new trial on damages based on TT's acceptance of the above remittitur.

Prejudgment Interest

Both parties agree that prejudgment interest is appropriate in this case. 35 U.S.C. § 284; General Motors Corp. v. Devex Corp., 461 U.S. 648, 657 (1983). They disagree as to the rate of that interest and how often it should be compounded. We agree with TT that the prime rate is appropriate in this case. The Seventh Circuit has stated that in the absence of a statutory rate, the prime rate should be used. Gorenstein Enterprises, Inc. v. Quality Care-USA, Inc., 874 F.2d 431, 436 (7th Cir. 1989). In determining the rate of prejudgment interest awards in patent infringement cases, courts in this circuit have routinely used the prime rate. Lampi Corp. v. Am. Power Products, Inc., No. 93 C 1225, 2004 U.S. Dist LEXIS 14049 (N.D. Ill. July 20, 2004); Lisle Corp v. A.J. Mfg., No. 02 C 7024, 2004 U.S. Dist. LEXIS 6024 (N.D. Ill. Apr. 6, 2004); Glenayre Electronics, Inc. v. Jackson, No. 02 C 0256, 2003 U.S. Dist. LEXIS 11720 (N.D. Ill. July 8, 2003); Calabrese v. Square D. Co., No. 97 C 2199, 2000 U.S. Dist. LEXIS 4307 (N.D. Ill. March 23, 2000); Mendenhall v. Barber-Greene Co., No. 80 C 6747, 1990 U.S. Dist. LEXIS 13314 (N.D. Ill. Oct. 5, 1990). Therefore, we find that the average of the prime rate for the period at issue is the proper prejudgment interest rate here. Cement Division v. City of Milwaukee, 144 F.3d 1111, 1114, (7th Cir. 1998)("the best starting point is to award interest at the market rate, which means an average of the prime rate for the years in question").

We further agree with TT that, as eSpeed suggests, the interest should be compounded monthly instead of annually. As TT notes, it collects royalty payments on its licenses monthly. Furthermore, even though those royalty payments would have ended in January 2005, we find that monthly compounding is appropriate where, as here, the jury has awarded a lump-sum award, as it will more fully compensate TT for the infringement of its patent. Glenayre Electronics, 2003 U.S. Dist LEXIS 11720, *24; Calabrese, 2000 U.S. Dist. LEXIS 4307, *24; see

also Mendenhall, 1190 U.S. Dist LEXIS 13314, *8; Lampi Corp., 2004 U.S. Dist. LEXIS 14049, *23; *c.f.* Lisle Corp., 2004 U.S. Dist. LEXIS 6024 (interest compounded annually, based on annual sales).

## CONCLUSION

For the foregoing reasons, eSpeed's motion is conditionally denied and TT's motion is granted. TT shall advise eSpeed, and the court, within seven days, as to whether it accepts the remittitur.

_____
JAMES B. MORAN
Senior Judge, U. S. District Court

Feb. 5 , 2008.