EXHIBIT  A

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |
|---|---|
| Trading Technologies International, Inc., ) | Civil Action No. 04 C 5312 |
| Plaintiff, ) | |
| ) | Judge:  James B. Moran |
| v. ) | |
| ) | Magistrate:  Sidney I. Schenkier |
| eSpeed, Inc., eSpeed International, Ltd., ) | |
| Ecco LLC, and EccoWare Ltd., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF TRADING TECHNOLOGIES' RESPONSE TO DEFENDANTS
eSPEED AND ECCO'S SECOND SET OF REQUESTS FOR ADMISSION**

Pursuant to Fed. R. Civ. P. 26 and 36, Plaintiff, Trading Technologies International, Inc. ("TT") responds to Defendants eSpeed, Inc., eSpeed International, Ltd., Ecco LLC, and EccoWare Ltd., ("eSpeed") Second Set of Requests for Admission (1-162) as follows:

## GENERAL OBJECTIONS

1.     TT objects to eSpeed's Requests for Admission to the extent that they seek information protected by the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.  In the following responses and any production hereunder, such privileged information is excluded.

2.     TT objects to eSpeed's Requests for Admission to the extent that they are vague, ambiguous, do not identify with particularity the information sought, or are otherwise incomprehensible.

3.     TT objects to eSpeed's Requests for Admission to the extent that they are overbroad or unduly burdensome in that the burden or expense of the proposed discovery outweighs its likely benefit.

4.     TT objects to eSpeed's Requests for Admission to the extent that they seek information that is neither relevant to a claim, counterclaim, or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence.

5.     TT objects to eSpeed's Requests for Admission to the extent that they attempt to impose duties upon TT greater that those required by the Federal Rules of Civil Procedure and/or the Local Rules for the Northern District of Illinois.

6.     TT objects to eSpeed's Requests for Admission to the extent that they require any information beyond what is available to TT at present from a reasonable search of its own files and/or reasonable inquiry of their present employees.

7.     TT objects to the identification of information in the possession or control of TT for which TT is obligated to a third party to maintain in confidence.

8.      TT objects to answering eSpeed's Requests for Admission to the extent that the answer may be derived or ascertained from TT's business records.  In such cases, TT reserves the right to produce documents pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, subject to any applicable objections.

9.      TT objects to eSpeed's definition of the term "You" as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it includes every person who has every worked at or for TT in any capacity.

10.      TT objects to the terms "MD Trader", "a version of the MD Trader software", and "a version of the software that later became known as MD Trader" as vague and undefined.

11.      TT objects to the term "user" as vague and undefined.

12.      TT objects to eSpeed's requests to the extent that those requests purport to require TT to admit or deny the authenticity, foundation, admissibility, etc. of non-TT documents, things, or electronically stored information.  TT denies those requests.

13.      TT objects to eSpeed's requests to the extent that those requests purport to require TT to admit or deny the authenticity, foundation, admissibility, etc. of multiple documents and things as one single "document" or "thing".  TT denies those requests.

14.      TT objects to eSpeed's requests to the extent that those requests purport to require TT to admit or deny the authenticity, foundation, admissibility, etc. of entire purported categories or types of documents or things where those types or categories are undefined and where the specific documents or things at issue have not been identified.  TT denies those requests.

## GENERAL STATEMENTS

1. TT's responses to eSpeed's Requests for Admission are all made subject to and without waiver of the foregoing General Objections.  To the extent that TT cites a particular General Objection in a response to a request for admission, TT does so because it believes that the General Objection is particularly relevant to the request for admission.

2. TT reserves the right to supplement and/or amend its responses pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

## REQUESTS FOR ADMISSION

**REQUEST NO. 1:**

The video clips on the DVD labeled HB00001 are authentic, satisfying the requirements of federal Rule of Evidence 901(a).

**RESPONSE TO REQUEST NO. 1:**

TT admits that the video remnants on the DVD labeled HB00001 are authentic,

satisfying the requirements of Federal Rule of Evidence 901(a).

**REQUEST NO. 2:**

The video clips on the DVD labeled HB00001 were produced in this litigation by Harris Brumfield.

**RESPONSE TO REQUEST NO. 2:**

TT admits that the video remnants on the DVD labeled HB00001 were produced

in this litigation by Harris Brumfield.

**REQUEST NO. 3:**

The video clips on the DVD labeled HB00001 were produced in this litigation by The Partnership LLC.

**RESPONSE TO REQUEST NO. 3**

Denied.

**REQUEST NO. 4:**

The video clips on the DVD labeled HB00001 were taken from one or more video tapes from the files of Harris Brumfield.

**RESPONSE TO REQUEST NO. 4:**

TT admits that the video remnants on the DVD labeled HB00001 were taken from one or more video tapes from the files of Harris Brumfield.

**REQUEST NO. 5:**

The video clips on the DVD labeled HB00001 were taken from one or more video tapes from the files of The Partnership LLC.

**RESPONSE TO REQUEST NO. 5:**

Denied.

**REQUEST NO. 6:**

The video clips on the DVD labeled HB00001 were taken from one or more video tapes maintained by Harris Brumfield in the ordinary course of his business.

**RESPONSE TO REQUEST NO. 6:**

Denied.

**REQUEST NO. 7:**

The video clips on the DVD labeled HB00001 were taken from one or more video tapes maintained by The Partnership L LC in the ordinary course of its business.

**RESPONSE TO REQUEST NO. 7:**

Denied.

**REQUEST NO. 8:**

The video clips on the DVD labeled HB00001 are business records of Harris Brumfield that satisfy the requirements of Federal Rule of Evidence 803(6).

**RESPONSE TO REQUEST NO. 8:**

Denied.

**REQUEST NO. 9:**

The video clips on the DVD labeled HB00001 are business records of The Partnership LLC that satisfy the requirements of Federal Rule of Evidence 803(6).

**RESPONSE TO REQUEST NO. 9:**

    Denied.

**REQUEST NO. 10:**

    The video clips on the DVD labeled HB00001 were taken from one or more video tapes recorded by or at the direction of Harris Brumfield.

**RESPONSE TO REQUEST NO. 10:**

    After making a reasonable inquiry, the information known and readily obtainable is insufficient to enable TT to admit or deny the allegations of the request, and therefore TT denies it.

