IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRADING TECHNOLOGIES INTERNATIONAL, INC., | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) No. 04 C 5312 |
| eSPEED, INC., eSPEED, INTERNATIONAL, LTD., and ECCO WARE, LTD., | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION AND ORDER

After a jury trial and a number of post-trial motions, Trading Technologies International, Inc. ("TT") now moves against eSpeed, Inc. and Ecco LLC (collectively "eSpeed") for an award of attorney fees. In a separate motion eSpeed moves this court for an order awarding costs against TT pursuant to Federal Rule of Civil Procedure 37(c)(2), associated with eSpeed's proving several facts in a recent inequitable conduct hearing. For the following reasons, the motions of both parties are denied.

### Attorney Fees

35 U.S.C. § 285 states: "The court in exceptional cases may award reasonable attorney fees to the prevailing party." Thus, the awarding of attorney fees is based first on a determination that the case is exceptional, and then, whether attorney fees should be awarded. Tate Access Floors v. Maxcess Techs., 222 F.3d 958, 964 (Fed. Cir. 2000). The parties have focused on the question of whether this case is exceptional.[1] A prevailing party may prove a

---

[1] TT has moved for leave to comply with Local Rule 54 at a later date, requesting that this court first determine whether it believes TT is entitled to attorney fees before determining the specific amount of those fees and their reasonableness under 35 U.S.C. § 285.

case exceptional by showing inequitable conduct, litigation misconduct, willful infringement, or that the opposing party's conduct was vexatious, frivolous, or otherwise in bad faith. Phonometrics, Inc. v. Westin Hotel Co., 350 F.3d 1242, 1246 (Fed. Cir. 2003). As the moving party, TT bears the burden of proving this case exceptional by clear and convincing evidence. Carroll Touch, Inc. v. Electro Mechanical Sys., 15 F.3d 1573, 1584 (Fed. Cir. 1993).

TT argues that this case is exceptional for four reasons. First, it argues that eSpeed's pursuit of a non-infringement defense at trial was frivolous. We disagree. In its memorandum opinion and order regarding willfulness, the court specifically held that eSpeed's defenses were neither unreasonable nor frivolous. Trading Techs. Int'l, Inc. v. eSpeed, Inc., 2008 U.S. Dist. LEXIS 295 (N.D. Ill. Jan. 3, 2008). That eSpeed declined to stipulate to infringement and held TT to its burden of proof does not, without more, constitute such egregious behavior that a finding of "exceptional" is appropriate.

Next, TT argues that eSpeed refused to allow TT to appeal the court's summary judgment ruling, and such an appeal would have prevented piecemeal litigation. eSpeed argues that it was the court, in its independent discretion, that determined the case should proceed to trial before an appeal was taken. It is true that eSpeed argued against dismissal of the remaining claims, without prejudice, so that an appeal could be taken on the issues of claim construction and infringement. However, the court was not bound by eSpeed's will, and independently held that the case should proceed as planned, so that a determination on validity could be made – a determination that might affect the other cases still pending before this court. eSpeed's position on this issue is not cause for finding this case exceptional.

Further, TT argues that eSpeed's pursuance of an inequitable conduct claim was baseless, and that it frivolously moved the court for its costs and fees related to that claim. TT argues

that eSpeed's demand for a hearing forced TT to spend unnecessary additional time and money in preparation. eSpeed argues that TT was actually the one creating more work for the parties and the court, by demanding voluminous briefing in an attempt to prevent a hearing that this court later determined was needed. We find that both parties argued their positions in good faith – TT arguing that voluminous briefing would obviate the need for a hearing, and eSpeed arguing that a hearing would obviate the need for voluminous briefing. In the end, the court determined that both were necessary to resolve the issue. Furthermore, the court specifically held that eSpeed's inequitable conduct claim was not baseless nor frivolous, even though we determined that eSpeed did not prove its claim by clear and convincing evidence. Trading Techs., 2008 U.S. Dist. LEXIS 295. eSpeed's conduct in this regard does not rise to the level necessary for a finding of "exceptional."

Finally, TT argues that this case is exceptional because the jury found that eSpeed willfully infringed the patents at issue. The jury determined that eSpeed willfully infringed TT's patents, a finding the court held was against the manifest weight of the evidence. Trading Techs., 2008 U.S. Dist. LEXIS 295. TT now argues that the court's holding was based on a misapprehension of the facts. It concedes that it did not seek reconsideration of the court's previous decision, and despite TT's invitation, we decline to engage in such a reconsideration on this motion. Since the court held that eSpeed, as a matter of law, did not willfully infringe TT's patents, that cannot be a basis for a finding of "exceptional" in this case.

We note that this is not a case where one party can be found to have acted so much more outrageously than the other as to warrant attorney fees. Throughout this case both parties have vigorously advocated for their clients. To some extent, this zealous representation has caused both parties to push the envelope at times, but neither party pushed it too far – both

have consistently acted in good faith and litigated this case to the best of their abilities. This is not the type of extraordinary case Congress was referring to when it enacted § 285. *See* Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp., 372 F. Supp. 2d 833, 851 (E.D. Va. 2005).

eSpeed's Costs

As a result of the recent hearing, this court found that inventor Harris Brumfield engaged in commercial use of the invention between March 2 and June 9, 1999. Trading Techs. Int'l, Inc. v. eSpeed, Int'l, Ltd., 2008 U.S. Dist. LEXIS 37298 (N.D. Ill. May 6, 2008). We based our finding, in part, on several video clips purporting to show Brumfield engaging in actual trading on March 15, 1999.[2]

Rule 37(c)(2) states:

If a party fails to admit what is requested under Rule 36 and if the requesting party later provides a document to be genuine or the matter true, the requesting party may move that the party who failed to admit pay the reasonable expenses, including attorney's fees, incurred in making that proof. The court must so order unless:
  (A) the request was held objectionable under Rule 36(a);
  (B) the admission sought was of no substantial importance;
  (C) the party failing to admit had a reasonable ground to believe that it might prevail on the matter; or
  (D) there was other good reason for the failure to admit.

The parties make numerous technical arguments as to why TT was or was not required to affirm or deny certain requests for admission. We decline to address these arguments. Instead, we find that eSpeed is not entitled to costs on the issue of proving Brumfield's use because TT's admission or denial of that point was irrelevant to the court's finding that no inequitable conduct occurred. The crux of this court's inequitable conduct holding was that

---

[2] These videos and clips therefrom were the subject of a recent protective order dispute. This court held, *inter alia*, that despite its general reference to the videos in the memorandum opinion and order, the protective order governing these videos stands (dkt. 1235).

regardless of whether Brumfield's use was deemed commercial or not, TT did not engage in inequitable conduct for failing to disclose this use to the PTO because it was entitled to the March 2 priority date. Trading Techs., 2008 U.S. Dist. LEXIS 295.

Furthermore, that TT held eSpeed to its burden of proof that Brumfield did engage in commercial use is no more abusive than eSpeed holding TT to its burden of proof regarding infringement. Neither party's position on those issues was frivolous or vexatious or warranting of costs or fees being awarded to the other party. Just as noted above with regard to attorney fees, this case has been hotly contested and vigorously litigated, but that does not mean that either party has engaged in misconduct.

## CONCLUSION

For the foregoing reasons, TT's motion for attorney fees is denied.

JAMES B. MORAN
Senior Judge, U. S. District Court

June 11, 2008.