AO 133 (Rev. 9/89) Bill of Costs

# UNITED STATES DISTRICT COURT

Northern District of Illinois

Trading Technologies International, Inc.

V.

eSpeed, Inc., eSpeed International, Inc., et al

**BILL OF COSTS**

Case Number: 04-5312

Judgment having been entered in the above entitled action on  May 22, 2008  against  eSpeed, Inc. et al.,
the Clerk is requested to tax the following as costs:

| | |
|---|---:|
| Fees of the Clerk .................................................................. | $ |
| Fees for service of summons and subpoena ........................................... | 1,534.45 |
| Fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case | 346,995.62 |
| Fees and disbursements for printing .................................................. | 947,102.69 |
| Fees for witnesses (itemize on reverse side) .......................................... | 25,418.27 |
| Fees for exemplification and copies of papers necessarily obtained for use in the case .......... | 1,882,570.55 |
| Docket fees under 28 U.S.C. 1923 ..................................................... | |
| Costs as shown on Mandate of Court of Appeals ....................................... | |
| Compensation of court-appointed experts ............................................. | |
| Compensation of interpreters and costs of special interpretation services under 28 U.S.C. 1828 ..... | 118,154.00 |
| Other costs (please itemize) ........................................................... | |
| TOTAL | $ 3,321,775.58 |

SPECIAL NOTE: Attach to your bill an itemization and documentation for requested costs in all categories.

## DECLARATION

I declare under penalty of perjury that the foregoing costs are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed. A copy of this bill was mailed today with postage prepaid to: Andrew Johnstone, Winston & Strawn, Chicago      .

Signature of Attorney: _____

Name of Attorney: S. Richard Carden (Reg. No. 06269504)

For: Trading Technologies International, Inc.         Date: 6/23/08
      Name of Claiming Party

Costs are taxed in the amount of _____ and included in the judgment.

By: _____
Clerk of Court         Deputy Clerk         Date

| WITNESS FEES (computation, cf. 28 U.S.C. 1821 for statutory fees) | | | | | | | |
|---|---|---|---|---|---|---|---|
| NAME AND RESIDENCE | ATTENDANCE | | SUBSISTENCE | | MILEAGE | | Total Cost Each Witness |
| | Days | Total Cost | Days | Total Cost | Miles | Total Cost | |
| See attached itemized breakdown in Exhibit 1 for witness fees for subpoenaed deposition witnesses and Exhibit 7 for expert attendance at the jury trial and inequitable conduct hearing | | | | | | | |
| | | | | | | TOTAL | |

## NOTICE

**Section 1924, Title 28, U.S. Code (effective September 1, 1948) provides:**
"Sec. 1924. Verification of bill of costs."
"Before any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed."

**See also Section 1920 of Title 28, which reads in part as follows:**
"A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree."

**The Federal Rules of Civil Procedure contain the following provisions:**
Rule 54 (d)
"Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs, but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law. Costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court."

Rule 6(e)
"Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, 3 days shall be added to the prescribed period."

Rule 58 (In Part)
"Entry of the judgment shall not be delayed for the taxing of costs."

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Trading Technologies International, Inc.,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>eSpeed, Inc., eSpeed International, Ltd.,<br>Ecco LLC, and EccoWare Ltd.,<br><br>　　　　　　　Defendants. | Civil Action No. 04 C 5312<br><br>Judge:  James B. Moran<br><br>Magistrate:  Sidney I. Schenkier |

**PLAINTIFF TRADING TECHNOLGIES INTERNATIONAL, INC'S
SUBMISSION OF BILL OF COSTS AND SUPPORTING MEMORANDUM**

In light of the jury verdict in favor of Plaintiff, Trading Technologies International, Inc. ("TT"), dated October 10, 2004 (Dkt. No. 1061), the Court's finding that the patents-in-suit are not unenforceable for inequitable conduct dated May 6, 2008 (Dkt Nos. 1214-1215), and the Court's entry of final judgment on May 22, 2008 (Dkt Nos. 1262-1263), TT, as the prevailing party, hereby submits its Bill of Costs and supporting material pursuant to Rule 54 of the Federal Rules of Civil Procedure, 28 U.S.C. §§ 1920 and 1924, and Local Rule 54.1, along with its Memorandum generally identifying the legal bases for an award of identified costs.

