IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TRADING TECHNOLOGIES )
INTERNATIONAL, INC., )
                                    Plaintiff, )
                                   vs. ) No. 04 C 5312
eSPEED, INC. eSPEED INTERNATIONAL, )
LTD., ECCO LLC, and ECCO WARE, LTD., )
                                  Defendants. )

## MEMORANDUM OPINION AND ORDER

At the close of trial, a jury awarded plaintiff Trading Technologies, Inc. ("TT") $3.5 million in damages, resulting from defendants eSpeed, Inc. and Ecco LLC's (collectively "eSpeed") infringement of two of TT's patents over a five-month period. Both parties appealed, and the appeal is currently pending before the Federal Circuit. eSpeed moves for a stay of judgment pending appeal, but without being required to post a supersedeas bond for the full amount of judgment. Fed. R. Civ. P. 62(d). For the following reasons, eSpeed's motion is granted.

Rule 62(d) states that a stay pending appeal will be granted where the appellant posts a supersedeas bond. A court may, at its discretion, stay the judgment without a bond being posted. In evaluating whether to stay a judgment without requiring bond, the Seventh Circuit set forth the following factors to consider:

    (1) the complexity of the collection process;
    (2) the amount of time required to obtain a judgment after it is affirmed on appeal;
    (3) the degree of confidence that the district court has in the availability of funds to pay the judgment;
    (4) whether the defendant's ability to pay the judgment is so plain that the cost

> of a bond would be a waste of money; and
> (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.

Dillon v. Chicago, 866 F.2d 902, 904-905 (7th Cir. 1988). Only the first four factors apply to this case.

eSpeed argues that it satisfies the requirements for a stay without bond. It offers several financial documents to show that it is certainly capable of paying the judgment, so much so that the cost of a bond would be a waste of money. These documents show that since eSpeed has merged with an affiliate, BCG Partners, the merged company's revenue for the first quarter was nearly $340 million, almost 100 times the amount of the judgment. It also has net shareholder equity of more than $150 million, more than 40 times the amount of the judgment.

Furthermore, eSpeed offers the affidavit of the chief accounting officer of the merged company, Frank Saracino, who affirms that eSpeed has cash and cash-equivalents of at least $200 million, and that any judgment could be satisfied through a wire transfer within five business days.

TT argues that eSpeed should not be entitled to a stay without posting bond because it has been operating at a loss for the last several quarters. Furthermore, because of the instability of the financial industry, eSpeed is at high risk of being unable to satisfy the judgment after appeal. However, these arguments seem slightly disingenuous given that throughout the trial TT portrayed eSpeed as a large and well-established company that has been a big player in the market. In addition, eSpeed notes that while the financial industry might be volatile, such volatility necessarily increases the volume of trading occurring, and as a result increases eSpeed's revenues. eSpeed also counters that the financial documents TT offers to show eSpeed operating at a loss are pre-merger documents, and eSpeed has in fact

increased its cash-on-hand from $190 million to over $200 million since the merger, demonstrating its sound finances.

We agree that eSpeed has demonstrated that it is entitled to stay without posting bond. It is clear that eSpeed has more than enough cash on hand to satisfy TT's judgment. eSpeed further demonstrates that any judgment will be quickly and easily collectable within five days, via wire-transfer. Finally, eSpeed has proven that its finances are sufficiently sound at this juncture, such that the cost of a bond would be a waste of money. TT is certainly permitted to monitor eSpeed's financial situation, and if it later appears that eSpeed is not as sound as it currently is, TT may return to this court for a recvaluation of the situation.

## CONCLUSION

For the foregoing reasons, eSpeed's motion for a stay of judgment pending appeal without posting of a supersedeas bond is granted.

_____
JAMES B. MORAN
Senior Judge, U. S. District Court

_July 24_, 2008.