IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Trading Technologies International, Inc., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>eSpeed, Inc., Espeed International, Ltd., )<br>Ecco LLC, and Eccoware, Ltd., )<br>)<br>Defendants. ) | No. 04 C 5312<br><br>District Judge Dow<br><br>Magistrate Judge Schenkier |

**MEMORANDUM OPINION AND ORDER**

eSpeed, Inc., eSpeed International, Ltd., Ecco LLC, and EccoWare Ltd. (collectively "eSpeed") seek to strike a bill of costs filed by Trading Technologies, Inc. ("TT") or, in the alternative, to stay consideration of costs pending eSpeed's appeal. After a jury awarded TT damages for eSpeed's patent infringement, and the trial judge (then Judge Moran) entered a permanent injunction against eSpeed, TT submitted a bill of costs (doc. # 1272, 1283) seeking $3,321,775.58. eSpeed objects to TT's bill of costs (doc. # 1288), contending that TT cannot recover costs because TT is not the prevailing party and, even if TT were the prevailing party, this Court should exercise its discretion to deny costs or, in the alternative, to stay costs pending appeal (Def.'s Obj. at 1). In response (doc. #1297), TT removed certain challenged costs and reduced its request to $2,887,117.56 (Pl.'s Resp. at 1). Thereafter, eSpeed filed a reply (doc. # 1304), arguing that TT should be awarded no more than $147,190.45 in costs, assuming TT is a prevailing party entitled to costs at all (Def.'s Reply at 1). At the Court's invitation, and with eSpeed's agreement, TT later supplemented its submission with invoices and witness depositions that were previously made available to Judge Moran.

After careful consideration of the arguments presented and the documentation submitted, this Court rules as follows: (1) we deny eSpeed's motion to strike, (2) we deny eSpeed's motion to stay, and (3) we grant in part and deny in part TT's bill of costs, and award $381,831.04 in costs to TT.

I.

We begin by summarizing the issues and decisions in this case, before addressing eSpeed's threshold argument that TT is not a "prevailing party" entitled to costs under Federal Rule of Civil Procedure 54(d).

A.

On August 12, 2004, TT filed a complaint against eSpeed (doc. # 1) alleging direct, indirect, and contributory infringement of TT's patents, U.S. Patent No. 6,766,304 ('304) and U.S. Patent No. 6,772,132 ('132). TT requested relief in the form of a judgment of infringement, a preliminary and permanent injunction, damages, treble damages for willful infringement, and an assessment of costs and reasonable attorney's fees (Pl.'s Compl. at 4). The accused products included several versions of eSpeed's "Dual Dynamic," "eSpeedometer," "Modified eSpeedometer," "eSpeed Futures View," "Ecco Price Ladder," and "eSpeed AutoSpeed Basis." All of those products relate to electronic trading in futures. eSpeed filed an answer (doc. # 133) denying infringement and asserting the invalidity and unenforceability of the '304 and '132 patents (Def.'s Ans. at 10). eSpeed also filed a counterclaim seeking declarations of non-infringement, invalidity, and unenforceability of TT's patents, as well as an award of costs and reasonable attorney's fees (Def.'s Ans. 12-18).

After various proceedings, some – but not all – of eSpeed's accused product types were found to infringe TT's patents. On February 9, 2005, the Court denied TT's motion for a preliminary injunction (doc. # 83). On October 31, 2007, after a three-day *Markman* hearing, the Court

construed the claims in dispute (doc. # 425) and then substantially reaffirmed its construction in a clarification order dated February 21, 2007 (doc. # 475). On June 20, 2007, the Court found that various versions of eSpeed's "Dual Dynamic," "eSpeedometer," and "Modified eSpeedometer" did not literally infringe TT's patents, and in addition, precluded TT from asserting infringement under the doctrine of equivalents (doc. # 708). On October 10, 2007, after a four-week trial, a jury ruled in favor of TT (doc. # 1061), finding that TT's '304 and '132 patents were valid and infringed by eSpeed using "eSpeed Futures View," "Ecco Price Ladder," and "eSpeed AutoSpeed Basis" (collectively, the "infringing products"). The jury also determined that the priority date for the patents was March 2, 2000, the date on which TT's provisional application was filed, and found eSpeed's infringement to be willful. The jury awarded TT $3.5 million in compensatory damages. The Court subsequently vacated the jury's finding of willfulness (doc. # 1144), and reduced the damage award by remittitur to $2,539,468.00 (doc. # 1153) – a number that plaintiff accepted (doc. # 1325). The Court withheld the issue of inequitable conduct from the jury (doc. # 840) and, after a two-day hearing, the Court rejected eSpeed's argument that the patents-in-suit were unenforceable for inequitable conduct (doc. # 1215). On May 22, 2008, the Court granted TT's motion for a permanent injunction against eSpeed's infringing products (doc. # 1232).

The case then proceeded to appeal. After first rejecting eSpeed's contention that there was no final judgment to appeal, the Federal Circuit considered the merits of the parties' cross appeals. On February 25, 2010, the Federal Circuit affirmed. *Trading Tech. Int'l, Inc. v. eSpeed, Inc.*, 595 F.3d 1340 (Fed. Cir. 2010).