## B.

eSpeed argues that TT should not be considered the prevailing party because the Court granted eSpeed's motion for partial summary judgment with respect to the non-infringing products (Def.'s Obj. at 2). eSpeed contends that, because granting this motion "essentially disallowed the bulk of damages that TT would have sought at trial," TT's case is analogous to others where courts have required both parties to bear their own costs because the litigation resulted in a "tie" (*Id.* at 2-3). In response, TT argues that it is clearly the prevailing party because the jury awarded TT damages for infringement and the Court entered a permanent injunction against eSpeed (Pl.'s Resp. at 2-3). TT also argues that the Court's finding of non-infringement for some products and reversal of the jury's finding of willfulness does not preclude TT from being the prevailing party (*Id.* at 3).

Rule 54(d)(1) provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party." In patent cases, Federal Circuit law governs whether a party may be considered the prevailing party. *See Manildra Milling Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1181-1182 (Fed. Cir. 1996). In the context of patent litigation, a plaintiff "prevails" when "the actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Id.* (quoting *Farrar v. Hobby*, 506 U.S. 103, 111-113 (1992)). Whether or not a party prevailed, however, is only a threshold inquiry. *Id.* at 1182. Once a court finds a prevailing party, the court retains broad discretion as to what costs to award, if any. *Farrar*, 506 U.S. at 115-116; *Barber v. Ruth*, 7 F.3d 636, 644 (7th Cir. 1993). Because the decision of whether to award costs to a prevailing party "implicates considerations not unique to patent law," it is governed by the law of regional circuits. *Manildra*, 76 F.3d at 1183. In the Seventh Circuit,

there is a presumption in favor of awarding costs to the prevailing party which is "difficult to overcome." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997). Generally, only two reasons warrant the denial of costs: (1) misconduct by the prevailing party worthy of a penalty, or (2) the losing party's inability to pay. *Id.*

The Supreme Court has held that a judgment for damages in any amount modifies the defendant's behavior for the plaintiff's benefit, thus signifying the plaintiff as the prevailing party. *Farrar*, 506 U.S. at 113 (holding that even a plaintiff who wins nominal damages is considered the prevailing party). Here, TT achieved a damage award (after remittitur) of more than $2.5 million. As TT points out, the jury answered each subpart of every special verdict question in TT's favor (*See* Pl.'s Resp. at 1; Jury Verdict (doc. # 1061)). The Court then issued a permanent injunction against eSpeed's infringing products. Under *Farrar's* holding, TT is the prevailing party based on its damage award alone. *See* 506 U.S. at 113. However, there can also be no serious dispute that TT's injunctive relief modified eSpeed's behavior in a way that benefitted TT. The fact that eSpeed had previously discontinued some of the infringing products is immaterial. As a result of TT's injunction, eSpeed is now restricted from choosing to produce or sell any of the infringing products in the future, which bestows a considerable benefit on competitor TT. Thus, TT's injunctive relief forms a second, independent basis upon which to conclude that TT is the prevailing party. *See Young v. City of Chicago*, 202 F. 3d 1000 (7th Cir. 2000) (holding that demonstrators who obtained an injunction against the City's exclusion of protestors during the Democratic national convention were prevailing parties entitled to attorney's fees).

To support its proposition that TT is not the prevailing party, eSpeed cites three cases where neither party prevailed on all issues and each was required to bear its own costs: *Senior*