**REQUEST NO. 11:**

    The video clips on the DVD labeled HB00001 were taken from one or more video tapes recorded by or at the direction of The Partnership LLC.

**RESPONSE TO REQUEST NO. 11:**

    Denied.

**REQUEST NO. 12:**

    The video clips on the DVD labeled HB00001 were taken from one or more video tapes recorded sometime in 1999.

**RESPONSE TO REQUEST NO. 12:**

    After making a reasonable inquiry, the information known and readily obtainable is insufficient to enable TT to admit or deny the allegations of Request No. 12, and therefore TT denies it.

**REQUEST NO. 13:**

    The video clips on the DVD labeled HB00001 were taken from one or more video tapes recorded sometime before June 1, 1999.

**RESPONSE TO REQUEST NO. 13:**

After making a reasonable inquiry, the information known and readily obtainable

is insufficient to enable TT to admit or deny the allegations of Request No. 13, and

therefore TT denies it.

**REQUEST NO. 14:**

The video clips on the DVD labeled HB00001 were taken from one or
more video tapes recorded in the months noted in the titles for the video clips. (E.g., the
video clip titled "February 17, 1999?" was taken from a video tape recorded in February
1999.)

**RESPONSE TO REQUEST NO. 14:**

After making a reasonable inquiry, the information known and readily obtainable

is insufficient to enable TT to admit or deny the allegations of Request No. 14, and

therefore TT denies it.

**REQUEST NO. 15:**

The video clips on the DVD labeled HB00001 were taken from one or more video
tapes recorded in the dates noted in the titles for the video clips. (E.g., the video clip titled
"February 17, 1999?" was taken from a video tape recorded on February 17, 1999.)

**RESPONSE TO REQUEST NO. 15:**

After making a reasonable inquiry, the information known and readily obtainable

is insufficient to enable TT to admit or deny the allegations of this Request, and therefore

TT denies it.

**REQUEST NO. 16:**

The video clips on the DVD labeled HB00001 were taken from one or more video
tapes recorded while the CBOT was open for electronic trading.

**RESPONSE TO REQUEST NO. 16:**

Denied.

**REQUEST NO. 17:**

The video clips on the DVD labeled HB00001 were taken from one or more video tapes recorded while the CME was open for electronic trading.

**RESPONSE TO REQUEST NO. 17:**

Denied.

**REQUEST NO. 18:**

The video clips on the DVD labeled HB00001 were taken from one or more video tapes recorded while the LIFFE was open for electronic trading.

**RESPONSE TO REQUEST NO. 18:**

Denied.

**REQUEST NO. 19:**

The video clips on the DVD labeled HB00001 were taken from one or more video tapes recorded while the EUREX was open for electronic trading.

**RESPONSE TO REQUEST NO. 19:**

Denied.

**REQUEST NO. 20:**

The video clips on the DVD labeled HB00001 show a monitor connected to a computer then located at the offices of Harris Brumfield.

**RESPONSE TO REQUEST NO. 20:**

Denied.

**REQUEST NO. 21:**

The video clips on the DVD labeled HB00001 show a monitor connected to a computer then located at the offices of The Partnership LLC.

**RESPONSE TO REQUEST NO. 21:**

Denied.

**REQUEST NO. 22:**

The video clips on the DVD labeled HB00001 show a monitor connected to a computer then belonging to Harris Brumfield.

**RESPONSE TO REQUEST NO. 22:**

Denied.

**REQUEST NO. 23:**

The video clips on the DVD labeled HB00001 show a monitor connected to a computer then belonging to The Partnership LLC.

**RESPONSE TO REQUEST NO. 23:**

Denied.

**REQUEST NO. 24:**

The video clips on the DVD labeled HB00001 show a monitor connected to a computer that was used by Harris Brumfield.

**RESPONSE TO REQUEST NO. 24:**

Denied.

**REQUEST NO. 25:**

The video clips on the DVD labeled HB00001 show a monitor connected to a computer that was used by Harris Brumfield to trade electronically.

**RESPONSE TO REQUEST NO. 25:**

Denied.

**REQUEST NO. 26:**

The video clips on the DVD labeled HB00001 show are an accurate reflection of what was displayed on the monitor at the time the particular video tape (from which each video clip was taken) was recorded.

**RESPONSE TO REQUEST NO. 26:**

TT objects to this request as vague and incomprehensible, and therefore denies it.

**REQUEST NO. 27:**

The video clips on the DVD labeled HB00001 show a monitor connected to a computer running a version of the MD Trader software.

**RESPONSE TO REQUEST NO. 27:**

Denied.

**REQUEST NO. 28:**

The video clips on the DVD labeled HB00001 were taken from one or more video tapes showing a monitor connected to a computer running a version of the MD Trader software at the time the particular video tape (from which each video clip was taken) was recorded.

**RESPONSE TO REQUEST NO. 28:**

Denied.

**REQUEST NO. 29:**

The video clips on the DVD labeled HB00001 show a monitor connected to a computer running a version of the software that later became known as MD Trader.

**RESPONSE TO REQUEST NO. 29:**

Denied.

**REQUEST NO. 30:**

The video clips on the DVD labeled HB00001 were taken from one or more video tapes showing a monitor connected to a computer running a version of the software that later became known as MD Trader at the time the particular video tape (from which each video clip was taken) was recorded.

**RESPONSE TO REQUEST NO. 30:**

Denied.

**REQUEST NO. 31:**

The video clips on the DVD labeled HB00001 show a monitor connected to a computer running a version of the MD Trader software connected to a live market.

**RESPONSE TO REQUEST NO. 31:**

Denied.

**REQUEST NO. 32:**

The video clips on the DVD labeled HB00001 were taken from one or more video tapes showing a monitor connected to a computer running a version of the MD Trader software connected to a live market at the time the particular video tape (from which each video clip was taken) was recorded.

**RESPONSE TO REQUEST NO. 32:**

Denied.

**REQUEST NO. 33:**

The video clips on the DVD labeled HB00001 show a monitor connected to a computer running a version of the software that later became known as MD Trader connected to a live market.

**RESPONSE TO REQUEST NO. 33:**

Denied.

**REQUEST NO. 34:**

The video clips on the DVD labeled HB00001 were taken from one or more video tapes showing a monitor connected to a computer running a version of the software that later became known as MD Trader connected to a live market at the time the particular videotape (from which each video clip was taken) was recorded.