The total costs TT requests are $3,321,775.58, broken down as follows:

1.　　　Process service and witness fees:  $2,025.45

2.　　　Deposition and hearing transcript fees:  $346,995.62

3.　　　Printing fees:  $947,102.69

4.　　　Copies and exemplification fees:  $1,8882,570.55

5.　　　Interpretation and translation fees:  $118,154.00

6.　　　Expert witness fees:  $24,927.27

TT respectfully requests that the Honorable Clerk of the Court enter an order awarding the identified costs, together with interest from the date of the award forward.  TT has included with its Bill of Costs Exhibits 1-7 that set forth in detail the specific costs being sought.  TT will also be providing Defendants with a binder of tabbed invoices relating to the costs TT is seeking

1

and has identified in the Bill of Costs. TT has not submitted these voluminous invoices to the Clerk of the Court at this point, as TT is unaware of any dispute or other need that would require the Clerk's or Court's review of the materials. If the Clerk or the Court concludes that these invoices are needed, TT will gladly provide them on request.

**I.     Fees for service of summons and subpoena and witness fees**

Attached as Exhibit 1 is a detailed listing of all fees for service of summons and subpoenas incurred in this action, as well as all fees for witnesses incurred in this action. This Court has authority under 28 U.S.C. § 1920(3) to tax fees and disbursements related to service of process for witnesses and for witness appearance fees, and unlike 28 U.S.C. § 1920(4), there is no requirement for this Court to determine whether the presence of the witness was necessary. As required on the Bill of Costs form, all witnesses fees are set forth on the schedule attached to the Bill of Costs.

The total TT requests for process service costs and witness fees is $2,025.45.

**II.    Fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case**

This Court has authority under 28 U.S.C. § 1920(3) to tax fees and disbursements for transcripts necessarily obtained in the case. Recovery is limited under Local Rule 54.1(b) to the copy rate provided by the Judicial Conference of the United States at the time the deposition was taken or hearing was held. The attached exhibits detail the actual costs incurred and the cost using the relevant prevailing rate prescribed by the Judicial Conference. The final total is based on the Judicial Conference rate as required by local rule.

      A.     Deposition transcript costs (transcript, rough disk, video, synchronization, realtime, etc.)

Attached as Exhibit 2 is a detailed listing of all court reporter fees for deposition transcripts required in this case. This table indicates the appropriate prevailing rates from the Judicial Conference for transcripts and realtime.

Transcripts need not be "absolutely indispensable in order to provide the basis for an award of costs," but instead only need be reasonably necessary. *Barber v. Ruth*, 7 F.3d 636, 645

(7th Cir. 1993). As this Court is aware, there were well over a hundred depositions taken in the case. The Court was frequently apprised of the status and number of these depositions throughout the case, and left it to the parties to determine what was and was not necessary. Both parties frequently noted the necessity of particular depositions, and it was only in a limited number of instances that a motion to quash or motion for a protective order was brought on the basis that a deposition was not necessary. Each of those motions was denied by the Court. Thus there can be no question as to the "necessity" of the depositions for the purposes of TT's Bill of Costs.

This Court has discretion to award appearance fees for Court reporters. *Held v. held*, 137 F.3d 998, 1001 (7th Cir. 1998); *Finchum v. Ford Motor Co.*, 57 F.3d 526, 534 (7th Cir. 1995); *see also McCollough v. O'Neill*, 2003 U.S. Dist. LEXIS 2973 at 6 (N.D. Ill. 2003) (Ex. 8) (holding court reporter hourly rates of $30.00/hr and $60.00/hr reasonable. Thus, TT requests all costs for court reporter appearance fees, totaling $12,254.78.