*Technologies, Inc. v. R.F. Technologies, Inc.*, 190 F.R.D. 642 (D. Neb. 2000); *Compro-Frink Co. v. Valk Mfg. Co.*, 595 F.Supp. 302, 304 (E.D. Pa. 1982); and *Kalkowski v. Ronco, Inc.*, 424 F.Supp. 343, 353 (N.D. Ill. 1976) (Def.'s Obj. at 3). To the extent that these cases engage in a prevailing party analysis that departs from controlling Federal Circuit law, we are not at liberty to accept their approach. But, we are not convinced that these cases are inconsistent with Federal Circuit law, because we find them factually distinguishable from our case in significant ways. In *Senior Technologies* and *Compro Frink*, the plaintiff and defendant successfully defended each other's claims, and neither was awarded damages or injunctive relief. *See Senior Techs.*, 190 F.R.D. at 642 (judgment in favor of defendant on plaintiff's infringement claim, judgment in favor of plaintiff on defendant's invalidity claim); *Compro-Frink*, 595 F.Supp. at 303 (holding that both of plaintiff's patents were valid and enforceable, but defendant did not infringe; thus, "both were prevailing parties to the extent each was defending against the claim of the other"). Likewise, in *Kalkowski*, neither party received damages or injunctive relief, although the defendant in *Kalkowski* obtained a finding of patent invalidity. *See* 424 F.Supp at 353-54 (holding that defendant had not infringed plaintiff's patent because it was invalid, but rejecting defendant's counterclaims that plaintiff engaged in unfair competition and wrongful use of the patent). In this case, by contrast, TT won both damages and an injunction, after it was determined that TT's patents were valid, enforceable, and infringed.

The fact that eSpeed was able to obtain a ruling that it did not engage in willful infringement, as well as a finding of non-infringement for some products, does not deprive TT of prevailing party status. Federal Circuit case law on this point explicitly states that a party may prevail on some issues, but not others, and still be considered the prevailing party. *See, e.g., Kemin Foods, L.C. v.*

6

*Pigmentos Vegetales Del Centro S.A. de C.V.*, 464 F.3d 1339, 1347 (Fed. Cir. 2006) (affirming the district court's holding that plaintiff was the prevailing party because plaintiff received a damage award and injunction after prevailing on one of its two infringement claims, as well as defendant's invalidity and unenforceability claims). Accordingly, we find that TT is the prevailing party.

As the prevailing party, TT enjoys the "strong presumption" that it will recover costs. *Weeks*, 126 F.3d at 944-45. eSpeed has not made the case that either of the limited bases to overcome that strong presumption – misconduct by the prevailing party or inability of the losing party to pay – applies here. We therefore deny eSpeed's motion to strike TT's bill of costs.

## II.

As part of its opposition to TT's bill of costs, eSpeed originally argued that any consideration of costs should be stayed pending the conclusion of eSpeed's appeal in the Federal Circuit. In an order dated February 2, 2009, Judge Moran granted the request to stay "until the resolution of the pending appeal" (doc. # 1305). That appeal now has been decided, and the case has been returned to the district court. We therefore see no basis to continue to defer ruling on the bill of costs.

We recognize that there are currently proceedings in the district court that may lead to a further appeal. In a report and recommendation dated September 8, 2010 (doc. # 1341), this Court recommended that the district judge enter a corrected final judgment order, pursuant to Federal Rule of Civil Procedure 60(a), to reflect the jury verdict and the damages award of $2,539,469.00 (as remitted), *nunc pro tunc* to May 22, 2008. In the same report, the Court recommended that the district judge deny plaintiff's motion for sanctions and for a mandatory injunction to enforce the money judgment. Both sides have objected to this Court's report and recommendation, and those

objections are fully briefed and awaiting ruling by the district judge. Perhaps one (or both) parties will appeal from the district judge's decision.

But, that future potentiality does not warrant continuing to defer ruling on a bill of costs that is now well over two years old. Moreover, we take this opportunity to express this Court's view that if there are further appeals, they would not warrant any further delay in adjudicating plaintiff's bill of costs. A party dissatisfied with the ruling on the bill of costs may exercise its right to seek review. A further stay of a decision on the bill of costs would only needlessly delay the ultimate disposition of this case that is already more than six years old.