**RESPONSE TO REQUEST NO. 34:**

Denied.

**REQUEST NO. 35:**

The video clip on the DVD labeled HB000003 shows a user sending one or more trade orders using a version of the MD Trader software.

**RESPONSE TO REQUEST NO. 35:**

Denied.

**REQUEST NO. 36:**

The video clip on the DVD labeled HB000003 was taken from a video tape showing a user sending one or more trade orders using a version of the MD Trader software at the time and date that the video tape was recorded.

**RESPONSE TO REQUEST NO. 36:**

Denied.

**REQUEST NO. 37:**

The video clip on the DVD labeled HB000003 shows a user sending one or more trade orders using a version of the software that later became known as MD Trader.

**RESPONSE TO REQUEST NO. 37:**

Denied.

**REQUEST NO. 38:**

The video clip on the DVD labeled HB000003 was taken from a video tape showing a user sending one or more trade orders using a version of the software that later became known as MD Trader at the time and date that the video tape was recorded.

**RESPONSE TO REQUEST NO. 38:**

Denied.

**REQUEST NO. 39:**

The video clip on the DVD labeled HB000003 shows a user sending one or more trade orders on a live market using a version of the MD Trader software.

**RESPONSE TO REQUEST NO. 39:**

Denied.

**REQUEST NO. 40:**

The video clip on the DVD labeled HB000003 was taken from a video tape showing a user sending one or more trade orders on a live market using a version of the MD Trader software at the time and date that the video tape was recorded.

**RESPONSE TO REQUEST NO. 40:**

Denied.

**REQUEST NO. 41:**

The video clip on the DVD labeled HB000003 shows a user sending one or more trade orders on a live market using a version of the software that later became known as MD Trader.

**RESPONSE TO REQUEST NO. 41:**

Denied.

**REQUEST NO. 42:**

The video clip on the DVD labeled HB000003 was taken from a video tape showing a user sending one or more trade orders on a live market using a version of the software that later became known as MD Trader at the time and date that the video tape was recorded.

**RESPONSE TO REQUEST NO. 42:**

Denied.

**REQUEST NO. 43:**

The video clip on the DVD labeled HB000003 is authentic, satisfying the requirements of Federal Rule of Evidence 901(a).

**RESPONSE TO REQUEST NO. 43:**

TT admits that the video remnant on the DVD labeled HB000003 is authentic,

satisfying the requirements of Federal Rule of Evidence 901(a).

**REQUEST NO. 44:**

The video clip on the DVD labeled HB000003 was produced in this litigation by Harris Brumfield.

**RESPONSE TO REQUEST NO. 44:**

TT admits that the video remnant on the DVD labeled HB000003 was produced

in this litigation by Harris Brumfield.

**REQUEST NO. 45:**

The video clip on the DVD labeled HB000003 was produced in this litigation by
The Partnership LLC.

**RESPONSE TO REQUEST NO. 45:**

Denied.

**REQUEST NO. 46:**

The video clip on the DVD labeled HB000003 was taken from a video
tape from the files of Harris Brumfield.

**RESPONSE TO REQUEST NO. 46:**

TT admits that the video remnant on the DVD labeled HB000003 was taken from

a video tape from the files of Harris Brumfield.


**REQUEST NO. 47:**

The video clip on the DVD labeled HB000003 was taken from a video tape from
the files of The Partnership LLC.

**RESPONSE TO REQUEST NO. 47:**

Denied.

**REQUEST NO. 48:**

The video clip on the DVD labeled HB000003 was taken from a video tape
maintained by Harris Brumfield in the ordinary course of his business.

**RESPONSE TO REQUEST NO. 48:**

Denied.

**REQUEST NO. 49:**

The video clip on the DVD labeled HB000003 was taken from a video tape maintained by The Partnership LLC in the ordinary course of its business.

**RESPONSE TO REQUEST NO. 49:**

Denied.

**REQUEST NO. 50:**

The video clip on the DVD labeled HB000003 is a business record of Harris Brumfield that satisfies the requirements of Federal Rule of Evidence 803(6).

**RESPONSE TO REQUEST NO. 50:**

Denied.

**REQUEST NO. 51:**

The video clip on the DVD labeled HB000003 is a business record of The Partnership LLC that satisfies the requirements of Federal Rule of Evidence 803(6).

**RESPONSE TO REQUEST NO. 51:**

Denied.

**REQUEST NO. 52:**

The video clip on the DVD labeled HB000003 was taken from a video tape recorded by or at the direction of Harris Brumfield.

**RESPONSE TO REQUEST NO. 52:**

After making a reasonable inquiry, the information known and readily obtainable is insufficient to enable TT to admit or deny the allegations of this request, and therefore TT denies it.

**REQUEST NO. 53:**

The video clip on the DVD labeled HB000003 was taken from a video tape recorded by or at the direction of The Partnership LLC.

**RESPONSE TO REQUEST NO. 53:**

Denied.

**REQUEST NO. 54:**

The video clip on the DVD labeled HB000003 was taken from a video tape recorded sometime in 1999.

**RESPONSE TO REQUEST NO. 54:**

After making a reasonable inquiry, the information known and readily obtainable

is insufficient to enable TT to admit or deny the request, therefore TT denies it.

**REQUEST NO. 55:**

The video clip on the DVD labeled HB000003 was taken from a video tape recorded sometime before June 1, 1999.

**RESPONSE TO REQUEST NO. 55:**

After making a reasonable inquiry, the information known and readily obtainable

is insufficient to enable TT to admit or deny the request, therefore TT denies it.

**REQUEST NO. 56:**

The video clip on the DVD labeled HB000003 was taken from a video tape recorded sometime in March 1999.

**RESPONSE TO REQUEST NO. 56:**

After making a reasonable inquiry, the information known and readily obtainable

is insufficient to enable TT to admit or deny the request, therefore TT denies it.

**REQUEST NO. 57:**

The video clip on the DVD labeled HB000003 was taken from a video tape recorded on March 15, 1999.

**RESPONSE TO REQUEST NO. 57:**

After making a reasonable inquiry, the information known and readily obtainable is insufficient to enable TT to admit or deny the request, therefore TT denies it.

**REQUEST NO. 58:**

The video clip on the DVD labeled HB000003 was taken from a video tape recorded between 8:30 am and 4:30 pm central time on March 15, 1999.