This Court may also award costs for both hard copy transcripts and videotapes of depositions. *See, e.g., Rogers v. City of Chicago*, 2002 U.S. Dist. LEXIS 4431 at *3 (N.D. Ill. 2002). In this case, the numerous depositions that occurred were, for the most part, of third parties, many of whom were not within the jurisdiction of the Court for purposes of a trial subpoena. Thus, both TT and the defendants found it necessary to preserve the testimony on videotape for potential use at trial. As the Court will recall, a large number of these video depositions were identified for possible presentation at trial, with a smaller subset selected for review by the Court, and a smaller subset selected for actual presentation due to time constraints. However, at the time of the deposition, videotaping was necessary. In addition, synching of the transcript with the video was necessary in order to best present the jury with the testimony (especially given the large number of varied accents presented). Thus, TT requests all costs associated with the preparation of videos of the depositions, with the exception of administrative and delivery fees. These costs total $100,817.13.

Because the courts have typically not allowed administrative and delivery fees associated with depositions, TT has not requested those costs, which total approximately $ 4,978.52.

TT requests a total of $230,559.50 for costs associated with deposition transcripts.

B.  Hearing transcript costs

Attached as Exhibit 3 is a detailed listing of all fees of the court reporter for transcripts of hearings, the jury trial, the bench trial and other associated proceedings.

As the Court noted in ruling on TT's Motion for Attorney's Fees, this was a hard fought case, as reflected in the nearly 1,300 entries in this case's docket. In addition to the extensive briefing on a vast array of issues, during the course of the litigation, this Court held (1) a Preliminary Injunction hearing, (2) a three-day Markman hearing, (3) a four-week jury trial, and (4) a bench trial on inequitable conduct, as well as countless status hearings and motion calls. Not only are the transcripts of many of these hearings the subject of the cross-appeals in the current case, but the transcripts from the status hearings and motion calls were frequently exhibits to the numerous briefs filed in this case. Thus, there can be no question of the "necessity" of obtaining transcripts of court sessions for the purposes of TT's Bill of Costs.

The total costs requested by TT for hearing transcript costs is $116,436.12.

**III.  Fees and disbursements for printing**

Section 1920(4) authorizes the taxing of costs for copies "necessarily obtained for use in the case." 28 U.S.C. § 1920(4). Attached as Exhibit 4 is a detailed listing of all fees and disbursement for printing incurred in this action. "Included in the category of costs 'reasonably necessary for use in the case' are copies attributable to discovery and the court's copies of pleadings, motions and memoranda…." *Baxter Int'l, Inc. v. McGaw, Inc.*, 1998 U.S. Dist. LEXIS 2422 at *1 (N.D. Ill. 1998) (Ex. 9). In addition, other costs such as binding, tabbing and collating are recoverable. *First City Securities, Inc. v. Shaltiel*, 1993 U.S. Dist. LEXIS 14312 at *2 (N.D. Ill. Oct. 8, 1993) (holding "costs for binding, inserting tabs and bates stamping are allowed here because these services are necessary to reproduce a document in a way that is organized and useful to the opposing party and the court."); *see also Haroco, Inc. v. American National Bank and Trust Co. of Chicago*, 38 F.3d 1429, 1441 (7th Cir. 1994) (holding costs of copying and collating exhibits and fees for graphics services fall "squarely within [the] language" of section 1920(4) and were recoverable even though statute did not mention "collating" or "graphics services.").

The cost of copying documents produced by third parties and trial exhibits is recoverable. *M.T. Bonk Co. v. Milton Bradley Co.*, 945 F.2d 1404, 1410 (7th Cir. 1991) (finding district court

did not abuse discretion in awarding prevailing party cost of copying documents produced by third parties); *Habdas v. City of Chicago*, 2004 U.S. Dist. LEXIS 2705, 2004 WL 354322, at 1 (N.D. Ill. Feb. 23, 2004) (holdings costs for copies of trial exhibits both recoverable and reasonable because copies of trial exhibits are necessary in the event exhibit is published to jurors). TT recognizes that the courts have typically not allowed recovery of copies made purely for the convenience of attorneys. *Baxter Int'l, Inc. v. McGaw, Inc.*, 1998 U.S. Dist. LEXIS 2422 at 1 (N.D. Ill. 1998). TT therefore has included only copies provided by outside vendors, as internal copying costs were those primarily related to the convenience of the attorneys.