### III.

eSpeed next argues that this Court should exercise its discretion to deny TT's costs, either in whole or in part. The Court may only award costs that "fall into one of the categories of costs statutorily authorized for reimbursement." *Cefalu v. Village of Elk Grove*, 211 F.3d 416, 427 (7th Cir. 2000). Under 28 U.S.C. § 1920, a court may tax the following expenses as costs: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of papers necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses and costs of special interpretative services under 28 U.S.C. § 1828. The award of costs to a prevailing party depends on whether the expenses sought are "reasonable in amount and necessity." *McCabe v. City of Chicago*, 593 F. Supp. 665, 669 (N.D. Ill. 1984). Costs incurred merely for the convenience of the prevailing party may not be recovered. *Barber*, 7 F.3d at 645. The prevailing

8

party has the "burden of demonstrating the amount of its recoverable costs." *Telular Corp. v. Mentor Graphics Corp.*, 2006 WL 1722375, at *1 (N.D. Ill. June 16, 2006).

We emphasize that the burden of proof is not a mere formality. Rather, the burden of proof gives teeth to the requirement that before a prevailing party may require its adversary to pay costs, the prevailing party must prove – with evidence and not merely with *ipse dixit* statements – that the costs were actually incurred, were reasonable in amount, and were necessary. Where there is a failure of proof, the party who has failed to carry its burden bears the consequences. Thus, where TT has failed to substantiate that all of the costs it claims within a certain category were necessary and reasonable, we reduce the costs to the level supported by TT's proof – even if that is zero. We see no reason that TT should potentially receive an award of costs greater than is warranted because of its failure to discharge its burden of proof. We take the burden of proof seriously; TT should do so as well.

Applying these standards, we address the following items of costs challenged by defendants: (A) witness fees, (B) fees of the court reporter, (C) printing fees, (D) copying and exemplification fees, (E) interpreter fees, and (F) fees for summons and subpoenas. Following our determination of what costs are recoverable, we will address eSpeed's argument that costs "relating directly" to issues upon which eSpeed prevailed should be subtracted from TT's award (*See* Def.'s Obj. at 15, 22, 23).

### A.

In the original bill of costs, TT seeks $24,927.27 in travel, attendance, and subsistence costs for witnesses (Bill of Costs at 7). eSpeed argues that many of TT's expenses are not recoverable because TT failed to comply with statutory recovery limits and "failed to provide sufficient documentation" of its expenses (Def.'s Obj. at 4). TT responds by removing certain challenged costs

9

and providing a revised request of $20,720.40, which only addresses subsistence expenses for nights between consecutive days of attendance (Pl.'s Resp. at 4-5). In reply, eSpeed objects to TT's revised calculations for the following witnesses: (1) Dr. Mark Holder, (2) Dr. David Klasner, (3) Larry Nixon, (4) Dr. Craig Pirrong, (5) Raymond Sims, (6) Chris Thomas, and (7) Stephen Kunin. We address each objection individually, according to the witness it concerns.

### 1.

eSpeed argues that $2,771.10 in travel costs for Dr. Mark Holder's business class flight from Switzerland to Chicago are not recoverable because: (1) Dr. Holder's flight from Switzerland was not the "shortest route" from his Ohio residence, and (2) Dr. Holder's business class ticket was not purchased at the "most economical rate" (Def.'s Obj. at 4-5). In response, TT argues that Dr. Holder had to fly in from Switzerland because, at the time of the trial, he "was attending the annual meeting of the Swiss Futures and Options Association" (Pl.'s Resp. at 5). TT also argues that the cost of Dr. Holder's seat was consistent with comparable coach class flights from Europe (*Id.*).

A party may only recover travel costs "to and from [the] witness's residence" and the place of attendance "by the shortest practical route." 28 U.S.C. 1821(c)(1). Further, the party must demonstrate that the witness "utilize[d] a common carrier at the most economical rate reasonably available," by furnishing a "receipt or other evidence of actual cost." *Id.*

Since Dr. Holder lives in Ohio, his flight from Switzerland to Chicago was clearly not the "shortest practical route" from his residence to the trial. Further, although TT argues that Dr. Holder's business class flight was comparable in price to coach class flights, TT provides no

10

evidence to substantiate that assertion. Consequently, we deny $2,771.10 in costs for Dr. Holder's flight from Switzerland.[1]