**RESPONSE TO REQUEST NO. 58:**

After making a reasonable inquiry, the information known and readily obtainable is insufficient to enable TT to admit or deny the request, therefore TT denies it.

**REQUEST NO. 59:**

The video clip on the DVD labeled HB000003 was taken from a video tape recorded while the CBOT was open for electronic trading on March 15, 1999.

**RESPONSE TO REQUEST NO. 59:**

After making a reasonable inquiry, the information known and readily obtainable is insufficient to enable TT to admit or deny the request, therefore TT denies it.

**REQUEST NO. 60:**

The video clip on the DVD labeled HB000003 was taken from a video tape recorded while the CME was open for electronic trading on March 15, 1999.

**RESPONSE TO REQUEST NO. 60:**

After making a reasonable inquiry, the information known and readily obtainable is insufficient to enable TT to admit or deny the request, therefore TT denies it.

**REQUEST NO. 61:**

The video clip on the DVD labeled HB000003 was taken from a video tape recorded while the LIFFE was open for electronic trading on March 15, 1999.

**RESPONSE TO REQUEST NO. 61:**

After making a reasonable inquiry, the information known and readily obtainable

is insufficient to enable TT to admit or deny the request, therefore TT denies it.

**REQUEST NO. 62:**

The video clip on the DVD labeled HB000003 was taken from a video tape
recorded while the EUREX was open for electronic trading on March 15, 1999.

**RESPONSE TO REQUEST NO. 62:**

After making a reasonable inquiry, the information known and readily obtainable

is insufficient to enable TT to admit or deny the request, therefore TT denies it.

**REQUEST NO. 63:**

The video clip on the DVD labeled HB000003 shows a monitor connected to a
computer then located at the offices of Harris Brumfield.

**RESPONSE TO REQUEST NO. 63:**

Denied.

**REQUEST NO. 64:**

The video clip on the DVD labeled HB000003 shows a monitor connected to a
computer then located at the offices of The Partnership LLC.

**RESPONSE TO REQUEST NO. 64:**

Denied.

**REQUEST NO. 65:**

The video clip on the DVD labeled HB000003 shows a monitor connected to a
computer then belonging to Harris Brumfield.

**RESPONSE TO REQUEST NO. 65:**

Denied.

**REQUEST NO. 66:**

19

The video clip on the DVD labeled HB000003 shows a monitor connected to a computer then belonging to The Partnership LLC.

**RESPONSE TO REQUEST NO. 66:**

Denied.

**REQUEST NO. 67:**

The video clip on the DVD labeled HB000003 shows a monitor connected to a computer that was used by Harris Brumfield.

**RESPONSE TO REQUEST NO. 67:**

Denied.

**REQUEST NO. 68:**

The video clip on the DVD labeled HB000003 shows a monitor connected to a computer that was used by Harris Brumfield to trade electronically.

**RESPONSE TO REQUEST NO. 68:**

Denied.

**REQUEST NO. 69:**

The video clip on the DVD labeled HB000003 is an accurate reflection of what was displayed on the monitor at the time the video tape (from which the video clip was taken) was recorded.

**RESPONSE TO REQUEST NO. 69:**

TT objects to this request as vague and incomprehensible. Because TT cannot

understand it, TT denies it.

**REQUEST NO. 70:**

The video clip on the DVD labeled HB000003 shows a monitor connected to a computer running a version of the MD Trader software.

**RESPONSE TO REQUEST NO. 70:**

20

Denied.

**REQUEST NO. 71:**

The video clip on the DVD labeled HB000003 was taken from a video tape showing a monitor connected to a computer running a version of the MD Trader software at the time and date that the video tape was recorded.

**RESPONSE TO REQUEST NO. 71:**

Denied.

**REQUEST NO. 72:**

The video clip on the DVD labeled HB000003 shows a monitor connected to a computer running a version of the software that later became known as MD Trader.

**RESPONSE TO REQUEST NO. 72:**

Denied.

**REQUEST NO. 73:**

The video clip on the DVD labeled HB000003 was taken from a video tape showing a monitor connected to a computer running a version of the software that later became known as MD Trader at the time and date that the video tape was recorded.

**RESPONSE TO REQUEST NO. 73:**

Denied.

**REQUEST NO. 74:**

The video clip on the DVD labeled HB000003 shows a monitor connected to a computer running a version of the MD Trader software connected to a live market.

**RESPONSE TO REQUEST NO. 74:**

Denied.

**REQUEST NO. 75:**

The video clip on the DVD labeled HB000003 was taken from a video tape showing a monitor connected to a computer running a version of the MD Trader software connected to a live market at the time and date that the video tape was recorded.

21

**RESPONSE TO REQUEST NO. 75:**

Denied.

**REQUEST NO. 76:**

The video clip on the DVD labeled HB000003 shows a monitor connected to a computer running a version of the software that later became known as MD Trader connected to a live market.

**RESPONSE TO REQUEST NO. 76:**

Denied.

**REQUEST NO. 77:**

The video clip on the DVD labeled HB000003 was taken from a video tape showing a monitor connected to a computer running a version of the software that later became known as MD Trader connected to a live market at the time and date that the video tape was recorded.

**RESPONSE TO REQUEST NO. 77:**

Denied.

**REQUEST NO. 78:**

The video clip on the DVD labeled HB000003 shows a user sending one or more trade orders using a version of the MD Trader software.

**RESPONSE TO REQUEST NO. 78:**

Denied.

**REQUEST NO. 79:**

The video clip on the DVD labeled HB000003 was taken from a video tape showing a user sending one or more trade orders using a version of the MD Trader software at the time and date that the video tape was recorded.

**RESPONSE TO REQUEST NO. 79:**

Denied.

**REQUEST NO. 80:**

The video clip on the DVD labeled HB000003 shows a user sending one or more trade orders using a version of the software that later became known as MD Trader.

**RESPONSE TO REQUEST NO. 80:**

Denied.

**REQUEST NO. 81:**

The video clip on the DVD labeled HB000003 was taken from a video tape showing a user sending one or more trade orders using a version of the software that later became known as MD Trader at the time and date that the video tape was recorded.

**RESPONSE TO REQUEST NO. 81:**

Denied.

**REQUEST NO. 82:**

The video clip on the DVD labeled HB000003 shows a user sending one or more trade orders on a live market using a version of the MD Trader software.