A prevailing party is "not required to submit a bill of costs containing a description so detailed as to make it impossible economically to recover photocopying costs;" instead, it is only required to "provide the best breakdown obtainable from retained records." *Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1991). As the Court is aware, this case was unusually intensive with respect to copies. In addition to the fact that there was extensive briefing on nearly every issue in the case, TT was required to serve copies of all pleadings and discovery on opposing counsel in the related cases who filed appearances in the eSpeed case. In addition, in late 2005 and early 2006, TT was required to provide the defendants in the related cases with copies of all documents produced in the case to that point. Thus, while often courts may limit recovery to three sets of copies (*Menasha Corp. v. News America Marketing In-Store, Inc.*, 2003 U.S. Dist. LEXIS 13405 at 11 (N.D. Ill. July 31, 2003) (Ex. 10)), in this case TT contends that it should be able to recover costs for all copy sets made for service. eSpeed may seek contribution from their partners in the joint defense agreement for portion of the costs attributable to the defendants in the related cases.

An additional complication in this case is that "printing' costs frequently occurred in the form of scanning documents. Courts have previously found that scanning costs are recoverable under Section 1920(3). *See, e.g., BDT Products, Inc. v. Lexmark Int'l, Inc.*, 405 F.3d 415, 420 (6th Cir. 2005). Because of the large number of exhibits associated with many of the briefs in this case, TT frequently served the defendants with CDs or DVDs containing scanned copies of the exhibits, rather than burden them with large numbers of hard copies. Thus, TT requests that it be allowed its costs related to scanning.

The total TT requests for printing costs is $947,102.69.

5

**IV.    Fees for exemplification and copies of papers necessarily obtained in the case**

Attached as Exhibit 5 is a detailed listing of all fees for exemplification and copies necessarily obtained in this action.

The attached list refers to two vendors:  TrialGraphix and Focal Point.  Each of these vendors were involved in designing, creating and presenting the graphics and animations for the various hearings in the case, and for the equipment used in presenting these graphics and animations.  As the Court is aware, much of the case revolved around the movement of software screens, and as such a wide variety of graphics and animations were used to present the issues in the case and make them readily accessible to the jury and the Court.  In addition, numerous experts gave presentations related to their analyses of a number of different types of software, and these experts had their own presentations.  Each of these presentations was necessary for the case.

All of the work conducted by Focal Point in this case was directed towards designing, creating and preparing the various slides used at the Markman hearing, the jury trial and the inequitable conduct hearing.  Thus, TT has included all of Focal Point's costs, with the exception of travel, lodging and meal costs.

Similarly, TrialGraphix's work was directed to designing, creating and presenting the graphics and animations used at the preliminary injunction hearing, and to presenting the graphics and animations used at subsequent hearings.  TrialGraphix was also responsible for providing and operating courtroom equipment used for presenting the graphics and animations.

The total costs requested by TT for copies and exemplification is $1,882,570.55.

**V.    Compensation of interpreters**

Attached as Exhibit 6 is a detailed listing of all fees of translators and interpreters incurred in this action.  These costs reflect out-of-pocket expenses for invoices paid to third parties for providing interpretation services for depositions and trial testimony of non-English speaking witnesses, translating foreign documents, and certification of translations. 28 U.S.C. § 1920(6) provides this Court with the requisite statutory authority to tax compensation of interpreters and, unlike 28 U.S.C. § 1920(4), does not require this Court to determine whether the interpretation service was necessary.

The total costs requested by TT for interpretation and translation services is $118,154.00.

**VI.     Witness fees**

This Court has authority under 28 U.S.C. § 1920(6) to tax costs for expert witnesses. Attached as Exhibit 7 is a detailed listing of all fees of fees incurred for expert witnesses in this action. These costs reflect attendance fees, travel expenses, and per diem costs for these witnesses. In the table, TT requests attendance fees not only for the days that each expert was on the stand, but also for days which they attended in order to observe the testimony of other witnesses. For per diems, TT used the prevailing per diem rates set forth by the General Services Administration in 2007 and 2008. TT paid for the hotel and food expenses for each expert, which far exceeded the maximum per diem allowed. Thus TT requests the full maximum allowable per diem for each expert.