In eSpeed's reply, eSpeed also argues that TT cannot recover $125.40 in costs for Dr. Holder's flight on Southwest Airlines because TT has failed to provide a receipt (Def.'s Reply at 5).[2] We note that it is improper to raise arguments for the first time in a reply because this deprives the other party of an opportunity to respond. *Marie O. v. Edgar*, 131 F.3d 610, 614 n.7 (7th Cir. 1997) (matters raised for the first time in a reply are waived). Because eSpeed failed to object to this item of costs in its original submission, eSpeed's objection is waived. Consequently, we award TT the $125.40 in costs associated with Dr. Holder's Southwest flight.

eSpeed objects to TT's request for $711.00 in subsistence costs for Dr. Holder, reflecting three days of attendance at trial using a per diem rate of $237.00 (Def.'s Obj. at 5). eSpeed argues that only $26.20 in costs for Dr. Holder's meals are recoverable because TT has failed to provide documentation for Dr. Holder's other expenses (Def.'s Obj. at 5). eSpeed further argues that, even if TT provided the proper documentation, TT can only recover costs for September 11, 2007 – the date of Dr. Holder's testimony (*Id.*). TT responds that it relied on statutory subsistence rates because

---

[1] We also are not persuaded that Dr. Holder's transatlantic flight to Chicago was necessary. On June 18, 2007, Judge Moran reset the jury trial date in TT's case from June 28, 2007, to September 10, 2007 (doc. # 704). TT provides no explanation for its failure to schedule around Dr. Holder's commitment abroad, though TT was given nearly three months' notice of the trial. The record shows that Dr. Holder had been previously deposed on July 12, 2007, and his deposition was preserved by video-recording (*See* Bill of Costs Ex. 2). Even if rescheduling Dr. Holder's testimony had been impossible, TT has provided no explanation for why the video-recording of Dr. Holder's deposition – which was taken at a time when TT knew of the September 2007 trial date – could not have been submitted in lieu of his in-court testimony.

[2] TT's invoice does not specify the departure or arrival location for Dr. Holder's Southwest flight (*See* Def.'s Obj., Ex. 3).

11

"Dr. Holder's room, board, and transportation far exceeded the statutory limits" (Pl.'s Resp. at 5).[3] TT argues that Dr. Holder's subsistence expenses are not limited to the day on which he testified, but may be applied to any days he attended trial for "reasons related to his own testimony" (*Id.*). For unexplained reasons, TT appears to have reduced its request for Dr. Holder's subsistence costs to $474.00 (Pl.'s Resp., Ex. A).

Subsistence costs for witnesses are recoverable when "an overnight stay is required at the place of attendance because such place is so far removed from the residence of such witness as to prohibit return thereto from day to day." 28 U.S.C. 1821(d)(1). A subsistence allowance for a witness "shall be paid in an amount not to exceed the maximum per diem allowance" set by the General Services Administration. 28 U.S.C. 1821(d)(2). Thus, "the amount taxable is the amount actually paid or the statutorily defined amount, whichever is less." *Independence Tube Corp. v. Copperweld Corp.*, 543 F.Supp. 706, 721 (N. D. Ill. 1982). At the time of the trial, the maximum per diem allowance was $237.00.[4] Witnesses are also entitled to a $40.00 per day attendance fee. 28. U.S.C. 1821(b).

TT has failed to support its request for Dr. Holder's subsistence costs with any documentation of his actual expenses. As a result, TT has failed to provide a proper basis for the Court to ascertain whether TT is entitled to recover the maximum statutory rate for Dr. Holder's attendance. Consequently, we deny $447.80 in undocumented subsistence costs for Dr. Holder. We award the documented $26.20 for Dr. Holder's meals (*see* Def.'s Obj. Ex. 3, Invoice No. 172646)

---

[3] TT claims to have attached as Exhibit A to its response brief "a sample page from the hotel bill for TT during the trial . . . [that] shows the lowest daily rate incurred for witness rooms by TT during the trial was $279/night" (Pl.'s Resp at 4). However, there is no such document in TT's Exhibit A, or any other part of TT's submission.

[4] The maximum per diem rate of $237.00 for Cook and Lake Counties during the fiscal year 2007 can be found at http://www.gsa.gov/portal/category/100120.