**RESPONSE TO REQUEST NO. 82:**

Denied.

**REQUEST NO. 83:**

The video clip on the DVD labeled HB000003 was taken from a video tape showing a user sending one or more trade orders on a live market using a version of the MD Trader software at the time and date that the video tape was recorded.

**RESPONSE TO REQUEST NO. 83:**

Denied.

**REQUEST NO. 84:**

The video clip on the DVD labeled HB000003 shows a user sending one or more trade orders on a live market using a version of the software that later became known as MD Trader.

**RESPONSE TO REQUEST NO. 84:**

Denied.

**REQUEST NO. 85:**

The video clip on the DVD labeled HB000003 was taken from a video tape showing a user sending one or more trade orders on a live market using a version of the software that later became known as MD Trader at the time and date that the video tape was recorded.

**RESPONSE TO REQUEST NO. 85:**

Denied.

**REQUEST NO. 86:**

The video clip on the DVD labeled HB000004 is authentic, satisfying the requirements of Federal Rule of Evidence 901(a).

**RESPONSE TO REQUEST NO. 86:**

Admitted.

**REQUEST NO. 87:**

The video clip on the DVD labeled HB000004 was produced in this litigation by Harris Brumfield.

**RESPONSE TO REQUEST NO. 87:**

Admitted.

**REQUEST NO. 88:**

The video clip on the DVD labeled HB000004 was produced in this litigation by The Partnership LLC.

**RESPONSE TO REQUEST NO. 88:**

Denied.

**REQUEST NO. 89:**

The video clip on the DVD labeled HB000004 was taken from a video tape from the files of Harris Brumfield.

**RESPONSE TO REQUEST NO. 89:**

Admitted.

**REQUEST NO. 90:**

The video clip on the DVD labeled HB000004 was taken from a video tape from the files of The Partnership LLC.

**RESPONSE TO REQUEST NO. 90:**

Denied.

**REQUEST NO. 91:**

The video clip on the DVD labeled HB000004 was taken from a video tape maintained by Harris Brumfield in the ordinary course of his business.

**RESPONSE TO REQUEST NO. 91:**

Denied.

**REQUEST NO. 92:**

The video clip on the DVD labeled HB000004 was taken from a video tape maintained by The Partnership LLC in the ordinary course of its business.

**RESPONSE TO REQUEST NO. 92:**

Denied.

**REQUEST NO. 93:**

The video clip on the DVD labeled HB000004 is a business record of Harris Brumfield that satisfies the requirements of Federal Rule of Evidence 803(6).

**RESPONSE TO REQUEST NO. 93:**

Denied.

**REQUEST NO. 94:**

The video clip on the DVD labeled HB000004 is a business record of The Partnership LLC that satisfies the requirements of Federal Rule of Evidence 803(6).

**RESPONSE TO REQUEST NO. 94:**

Denied.

**REQUEST NO. 95:**

The video clip on the DVD labeled HB000004 was taken from a video tape recorded by or at the direction of Harris Brumfield.

**RESPONSE TO REQUEST NO. 95:**

After making a reasonable inquiry, the information known and readily obtainable is insufficient to enable TT to admit or deny the allegations of this request, and therefore TT denies it.

**REQUEST NO. 96:**

The video clip on the DVD labeled HB000004 was taken from a video tape recorded by or at the direction of The Partnership LLC.

**RESPONSE TO REQUEST NO. 96:**

Denied.

**REQUEST NO. 97:**

The video clip on the DVD labeled HB000004 was taken from a video tape recorded sometime in 1999.

**RESPONSE TO REQUEST NO. 97:**

After making a reasonable inquiry, the information known and readily obtainable is insufficient to enable TT to admit or deny the request, therefore TT denies it.

**REQUEST NO. 98:**

The video clip on the DVD labeled HB000004 was taken from a video tape recorded sometime before June 1, 1999.

**RESPONSE TO REQUEST NO. 98:**

After making a reasonable inquiry, the information known and readily obtainable is insufficient to enable TT to admit or deny the request, therefore TT denies it.

**REQUEST NO. 99:**

The video clip on the DVD labeled HB000004 was taken from a video tape recorded sometime in March 1999.

**RESPONSE TO REQUEST NO. 99:**

After making a reasonable inquiry, the information known and readily obtainable is insufficient to enable TT to admit or deny the request, therefore TT denies it.

**REQUEST NO. 100:**

The video clip on the DVD labeled HB000004 was taken from a video tape recorded on March 15, 1999.

**RESPONSE TO REQUEST NO. 100:**

After making a reasonable inquiry, the information known and readily obtainable is insufficient to enable TT to admit or deny the request, therefore TT denies it.

**REQUEST NO. 101:**

The video clip on the DVD labeled HB000004 was taken from a video tape recorded between 8:30 am and 4:30 pm central time on March 15, 1999.

**RESPONSE TO REQUEST NO. 101:**

After making a reasonable inquiry, the information known and readily obtainable is insufficient to enable TT to admit or deny the request, therefore TT denies it.

**REQUEST NO. 102:**

The video clip on the DVD labeled HB000004 was taken from a video tape recorded while the CBOT was open for electronic trading on March 15, 1999.

**RESPONSE TO REQUEST NO. 102:**

After making a reasonable inquiry, the information known and readily obtainable is insufficient to enable TT to admit or deny the request, therefore TT denies it.

**REQUEST NO. 103:**

The video clip on the DVD labeled HB000004 was taken from a video tape recorded while the CME was open for electronic trading on March 15, 1999.

**RESPONSE TO REQUEST NO. 103:**

After making a reasonable inquiry, the information known and readily obtainable

is insufficient to enable TT to admit or deny the request, therefore TT denies it.

**REQUEST NO. 104:**

The video clip on the DVD labeled HB000004 was taken from a video tape recorded while the LIFFE was open for electronic trading on March 15, 1999.

**RESPONSE TO REQUEST NO. 104:**

After making a reasonable inquiry, the information known and readily obtainable

is insufficient to enable TT to admit or deny the request, therefore TT denies it.


**REQUEST NO. 105:**

The video clip on the DVD labeled HB000004 was taken from a video tape recorded while the EUREX was open for electronic trading on March 15, 1999.

**RESPONSE TO REQUEST NO. 105:**

After making a reasonable inquiry, the information known and readily obtainable

is insufficient to enable TT to admit or deny the request, therefore TT denies it.