The total costs requested by TT for expert fees is $24,927.27.

**VII.    Conclusion**

TT respectfully requests that this Court enter an order granting TT its costs as summarized above and as detailed in the Exhibits to this memorandum.

Respectfully submitted,

Date: June 23, 2008          By:      s/ S. Richard Carden
                                     Paul H. Berghoff  (ID No. 6180462)
                                     Leif R. Sigmond  (ID No. 6204980)
                                     Matthew J. Sampson (ID No. 6207606)
                                     S. Richard Carden (I.D. No. 6269504)
                                     Jennifer M. Kurcz  (ID No. 6279893)
                                     Paul A. Kafadar (ID No. 6289869)
                                     **McDonnell Boehnen Hulbert & Berghoff LLP**
                                     300 South Wacker Drive
                                     Chicago, Illinois 60606
                                     Tel.: (312) 913-0001
                                     Fax: (312) 913-0002
                                     carden@mbhb.com
                                     lsgdocketing@mbhb.com

                                     Steven F. Borsand (ID No. 6206597)
                                     **Trading Technologies International, Inc.**
                                     222 South Riverside
                                     Suite 1100
                                     Chicago, IL 60606
                                     Tel: (312) 476-1000
                                     Fax: (312) 476-1182

                                     **Attorneys for Plaintiff,
                                     TRADING TECHNOLOGIES
                                     INTERNATIONAL, INC.**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was served on June 23, 2008 as follows:

*Via Email and e-service from the Court:*

| *Counsel for eSpeed, et al.:*<br>Raymond Perkins<br>(rperkins@winston.com)<br>Winston & Strawn LLP<br>35 W. Wacker Drive<br>Chicago, IL 60601<br>Main Tel: 312-558-5600<br>Fax: 312-558-5700<br><br>*Counsel for Rosenthal Collins Group:*<br>Geoffrey A. Baker<br>(gabaker@dowellbaker.com)<br>Dowell Baker, P.C.<br>229 Randolph St.<br>Oak Park, IL 60302<br>Tel: 708-660-1413<br>Fax: 312-873-4466<br><br>Jeffrey Schulman<br>(jschulman@wolinlaw.com)<br>Wolin & Rosen, Ltd.<br>55 West Monroe Street, Suite 3600<br>Chicago, IL 60603<br>Tel: 312-458-1244<br>Fax: 312-424-0660 | *Counsel for CQG, Inc. and CQGT, LLC:*<br>Kara E. F. Cenar<br>(kcenar@bellboyd.com)<br>Bell, Boyd & Lloyd, LLC<br>70 W. Madison Street, Suite 3100<br>Chicago, IL 60602-4207<br>Main Tel: 312-372-1121<br>Fax: 312-827-8000<br><br>Nina Wang<br>(Nwang@faegre.com)<br>Neal Cohen<br>(ncohen@faegre.com)<br>Jared Briant<br>(jbriant@faegre.com)<br>Faegre & Benson, LLP<br>1900 Fifteenth Street<br>Boulder, CO 80302<br>Tel: 303-447-7700<br>Fax: 303-447-7800 |

*Via Email and e-service from the Court and Federal Express:*

| *Counsel for GL Consultants, Inc., GL Trade SA, and FuturePath Trading LLC:*<br>Lora A. Moffatt<br>(lmoffatt@salans.com)<br>Salans<br>Rockefeller Center<br>620 Fifth Ave<br>New York, NY 10020-2457<br>Main Tel: 212-632-8436<br>Main Fax: 212-307-3320 |
|---|

*Via Email and e-service from the Court:*

| *Counsel for GL Consultants, Inc., GL Trade SA, and FuturePath Trading LLC:*<br>Brian Norkett (b_norkett@hotmail.com)   Natalie Clayton (natalie.clayton@alston.com)<br>Alison Naidech (anaidech@salans.com)   Walter Scott (wscott@alston.com)<br>Phillippe Bennett (pbennett@alston.com) |
|---|

                                                              __ s/ S. Richard Carden_____