**REQUEST NO. 106:**

The video clip on the DVD labeled HB000004 shows a monitor connected to a computer then located at the offices of Harris Brumfield.

**RESPONSE TO REQUEST NO. 106:**

Denied.

**REQUEST NO. 107:**

The video clip on the DVD labeled HB000004 shows a monitor connected to a computer then located at the offices of The Partnership LLC.

**RESPONSE TO REQUEST NO. 107:**

    Denied.

**REQUEST NO. 108:**

    The video clip on the DVD labeled HB000004 shows a monitor connected to a computer then belonging to Harris Brumfield.

**RESPONSE TO REQUEST NO. 108:**

    Denied.

**REQUEST NO. 109:**

    The video clip on the DVD labeled HB000004 shows a monitor connected to a computer then belonging to The Partnership LLC.

**RESPONSE TO REQUEST NO. 109:**

    Denied.

**REQUEST NO. 110:**

    The video clip on the DVD labeled HB000004 shows a monitor connected to a computer that was used by Harris Brumfield.

**RESPONSE TO REQUEST NO. 110:**

    Denied.

**REQUEST NO. 111:**

    The video clip on the DVD labeled HB000004 shows a monitor connected to a computer that was used by Harris Brumfield to trade electronically.

**RESPONSE TO REQUEST NO. 111:**

    Denied.

**REQUEST NO. 112:**

The video clip on the DVD labeled HB000004 is an accurate reflection of what was displayed on the monitor at the time the video tape (from which the video clip was taken) was recorded.

**RESPONSE TO REQUEST NO. 112:**

TT objects to this request as vague and incomprehensible, and therefore denies it.

**REQUEST NO. 113:**

The video clip on the DVD labeled HB000004 shows a monitor connected to a computer running a version of the MD Trader software.

**RESPONSE TO REQUEST NO. 113:**

Denied.

**REQUEST NO. 114:**

The video clip on the DVD labeled HB000004 was taken from a video tape showing a monitor connected to a computer running a version of the MD Trader software at the time and date that the video tape was recorded.

**RESPONSE TO REQUEST NO. 114:**

Denied.

**REQUEST NO. 115:**

The video clip on the DVD labeled HB000004 shows a monitor connected to a computer running a version of the software that later became known as MD Trader.

**RESPONSE TO REQUEST NO. 115:**

Denied.

**REQUEST NO. 116:**

The video clip on the DVD labeled HB000004 was taken from a video tape showing a monitor connected to a computer running a version of the software that later became known as MD Trader at the time and date that the video tape was recorded.

**RESPONSE TO REQUEST NO. 116:**

Denied.

**REQUEST NO. 117:**

The video clip on the DVD labeled HB000004 shows a monitor connected to a computer running a version of the MD Trader software connected to a live market.

**RESPONSE TO REQUEST NO. 117:**

Denied.

**REQUEST NO. 118:**

The video clip on the DVD labeled HB000004 was taken from a video tape showing a monitor connected to a computer running a version of the MD Trader software connected to a live market at the time and date that the video tape was recorded.

**RESPONSE TO REQUEST NO. 118:**

Denied.

**REQUEST NO. 119:**

The video clip on the DVD labeled HB000004 shows a monitor connected to a computer running a version of the software that later became known as MD Trader connected to a live market.

**RESPONSE TO REQUEST NO. 119:**

Denied.

**REQUEST NO. 120:**

The video clip on the DVD labeled HB000004 was taken from a video tape showing a monitor connected to a computer running a version of the software that later became known as MD Trader connected to a live market at the time and date that the video tape was recorded.

**RESPONSE TO REQUEST NO. 120:**

Denied.

**REQUEST NO. 121:**

The video clip on the DVD labeled HB000004 shows a user sending one or more trade orders using a version of the MD Trader software.

31

**RESPONSE TO REQUEST NO. 121:**

    Denied.

**REQUEST NO. 122:**

    The video clip on the DVD labeled HB000004 was taken from a video tape showing a user sending one or more trade orders using a version of the MD Trader software at the time and date that the video tape was recorded.

**RESPONSE TO REQUEST NO. 122:**

    Denied.

**REQUEST NO. 123:**

    The video clip on the DVD labeled HB000004 shows a user sending one or more trade orders using a version of the software that later became known as MD Trader.

**RESPONSE TO REQUEST NO. 123:**

    Denied.

**REQUEST NO. 124:**

    The video clip on the DVD labeled HB000004 was taken from a video tape showing a user sending one or more trade orders using a version of the software that later became known as MD Trader at the time and date that the video tape was recorded.

**RESPONSE TO REQUEST NO. 124:**

    Denied.

**REQUEST NO. 125:**

    The video clip on the DVD labeled HB000004 shows a user sending one or more trade orders on a live market using a version of the MD Trader software.

**RESPONSE TO REQUEST NO. 125:**

    Denied.

**REQUEST NO. 126:**

The video clip on the DVD labeled HB000004 was taken from a video tape showing a user sending one or more trade orders on a live market using a version of the MD Trader software at the time and date that the video tape was recorded.

**RESPONSE TO REQUEST NO. 126:**

Denied.

**REQUEST NO. 127:**

The video clip on the DVD labeled HB000004 shows a user sending one or more trade orders on a live market using a version of the software that later became known as MD Trader.

**RESPONSE TO REQUEST NO. 127:**

Denied.

**REQUEST NO. 128:**

The video clip on the DVD labeled HB000004 was taken from a video tape showing a user sending one or more trade orders on a live market using a version of the software that later became known as MD Trader at the time and date that the video tape was recorded.

**RESPONSE TO REQUEST NO. 128:**

Denied.

**REQUEST NO. 129:**

The video clips on the DVD labeled HB000005 are authentic, satisfying the requirements of Federal Rule of Evidence 901(a).

**RESPONSE TO REQUEST NO. 129:**

TT admits that the video remnants on the DVD labeled HB000005 are authentic,

satisfying the requirements of Federal Rule of Evidence 901(a).

**REQUEST NO. 130:**

The video clips on the DVD labeled HB000005 were produced in this litigation by Harris Brumfield.

**RESPONSE TO REQUEST NO. 130:**

TT admits that the video remnants on the DVD labeled HB000005 were produced in this litigation by Harris Brumfield.

**REQUEST NO. 131:**

The video clips on the DVD labeled HB000005 were produced in this litigation by The Partnership LLC.

**RESPONSE TO REQUEST NO. 131:**

Denied.

**REQUEST NO. 132:**

The video clips on the DVD labeled HB000005 were taken from one or more video tapes from the files of Harris Brumfield.

**RESPONSE TO REQUEST NO. 132:**

TT admits that the video remnants on the DVD labeled HB000005 were taken from one or more video tapes from the files of Harris Brumfield.

**REQUEST NO. 133:**

The video clips on the DVD labeled HB000005 were taken from one or more video tapes from the files of The Partnership LLC.

**RESPONSE TO REQUEST NO. 133:**

Denied.

**REQUEST NO. 134:**

The video clips on the DVD labeled HB000005 were taken from one or more video tapes maintained by Harris Brumfield in the ordinary course of his business.

**RESPONSE TO REQUEST NO. 134:**

Denied.

**REQUEST NO. 135:**

The video clips on the DVD labeled HB000005 were taken from one or more video tapes maintained by The Partnership LLC in the ordinary course of its business.

**RESPONSE TO REQUEST NO. 135:**

Denied.

**REQUEST NO. 136:**

The video clips on the DVD labeled HB000005 are business records of Harris Brumfield that satisfy the requirements of Federal Rule of Evidence 803(6).

**RESPONSE TO REQUEST NO. 136:**

Denied.

**REQUEST NO. 137:**

The video clips on the DVD labeled HB000005 are business records of The Partnership LLC that satisfy the requirements of Federal Rule of Evidence 803(6).

**RESPONSE TO REQUEST NO. 137:**

Denied.

**REQUEST NO. 138:**

The video clips on the DVD labeled HB000005 were taken from one or more video tapes recorded by or at the direction of Harris Brumfield.

**RESPONSE TO REQUEST NO. 138:**

After making a reasonable inquiry, the information known and readily obtainable is insufficient to enable TT to admit or deny the allegations of this request, and therefore TT denies it.

**REQUEST NO. 139:**

The video clips on the DVD labeled HB000005 were taken from one or more video tapes recorded by or at the direction of The Partnership LLC.

**RESPONSE TO REQUEST NO. 139:**

Denied.

**REQUEST NO. 140:**

The video clips on the DVD labeled HB000005 were taken from one or more video tapes recorded sometime in 1999.

**RESPONSE TO REQUEST NO. 140:**

After making a reasonable inquiry, the information known and readily obtainable

is insufficient to enable TT to admit or deny the request, therefore TT denies it.

**REQUEST NO. 141:**

The video clips on the DVD labeled HB000005 were taken from one or more video tapes recorded sometime before June 1, 1999.

**RESPONSE TO REQUEST NO. 141:**

After making a reasonable inquiry, the information known and readily obtainable

is insufficient to enable TT to admit or deny the request, therefore TT denies it.

**REQUEST NO. 142:**

The video clips on the DVD labeled HB000005 were taken from one or more video tapes recorded in the months noted in the titles for the video clips. (E.g., the video clip titled "March 16, 1999?" was taken from a video tape recorded in March 1999.)

**RESPONSE TO REQUEST NO. 142:**

After making a reasonable inquiry, the information known and readily obtainable

is insufficient to enable TT to admit or deny the request, therefore TT denies it.

**REQUEST NO. 143:**

The video clips on the DVD labeled HB000005 were taken from one or more video tapes recorded in the dates noted in the titles for the video clips. (E.g., the video clip titled "March 16, 1999?" was taken from a video tape recorded on March 16, 1999.)

**RESPONSE TO REQUEST NO. 143:**

After making a reasonable inquiry, the information known and readily obtainable

is insufficient to enable TT to admit or deny the request, therefore TT denies it.

**REQUEST NO. 144:**

The video clips on the DVD labeled HB000005 were taken from one or more
video tapes recorded while the CBOT was open for electronic trading.

**RESPONSE TO REQUEST NO. 144:**

After making a reasonable inquiry, the information known and readily obtainable

is insufficient to enable TT to admit or deny the request, therefore TT denies it.


**REQUEST NO. 145:**

The video clips on the DVD labeled HB000005 were taken from one or more
video tapes recorded while the CME was open for electronic trading.

**RESPONSE TO REQUEST NO. 145:**

After making a reasonable inquiry, the information known and readily obtainable

is insufficient to enable TT to admit or deny the request, therefore TT denies it.

**REQUEST NO. 146:**

The video clips on the DVD labeled HB000005 were taken from one or more
video tapes recorded while the LIFFE was open for electronic trading.

**RESPONSE TO REQUEST NO. 146:**

After making a reasonable inquiry, the information known and readily obtainable

is insufficient to enable TT to admit or deny the request, therefore TT denies it.

**REQUEST NO. 147:**

The video clips on the DVD labeled HB000005 were taken from one or more
video tapes recorded while the 'EUREX was open for electronic trading.

**RESPONSE TO REQUEST NO. 147:**

After making a reasonable inquiry, the information known and readily obtainable

is insufficient to enable TT to admit or deny the request, therefore TT denies it.

**REQUEST NO. 148:**

The video clips on the DVD labeled HB000005 show a monitor connected to a
computer then located at the offices of Harris Brumfield.

**RESPONSE TO REQUEST NO. 148:**

Denied.

**REQUEST NO. 149:**

The video clips on the DVD labeled HB000005 show a monitor connected to a
computer then located at the offices of The Partnership LLC.

**RESPONSE TO REQUEST NO. 149:**

Denied.

**REQUEST NO. 150:**

The video clips on the DVD labeled HB000005 show a monitor connected to a
computer then belonging to Harris Brumfield.

**RESPONSE TO REQUEST NO. 150:**

Denied.

**REQUEST NO. 151:**

The video clips on the DVD labeled HB000005 show a monitor connected to a
computer then belonging to The Partnership LLC.

**RESPONSE TO REQUEST NO. 151:**

Denied.

**REQUEST NO. 152:**

The video clips on the DVD labeled HB000005 show a monitor connected to a computer that was used by Harris Brumfield.

**RESPONSE TO REQUEST NO. 152:**

Denied.

**REQUEST NO. 153:**

The video clips on the DVD labeled HB000005 show a monitor connected to a computer that was used by Harris Brumfield to trade electronically.

**RESPONSE TO REQUEST NO. 153:**

Denied.

**REQUEST NO. 154:**

The video clips on the DVD labeled HB000005 show are an accurate reflection of what was displayed on the monitor at the time the particular video tape (from which each video clip was taken) was recorded.

**RESPONSE TO REQUEST NO. 154:**

Denied.

**REQUEST NO. 155:**

The video clips on the DVD labeled HB000005 show a monitor connected to a computer running a version of the MD Trader software.

**RESPONSE TO REQUEST NO. 155:**

Denied.

**REQUEST NO. 156:**

The video clips on the DVD labeled HB000005 were taken from one or more video tapes showing a monitor connected to a computer running a version of the MD Trader software at the time the particular video tape (from which each video clip was taken) was recorded.

**RESPONSE TO REQUEST NO. 156:**

Denied.

**REQUEST NO. 157:**

The video clips on the DVD labeled HB000005 show a monitor connected to a computer running a version of the software that later became known as MD Trader.

**RESPONSE TO REQUEST NO. 157:**

Denied.

**REQUEST NO. 158:**

The video clips on the DVD labeled HB000005 were taken from one or more video tapes showing a monitor connected to a computer running a version of the software that later became known as MD Trader at the time the particular video tape (from which each video clip was taken) was recorded.

**RESPONSE TO REQUEST NO. 158:**

Denied.

**REQUEST NO. 159:**

The video clips on the DVD labeled HB000005 show a monitor connected to a computer running a version of the MD Trader software connected to a live market.

**RESPONSE TO REQUEST NO. 159:**

Denied.

**REQUEST NO. 160:**

The video clips on the DVD labeled HB000005 were taken from one or more video tapes showing a monitor connected to a computer running a version of the MD Trader software connected to a live market at the time the particular video tape (from which each video clip was taken) was recorded.

**RESPONSE TO REQUEST NO. 160:**

Denied.

**REQUEST NO. 161:**

The video clips on the DVD labeled HB000005 show a monitor connected to a computer running a version of the software that later became known as MD Trader connected to a live market.

**RESPONSE TO REQUEST NO. 161:**

Denied.

**REQUEST NO. 162:**

The video clips on the DVD labeled HB000005 were taken from one or more video tapes showing a monitor connected to a computer running a version of the software that later became known as MD Trader connected to a live market at the time the particular video tape (from which each video clip was taken) was recorded.

**RESPONSE TO REQUEST NO. 162:**

Denied.

Date:  April 16, 2007                    By:  s/ Jennifer M. Kurcz                      
                                         Paul H. Berghoff (ID No. 6180462)
                                         Leif R. Sigmond, Jr.  (ID No. 6204980)
                                         Matthew J. Sampson (ID No. 6207606)
                                         Christopher M. Cavan (ID No. 6211475)
                                         George I. Lee (I.D. No. 6224430)
                                         Marcus Thymian (I.D. No. 6256769)
                                         S. Richard Carden (ID No. 6269504)
                                         Jennifer M. Kurcz (ID No. 6279893)
                                         Michelle McMullen-Tack (ID No. 6286852)
                                         **McDonnell Boehnen Hulbert & Berghoff LLP**
                                         300 South Wacker Drive
                                         Chicago, Illinois 60606
                                         Tel.: (312) 913-0001
                                         Fax: (312) 913-0002

                                         Steven F. Borsand (ID No. 6206597)
                                         **Trading Technologies International, Inc**.
                                         222 South Riverside
                                         Suite 1100
                                         Chicago, IL 60606
                                         Tel: (312) 476-1000
                                         Fax: (312) 476-1182

                                         **Attorneys for Plaintiff,**
                                         **TRADING TECHNOLOGIES**
                                         **INTERNATIONAL, INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **PLAINTIFF TRADING TECHNOLOGIES' RESPONSE TO DEFENDANTS eSPEED AND ECCO'S SECOND SET OF REQUESTS FOR ADMISSION** was served on April 16, 2007 as follows:

*Via Email and U.S. First Class Mail:*

| *Counsel for eSpeed, et al.:* | *Counsel for CQG, Inc. and CQGT, LLC:* |
|---|---|
| Raymond Perkins | Kara E. F. Cenar |
| (rperkins@winston.com) | (kcenar@bellboyd.com) |
| Winston & Strawn LLP | Bell, Boyd & Lloyd, LLC |
| 35 W. Wacker Drive | 70 W. Madison Street, Suite 3100 |
| Chicago, IL 60601 | Chicago, IL 60602-4207 |
| Main Tel: 312-558-5600 | Main Tel: 312-372-1121 |
| Fax: 312-558-5700 | Fax: 312-827-8000 |
| | |
| *Counsel for Rosenthal Collins Group:* | Mark W. Fischer |
| Geoffrey A. Baker | (MFischer@faegre.com) |
| (gabaker@dowellbaker.com) | Faegre & Benson, LLP |
| Dowell Baker, P.C. | 1900 Fifteenth Street |
| 229 Randolph St. | Boulder, CO 80302 |
| Oak Park, IL 60302 | Tel: 303-447-7700 |
| Tel: 708-660-1413 | Fax: 303-447-7800 |
| Fax: 312-873-4466 | |
| | |
| Jeffrey Schulman | |
| (jschulman@wolinlaw.com) | |
| Wolin & Rosen, Ltd. | |
| 55 West Monroe Street, Suite 3600 | |
| Chicago, IL 60603 | |
| Tel: 312-458-1244 | |
| Fax: 312-424-0660 | |

*Via Email and Federal Express:*

| *Counsel for GL Consultants, Inc., GL Trade SA, and FuturePath Trading LLC:* |
|---|
| Lora A. Moffatt |
| (lmoffatt@salans.com) |
| Salans |
| Rockefeller Center |
| 620 Fifth Ave |
| New York, NY 10020-2457 |
| Main Tel: 212-632-8436 |
| Main Fax: 212-307-3320 |

*Via Email:*

| *Counsel for GL Consultants, Inc., GL Trade SA, and FuturePath Trading LLC:* | |
|---|---|
| Brian Norkett (b_norkett@hotmail.com) | Natalie Clayton (nclayton@alston.com) |
| Alison Naidech (anaidech@salans.com) | Walter Scott (wscott@alston.com) |
| Phillippe Bennett (pbennett@alston.com) | |

     s/ Jennifer M. Kurcz